ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

THE CITY OF NEW YORK,

                      Plaintiff,

       -against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Demand Vape, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES LLC, d/b/a Hydevapeofficial.com, CHRISTIAN A. SMITH,

                      Defendants.

------------------------------------------------------------------x

Civil Action No. 23-5880 (LLS)

USDC —NY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/23

## ORDER ON CONSENT

**WHEREAS,** the City of New York (the "City") on July 10, 2023, commenced an action against, among other defendants, Star Vape Corp. ("Star Vape") and Nabil Hassen ("Hassen") captioned *The City of New York v. Magellan Technology, Inc.*, Civ. No. 23-5880 (LLS) (S.D.N.Y.) (the "Action");

**WHEREAS,** on or about July 13, 2023, Star Vape and Hassen were each duly served with the summons and complaint, and were subsequently served via the electronic court filing system with the amended complaint ("Amended Complaint");

**WHEREAS,** the Amended Complaint sets forth allegations by the City, *inter alia*, that Star Vape and Hassen, among other defendants, have violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375 *et seq.* through the sale of "electronic nicotine delivery systems" ("ENDs") as that term is defined in 15 U.S.C. § 375(7);

**WHEREAS,** the Amended Complaint sets forth allegations by the City that Star Vape and Hassen, among other defendants, are liable under the RICO statute, 18 U.S.C. § 1961 *et seq.* for certain PACT Act violations;

**WHEREAS,** the Amended Complaint sets forth allegations by the City that Star Vape and Hassen, among other defendants, have violated New York State Public Health Law § 1399-*ll* by shipping or causing to be shipped to persons unauthorized to receive "vapor products," as defined

by that statute that are intended or reasonably expected to be used with or for the consumption of nicotine;

**WHEREAS,** the Amended Complaint sets forth allegations by the City that Star Vape and Hassen, among other defendants, have violated the New York City Administrative Code ("Ad. Code") § 17-715 b. 1. by selling, offering to sell, or possessing with intent to sell or offer for sale, any "flavored electronic cigarette or flavored e-liquid" as those terms are defined by the Ad Code;

**WHEREAS,** the Amended Complaint sets forth allegations by the City that Star Vape and Hassen, among other defendants, are responsible in part for creating and continuing a common law public nuisance;

**WHEREAS,** Star Vape and Nabil Hassen agree to enter into this Consent Decree to provide the relief specified herein;

**WHEREAS,** the Parties recognize, and the Court by entering this Consent Decree so finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest;

**WHEREAS,** the time for Star Vape and Hassen to answer or otherwise respond to the Amended Complaint has not yet run;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned Parties, as follows:

## DEFINITIONS

1. For purposes of this Consent Order:

    a. *Electronic nicotine delivery system.* The term "electronic nicotine delivery system" shall have the meaning set forth in 15 U.S.C. § 315(7).

    b. *E-cigarette.* The term "e-cigarette" shall have the meaning set forth in N.Y. Pub. Hlth. L. § 1399-aa.

    c. *Vapor products.* The term "vapor products" shall have the meaning set forth in N.Y. Pub. Hlth. L. § 1399-aa.

    d. *Characterizing flavor, flavored e-liquid and flavored e-cigarette.* The terms "characterizing flavor," "flavored e-liquids" or "flavored e-cigarette" shall have the meaning set forth in the New York City Administrative Code § 17-713.

    e. *Parties.* The term the "Parties" shall mean collectively the City, Star Vape Corp. and Nabil Hassen.

  f. *Star Vape.* The term "Star Vape" shall mean collectively Star Vape Corp., Nabil Hassen, Issam Hassen and Yousef Hassen and/or any owners of Star Vape.

  g. *Nabil Hassen.* The name "Nabil Hassen" shall refer to the individual sued herein under the name Nabil Hassen and to any alias used by Nabil Hassen.

  h. *Sales Documentation.* The term "Sales Documentation" shall mean purchase orders, sales invoices or similar documentation evidencing purchases or sales by Star Vape of any flavored electronic cigarette, flavored e-liquid, vapor product or electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor.

2. Upon issuance of this order, Star Vape and/or Nabil Hassen shall within the confines of the City cease to participate in, directly or through an agent, proxy, or affiliate, any and all transactions of any kind involving any flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor.

