ORIGINAL

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 11/7/23 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE CITY OF NEW YORK,

        Plaintiff,

      -against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Demand Vape, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES LLC, d/b/a Hydevapeofficial.com, CHRISTIAN A. SMITH,

        Defendants.

-----------------------------------------------------------------x

Civil Action No. 23-5880 (LLS)

## ORDER ON CONSENT

**WHEREAS,** the City of New York (the "City") on July 10, 2023, commenced an action against, among other defendants, Dorbes LLC ("Dorbes") and Christian A. Smith ("Smith"), captioned *The City of New York v. Magellan Technology, Inc.*, Civ. No. 23-5880 (LLS) (S.D.N.Y.) (the "Action");

**WHEREAS,** on or about October 18, 2023, Dorbes and Smith accepted service of the amended summons and amended complaint ("Amended Complaint") that added them as defendants in the Action;

**WHEREAS,** the Amended Complaint sets forth allegations by the City, *inter alia*, that Dorbes and Smith, among other defendants, have violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375 *et seq.* through the sale of "electronic nicotine delivery systems" ("ENDs") as that term is defined in 15 U.S.C. § 375(7);

**WHEREAS,** the Amended Complaint sets forth allegations by the City that Dorbes and Smith, among other defendants, are liable under the RICO statute, 18 U.S.C. § 1961 *et seq.* for certain PACT Act violations;

**WHEREAS,** the Amended Complaint sets forth allegations by the City that Dorbes and Smith, among other defendants, have violated New York State Public Health Law § 1399-*ll* by shipping or causing to be shipped to persons unauthorized to receive "vapor products," as defined

1290.0001\ASG
4857-6573-1976 .v1

by that statute that are intended or reasonably expected to be used with or for the consumption of nicotine;

**WHEREAS**, the Amended Complaint sets forth allegations by the City that Dorbes and Smith, among other defendants, have violated the New York City Administrative Code ("Ad. Code") § 17-715 (b) 1 by selling, offering to sell, or possessing with intent to sell or offer for sale, any "flavored electronic cigarette or flavored e-liquid" as those terms are defined by the Ad. Code.

**WHEREAS**, the Amended Complaint sets forth allegations by the City that Dorbes and Smith, among other defendants, are responsible in part for creating and continuing a common law public nuisance;

**WHEREAS**, without admitting liability or any of the facts alleged in the Amended Complaint, Dorbes and Smith agree to enter into this Consent Decree to provide the relief specified herein;

**WHEREAS**, the Parties recognize, and the Court by entering this Consent Decree so finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

**WHEREAS**, the time for Dorbes and Smith to answer or otherwise respond to the Amended Complaint has not yet run;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, as follows:

### DEFINITIONS

1. For purposes of this Consent Order:

    a. *Electronic nicotine delivery system.* The term "electronic nicotine delivery system" shall have the meaning set forth in 15 U.S.C. § 315(7).

    b. *E-cigarette.* The term "e-cigarette" shall have the meaning set forth in N.Y. Pub. Hlth. L. § 1399-aa.

    c. *Vapor products.* The term "vapor products" shall have the meaning set forth in N.Y. Pub. Hlth. L. § 1399-aa.

    d. *Characterizing flavor, flavored e-liquid and flavored e-cigarette.* The terms "characterizing flavor," "flavored e-liquids" or "flavored e-cigarette" shall have the meaning set forth in Ad. Code § 17-713.

    e. *Parties.* The term the "Parties" shall mean collectively the City, Dorbes LLC and Christian A. Smith.

1290.0001\ASG
4857-6573-1976 .v1

      f.    *Dorbes.* The term "Dorbes" shall mean collectively Dorbes LLC and Christian A. Smith and/or any owners of Dorbes.

      g.    *Christian A. Smith.* The name "Christian A. Smith" shall refer to the individual sued herein under the name Christian A. Smith and to any alias used by Christian A. Smith.

      h.    *Sales Documentation.* The term "Sales Documentation" shall mean purchase orders, sales invoices or similar documentation evidencing purchases or sales by Dorbes of any flavored electronic cigarette, flavored e-liquid, vapor product or electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor.

      i.    *Effective Date.* The term "Effective Date" shall mean the date this order is signed by the City of New York, Dorbes, and Christian A. Smith.

2. On and after the Effective Date, Dorbes and/or Christian A. Smith shall cease to participate, directly or through an agent, proxy, or affiliate, in any and all transactions of any kind involving any flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor intended to be delivered into the City of New York or to a person known to Dorbes and/or Smith to be a resident of the City of New York;

3. On and after the Effective Date, Dorbes and/or Christian A. Smith shall not obtain any revenue, directly or through an agent, proxy, or affiliate, from any and all transactions of any kind involving any flavored electronic cigarette, flavored e-liquid, flavored vapor product or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor intended to be delivered into the City of New York or to a person known to Dorbes and/or Smith to be a resident of the City of New York;

4. On and after the Effective Date, Dorbes and/or Christian A. Smith shall not either directly or through an agent, proxy, or affiliate, obtain any revenue for any person from any transaction intended to transport or deliver into New York City the City any flavored electronic cigarette, flavored e-liquid, vapor product or electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product or electronic nicotine delivery system using a characterizing flavor intended to be delivered into the City of New York or to a person known to Dorbes and/or Smith to be a resident of the City of New York;

5. The Court shall retain jurisdiction over the Parties for the sole purpose of enforcing the terms of the Order.

6. The Parties agree that the sole purpose of this Order on Consent is to resolve the allegations of the Amended Complaint in the Action and for no other purpose.

1290.0001\ASG
4857-6573-1976 .v1

7. By consenting to this Order, Dorbes and Christian A. Smith do not admit any fault or liability related to allegations and causes of action in the Amended Complaint.

Dated: October __19__, 2023
   New York, New York

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
   City of New York
*Attorneys for Plaintiff The City of New York*
100 Church Street, Rm. 20-099
New York, New York 10007
(212) 356-2032

By: _____
Eric Proshansky
Elizabeth Slater
Assistant Corporation Counsels

**CHRISTIAN A. SMITH**
**DORBES LLC**

By: _____  10/24/23
Christian A. Smith

So Ordered: ___Louis L. Stanton___
            Hon. Louis L. Stanton
            United State District Judge    11/6/23

1290.0001\ASG
4857-6573-1976 .v1