3. Upon issuance of this order, Star Vape and/or Nabil Hassen shall within the confines of the City cease to obtain any revenue for any person, directly or through an agent, proxy, or affiliate, from any and all transactions of any kind involving any flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor.

4. Notwithstanding Paragraphs 2 and 3, Star Vape and/or Nabil Hassen shall have sixty (60) days from issuance of this order to transport all flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor from the City to a location outside the City and for no other purpose.

5. Upon issuance of this order, outside the confines of the City, Star Vape and/or Nabil Hassen shall not either directly or through an agent, proxy, or affiliate, obtain any revenue for any person from any transaction intended to transport or deliver into the City any flavored electronic cigarette, flavored e-liquid, vapor product or electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor.

6. Upon issuance of this order, outside the confines of the City, Star Vape and/or Nabil Hassen shall not either directly or through an agent, proxy, or affiliate, participate in any transaction intended to transport or deliver into the City any flavored electronic cigarette, flavored e-liquid, vapor product or electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor.

7. Star Vape shall provide to counsel for the City, on a rolling basis as set forth below, copies of Sales Documentation in its possession dated between September 14, 2020 and September 14, 2023 reflecting or evidencing:

   a. Purchases by Star Vape from any source of any flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or device using a characterizing flavor.

   b. Sales by Star Vape to its customers with a business address located in the City of any flavored electronic cigarette, flavored e-liquid, flavored vapor product, or flavored electronic nicotine delivery system or device using a characterizing flavor.

8. The documentation set forth in paragraph 7(a) shall be provided by Star Vape on a rolling basis starting thirty (30) days following the issuance of this Order and within ninety (90) days following the issuance of this Order. The documentation set forth in paragraph 7(b) shall be provided by Star Vape on a rolling basis starting forty-five (45) days following the issuance of this Order and within one hundred twenty (120) days following the issuance of this Order. The Parties shall work together to mutually modify this timeline as reasonably necessary.

9. To assure compliance with this order, within sixty (60) days of the issuance of this Order, Star Vape agrees to provide the office of the New York City Sheriff with a list of locations in the City at which it maintains inventory of any kind. For a period of one year, beginning sixty (60) days following the issuance of this Order, Star Vape agrees to permit unannounced inspections of the listed locations and any other locations in the City reasonably believed by the Sheriff to contain inventory of flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or device using a characterizing flavor. To offset the City's cost of those inspections, the City will charge an hourly rate of $300 per hour for the duration of each inspection. The City shall issue Star Vape an invoice for the amount of each inspection within thirty (30) days of such inspection, which Star Vape shall pay within fifteen (15 days) after receipt of such invoice.

10. Within five (5) days of execution of the Order by the Parties, (1) The City's counsel shall submit the Order to the Court with a request that the Court so order it; and (2) Star Vape and Nabil Hassen shall take steps to begin performance of the obligations set out herein.

11. Within five (5) days following the "So Ordering" by the Court, the Parties shall execute and the City shall file with the Court a Stipulation of Dismissal of the Action as against Star Vape and Nabil Hassen with prejudice, with all costs and rights of appeal to be waived by the Parties. The Parties shall take all necessary steps to obtain Court approval of this Order. If the Court denies the request to "So Order" the Settlement, the Settlement shall be deemed null and void.

12. The Court shall retain jurisdiction over the Parties for the sole purpose of enforcing the terms of the Order.

13. The Parties agree that the sole purpose of this Order on Consent is to resolve the allegations of the Amended Complaint in the Action and for no other purpose.

14. By consenting to this Order, Star Vape and Nabil Hassen do not admit any fault or liability related to allegations and causes of action in the Amended Complaint.

Dated: October 16, 2023
       New York, New York

HON. SYLVIA O. HINDS-RADIX
    Corporation Counsel of the
      City of New York
    *Attorneys for Plaintiff The City of*
    *New York*
    100 Church Street, Rm. 20-099
    New York, New York 10007
    (212) 356-2032

By: _____
Eric Proshansky
Elizabeth Slater
Assistant Corporation Counsels

Nabil Hassen
Star Vape Corp
283 67th Street
Brooklyn, New York 11220
(917) 588-1139

By: _____
Nabil Hassen
On behalf of Star Vape and
Individually


So Ordered: _____Louis L. Stanton_____    Oct. 19, 2023
            Hon. Louis L. Stanton
            United State District Judge