UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X:
The City of New York,                                  :
                                                       :
            Plaintiff,                        :
                                                       :
    -against-                                        :
                                                       :  Case No. 1:23-cv-05880-LLS-OTW
Magellan Technology, Inc., et al.,                     :
                                                       :
            Defendants.                       :
                                                       :
------------------------------------------------------ X


**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DONALD HASHAGEN'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**


                      Eric N. Heyer (admitted *pro hac vice*)
                      Joseph A. Smith (admitted *pro hac vice*)
                      Anna Stressenger (admitted *pro hac vice*)
                      THOMPSON HINE LLP
                      1919 M Street, N.W., Suite 700
                      Washington, DC 20036
                      Phone: 202.331.8800

                      Richard De Palma
                      THOMPSON HINE LLP
                      300 Madison Avenue
                      27th Floor
                      New York, NY 10017
                      Phone: 212.908.3969

                      *Counsel for Defendant Donald Hashagen*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ................................................................................................................................... 4

    I.    Title 18 U.S.C. § 1965(b) Does Not Provide a Basis for Personal Jurisdiction Over Hashagen .................................................................................................................... 4

    II.   The City Has Not Pled Either a *Prima Facie* Case of Personal Jurisdiction Over Hashagen Under C.P.L.R. § 302(a)(1), Nor Sufficient Facts to Justify Jurisdictional Discovery .................................................................................................................... 5

        A.    The City Is Required to Plead a *Prima Face* Case of Personal Jurisdiction Over Hashagen or, At Minimum, to Allege Facts Sufficient to Articulate a Colorable Basis for Jurisdiction to Pursue Jurisdictional Discovery ........................................ 6

        B.    The City Fails to Satisfy Its Burden of Pleading a *Prima Face* Case or Establishing Even a "Colorable" Basis to Believe that the Court Might Have Personal Jurisdiction Over Hashagen ................................................................... 7

            1.    The City fails to establish that Firmitas or Magellan acted as Hashagen's agent in New York. ........................................................................................ 8

            2.    The City fails to establish that Hashagen directed any of Firmitas' or Magellan's business activities in New York that gave rise to the City's claims. .......................................................................................................... 11

CONCLUSION ............................................................................................................................. 13

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*B&R Supermarket, Inc. v. Mastercard Int'l, Inc.*,
  Case No. 17-cv-02738, 2018 U.S. Dist. LEXIS 158979 (E.D.N.Y. Sept. 18,
  2018) ...................................................................................................................................3

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)................................................................................................12

*Chang Yan Chen v. Lilis 200 West 57th Corp.*,
  Case No. 19-cv-7654, 2020 U.S. Dist. LEXIS 244695 (S.D.N.Y. Dec. 30,
  2020) ...................................................................................................................................3

*Fire & Police Pension Ass'n v. Bank of Montreal*,
  368 F. Supp. 3d 681 (S.D.N.Y. 2019)..................................................................................4

*Hau Yin To v. HSBC Holdings, PLC*,
  700 Fed. Appx. 66 (2d Cir. 2017).............................................................................8, 10, 12

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)................................................................................................12

*Karabu Corp. v Gitner*,
  16 F. Supp. 2d 319 (S.D.N.Y. 1998)...........................................................................8, 9, 11

*Kinetic Instruments v. Lares*,
  802 F. Supp. 976 (S.D.N.Y. 1992) .....................................................................................10

*LeBlanc v. Cleveland*,
  198 F.3d 353 (2d Cir. 1999).................................................................................................6

*Leon v. Shmukler*,
  992 F. Supp. 2d 179 (E.D.N.Y. 2014) .................................................................................6

*Nelson A. Taylor Co., Inc. v. Technology Dynamics Grp. Inc.*,
  Case No. 95-cv-0431, 1997 U.S. Dist. LEXIS 4606, 1997 WL 176325
  (N.D.N.Y. Apr. 7, 1997) ....................................................................................................11

*O'Neil v. Asat Tr. Reg. (In re Terrorist Attacks on September 11, 2001)*,
  714 F.3d 659 (2d Cir. 2013).................................................................................................6

*Ontel Prods., Inc. v. Project Strategies Corp.*,
  899 F. Supp. 1144 (S.D.N.Y. 1995)......................................................................................8

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010)..................................................................................................6

*Phoenix Consulting, Inc. v. Republic of Angola*,
    216 F.3d 36 (D.C. Cir. 2000).............................................................................................6, 7

*Pilates, Inc. v. Current Concepts*,
    Case No. 96-cv-0043, 1996 U.S. Dist. LEXIS 15415, 1996 WL 599654
    (S.D.N.Y. Oct. 18, 1996) ....................................................................................................10

*Retail Software Servs. Inc. v. Lashlee*,
    854 F.2d 18 (2d Cir. 1988)..................................................................................................11

*Sterling Interiors Group, Inc. v. Haworth, Inc.*,
    Case No. 94-cv-9216, 1996 U.S. Dist. LEXIS 10756, 1996 WL 426379
    (S.D.N.Y. July 30, 1996) ...............................................................................................11, 12

*Wade Park Land Holdings, LLC v. Kalikow*,
    589 F. Supp. 3d 355 (S.D.N.Y. 2022)..................................................................................4

**Statutes**

18 U.S.C. § 1965(b) .........................................................................................................1, 4, 5, 8

N.Y. C.P.L.R. § 302(a)(1)............................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 9(b).....................................................................................1, 4, 5

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................4

**INTRODUCTION**

Neither 18 U.S.C. § 1965(b) nor N.Y. C.P.L.R. § 302(a)(1) supports this Court's exercise of personal jurisdiction over Defendant Donald Hashagen. As explained below, 18 U.S.C. § 1965(b) does not provide a basis for personal jurisdiction because the City utterly fails to plead a plausible RICO Act violation against Hashagen under the heightened pleading standard established by Federal Rule of Civil Procedure 9(b). Without a plausible RICO Act claim, there is no basis for the Court to exercise jurisdiction over Hashagen under Section 1965(b).

Nor does the City plead a *prima facie* case for personal jurisdiction under C.P.L.R. § 302(a)(1), or even a "colorable" basis to believe that jurisdiction might exist if the City could develop additional facts through jurisdictional discovery. As demonstrated by the declarations of Hashagen and Defendant Matthew Glauser, Hashagen has never had any role in the business of Defendant Magellan Technologies, Inc. ("Magellan"), which itself only sells flavored e-cigarette products to its affiliate, Defendant Ecto World LLC d/b/a Demand Vape ("Demand Vape"), in Buffalo, not New York City. Instead, the sole entity in which Hashagen *has* had a role—as a W-2 employee—Firmitas Solutions, LLC ("Firmitas"), is based in Virginia, only engages in the contract manufacture and sale of bottled e-liquids to Magellan and other customers, and has never shipped any e-liquid products into New York City.

Because the City has failed to plead a *prima facie* case of personal jurisdiction against Hashagen and to allege sufficient facts to provide a colorable claim of jurisdiction, Hashagen's motion to dismiss should be granted, the City's request for jurisdictional discovery denied, and the City's claims against Hashagen dismissed with prejudice.

**PRELIMINARY STATEMENT**

In support of his motion to dismiss, Hashagen supplied a sworn declaration explaining his role as a W-2 employee and Executive Vice President of Firmitas, an entity which the City has *not*

1

named as a defendant, and his lack of any role whatsoever in the business of Defendant Magellan. *See* ECF 55.

In an attempt to create a factual dispute where none exists and bootstrap its way into jurisdictional discovery, the City notes that Hashagen was listed as Magellan's Executive Vice President, registered agent, and director in two public documents. ECF 72 at 55, 60. However, as explained in Hashagen's Supplemental Declaration submitted along with this reply memorandum, those Virginia corporate filings do not accurately reflect Hashagen's role (or, more accurately, his lack of any role) with Magellan. *See generally* Supplemental Declaration of Donald Hashagen ("Hashagen Supp. Decl.").

Through a series of clerical errors, Virginia non-stock corporation[1] articles of incorporation for Magellan—which is a New York corporation that has existed since 2012 and is based in Buffalo, New York—rather than the intended foreign qualification paperwork were filed in Virginia in 2022. *See id.*, ¶¶ 11-14. Magellan's intended foreign qualification was necessary for the limited purpose of securing a lease for Firmitas' manufacturing facility in Virginia. *See id.*, ¶¶ 7-11. Although Hashagen was not listed in the articles of incorporation, he was erroneously listed as Magellan's "Executive Vice President" on an annual report that was later filed with the Virginia State Corporation Commission. *See id.*, ¶¶ 14-16. On August 17, 2023, after those errors came to light, Hashagen approved articles of dissolution and termination to be filed for the Magellan entity that should have never been "formed" in Virginia. *Id.*, ¶ 18.

---

[1] In Virginia, nonstock corporations are typically formed for non-profit purposes, such as religious organizations, clubs, and charitable organizations. Virginia Code § 13.1-814 provides that no dividend or income of a nonstock corporation may generally be distributed to its directors, officers, or individual members.

2

Despite being erroneously listed as Magellan's Executive Vice President in the documents filed with Virginia's State Corporation Commission, Hashagen never held any role, formal or informal, and never possessed control or authority over, Magellan. ECF 55, ¶ 14; Hashagen Supp. Decl., ¶¶ 19-20. Moreover, Firmitas, a contract manufacturer of bottled e-liquids, has never manufactured any e-liquids for use in any HYDE disposable e-cigarettes sold by Magellan. Hashagen Supp. Decl., ¶ 21.[2]

In any event, even without Hashagen's explanatory supplemental declaration, the mere fact that corporate records in Virginia listed Hashagen as executive vice president, registered agent, and director of an entity named Magellan Technology, Inc. does not conclusively establish that this entity was the same as the New York corporation, nor that Hashagen actually held any of these roles with the New York corporation. *See*, *e.g.*, *Chang Yan Chen v. Lilis 200 West 57th Corp.*, Case No. 19-cv-7654, 2020 U.S. Dist. LEXIS 244695, **11-12 (S.D.N.Y. Dec. 30, 2020) ("In taking judicial notice of documents in the public record at the motion to dismiss stage . . . the district court is to consider the documents 'only to establish their existence and legal effect, or to determine what statements [they] contained . . . not for the truth of the matters asserted.'") (quoting *Liang v. City of New York*, Case No. 10-cv-3089, 2013 U.S. Dist. LEXIS 136795, *18 (E.D.N.Y. Sept. 18, 2013)); *B&R Supermarket, Inc. v. Mastercard Int'l, Inc.*, Case No. 17-cv-02738, 2018 U.S. Dist. LEXIS 158979, *20 (E.D.N.Y. Sept. 18, 2018) ("If the court takes judicial notice of a document, it does do for its existence, 'but not for the truth of the matter asserted.'") (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

---

[2] Most of the foregoing facts are not new to the City's counsel. Rather, they were included in a declaration from Hashagen that the undersigned submitted to the City's counsel on July 21, 2023, *before* the City filed its Amended Complaint retaining its baseless claims against Hashagen.

**ARGUMENT**

**I.    Title 18 U.S.C. § 1965(b) Does Not Provide a Basis for Personal Jurisdiction Over Hashagen**

Title 18 U.S.C. § 1965(b), which authorizes nationwide service of process for RICO claims, does not provide a basis for the Court to exercise personal jurisdiction over Hashagen. As Hashagen noted in his memorandum supporting his motion to dismiss, ECF 56 at 6-8, such an exercise of personal jurisdiction would not comport with due process because the City's RICO claims against Hashagen cannot withstand a Rule 12(b)(6) motion to dismiss. *See Fire & Police Pension Ass'n v. Bank of Montreal*, 368 F. Supp. 3d 681, 694 (S.D.N.Y. 2019) ("Only if the allegations in the complaint state a viable RICO claim would it be proper to exercise ends of justice RICO jurisdiction."). Along with the arguments in support of the motion to dismiss for failure to state a claim advanced by Magellan, Demand Vape, and Glauser, which Hashagen also adopts and incorporates by reference, the City fails to allege any specific factual allegations as to how Hashagen supposedly participated in RICO Act violations or a RICO conspiracy. The City instead makes only a single conclusory allegation as to Hashagen:

> Donald Hashagen . . . [and the other individual defendants] have each been a "person" associated with or a member of one or more of Magellan, Demand Vape, Empire Vape, Star Vape, or the FDV Enterprise. Each Individual Defendant has operated or managed one or more of Magellan, Demand Vape, Empire Vape, Star Vape, Dorbes, and/or the FDV Enterprise through a pattern of racketeering activity.

ECF 20 at ¶ 130.

This single allegation devoid of supporting facts falls far short of the requirement under Rule 9(b) of the Federal Rules of Civil Procedure that the City plead its RICO claims against Hashagen with particularity. *See, e.g.*, *Wade Park Land Holdings, LLC v. Kalikow*, 589 F. Supp. 3d 355, 378 (S.D.N.Y. 2022) (observing that, in a RICO Act case, "[t]he elements of mail and wire fraud must be pleaded with particularity"). Because the City fails to plead a plausible RICO Act

4

claim against Hashagen, 18 U.S.C. § 1965(b) provides no basis for the Court to exercise personal jurisdiction over him.

The City ignores this fatal pleading defect entirely, instead claiming, again in conclusory fashion, that "[b]ecause the City has plausibly alleged RICO claims the Hyde Defendants, who as New York entities cannot dispute personal jurisdiction, . . . Hashagen is subject to personal jurisdiction in New York." ECF 72 at 55. This statement is, first, incorrect insomuch as the City itself defines the "Hyde Defendants" as including Hashagen. *See* ECF 72 at 1 (defining the "Hyde Defendants" as including Hashagen, Magellan, Ecto World LLC d/b/a Demand Vape, and Matthew J. Glauser). Second, the statement is incorrect insomuch as the City has failed to plead plausible RICO claims against Magellan, Demand Vape, and Glauser. *See* ECF 53 at 14-22. Third, and most importantly, the City's opposition says nothing further about its failure to plead a RICO claim *against Hashagen himself* that satisfies the Rule 9(b) pleading standard. Rather the City merely goes on to incorrectly assert that because the other "Hyde Defendants" are based in New York and the Court has personal jurisdiction over them, it must have jurisdiction over Hashagen as well. ECF 72 at 56. In this respect, the City's silence speaks volumes; the City has not, and cannot, plead a plausible claim for a RICO Act violation against Hashagen and so the Court cannot exercise personal jurisdiction over him pursuant to 18 U.S.C. § 1965(b).

**II.    The City Has Not Pled Either a *Prima Facie* Case of Personal Jurisdiction Over Hashagen Under C.P.L.R. § 302(a)(1), Nor Sufficient Facts to Justify Jurisdictional Discovery**

Its failure to plead a plausible RICO Act violation against Hashagen having fatally undermined the City's claim to personal jurisdiction under 18 U.S.C. § 1965(b), the City alternatively suggests that personal jurisdiction exists under C.P.L.R. § 302(a)(1) or that the City is entitled to jurisdictional discovery to prove as much. These alternative positions fare no better. The City fails to allege sufficient facts to make a *prima facie* case for jurisdiction against Hashagen

or even facts sufficient to support a colorable claim of jurisdiction such as would justify jurisdictional discovery.

> A. **The City Is Required to Plead a *Prima Face* Case of Personal Jurisdiction Over Hashagen or, At Minimum, to Allege Facts Sufficient to Articulate a Colorable Basis for Jurisdiction to Pursue Jurisdictional Discovery**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists. *O'Neil v. Asat Tr. Reg. (In re Terrorist Attacks on September 11, 2001)*, 714 F.3d 659, 673 (2d Cir. 2013). A *prima facie* showing requires "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks and citation omitted).

Where a plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order jurisdictional discovery, in its discretion, if the court concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record. *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003)). However, courts only grant jurisdictional discovery where "the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction[,] facts that would support a colorable claim of jurisdiction." *Id*. at 195 (quoting *Ayyash v. Bank Al-Madina*, Case No. 04-cv-9201, 2006 U.S. Dist. LEXIS 9677, 2006 WL 587342, at *5 (S.D.N.Y. Mar. 9, 2006)).

Where jurisdictional facts are placed in dispute, the court may resolve issues of fact by reference to affidavits and other evidence outside the pleadings. *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999). And, when a defendant "challenges the factual basis of the court's jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." *Phoenix Consulting, Inc. v. Republic of*

6

*Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (quoted in *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). Rather, the court must "go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Id*. (quoted in *Potter*, 343 F.3d at 627).

Here, as explained below, the City's Amended Complaint fails to allege a *prima facie* case for personal jurisdiction over Hashagen because its allegations amount to a single conclusory statement devoid of sufficient supporting facts. And, even accounting for the City's allegations in its opposition based on public records filed in the Commonwealth of Virginia, the City has not alleged facts sufficient to support a colorable claim of jurisdiction, particularly given the affidavits of Defendants Hashagen and Glauser that clarify that Hashagen had no involvement whatsoever in the conduct—the sale of flavored electronic cigarettes in New York City—that forms the basis for the City's claims.

**B.     The City Fails to Satisfy Its Burden of Pleading a *Prima Face* Case or Establishing Even a "Colorable" Basis to Believe that the Court Might Have Personal Jurisdiction Over Hashagen**

New York C.P.L.R. § 302(a)(1), a provision of the State's long-arm statute, provides that New York courts "may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the State or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Here, the City does not allege that Hashagen personally transacted any business "within the state" or personally contracted "to supply goods or services in the state," nor could it, as Hashagen's sworn declaration confirms that he does not own a business in New York, has never worked in New York, and has not even set foot in New York in over three years. *See* ECF 55 at ¶ 3. Instead, the City claims that it articulates a "colorable basis" for personal jurisdiction over Hashagen pursuant to an agency theory "because Firmitas (and perhaps Magellan) acted as Hashagen's agents when conducting activities in New York."

7

ECF 72 at 58. As explained below, however, the City's claim to entitlement to jurisdictional discovery is just as weak as its deficient claim to jurisdiction under 18 U.S.C. § 1965(b).

The test for nonresident jurisdiction through an agent under Section 302(a)(1) requires a plaintiff to show that: (1) the defendant, through an agent, transacted business within the State; and (2) the claim(s) asserted arise from the same business activity that forms the basis for jurisdiction. *See Karabu Corp. v Gitner*, 16 F. Supp. 2d 319, 322 (S.D.N.Y. 1998) (explaining that suing a nonresident officer based solely on their title, and absent any good faith basis for believing that they personally participated in the conduct underlying the plaintiff's lawsuit, will not confer jurisdiction under a theory of agency); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1148 (S.D.N.Y. 1995) ("[Plaintiff] cannot obtain personal jurisdiction over [defendant] based solely on his position as President of [company]; instead, [plaintiff] must show that [defendant] personally took part in the activities giving rise to the action at issue."). The City's allegations against Hashagen—both in the Amended Complaint and as supplemented by the City's arguments in its opposition—fail to satisfy either prong of this test.

### 1. The City fails to establish that Firmitas or Magellan acted as Hashagen's agent in New York.

First, the City has failed to establish a principal-agency relationship between Hashagen as principal and Firmitas and/or Magellan as agent. "To establish an agency relationship for jurisdictional purposes, plaintiffs must show 'that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal.'" *Hau Yin To v. HSBC Holdings, PLC*, 700 Fed. Appx. 66, 68 (2d Cir. 2017) (quoting *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981)). "To make a *prima facie* showing of 'control,' a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in question: control

8

cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation." *Karabu Corp.*, 16 F. Supp. 2d at 324.

In its Amended Complaint, the City mentions Firmitas, a nonparty, in only three out of 186 paragraphs. In those three paragraphs, the City mentions Hashagen only *once*, incorrectly alleging that he is a "principal and part owner" of Firmitas. *See* ECF 20 at ¶ 27. In reality, Hashagen is neither a principal nor has any ownership interest in Firmitas; instead, he is merely a W-2 employee with the title of Executive Vice-President. Hashagen Decl., ECF 55, at ¶¶ 4-5; Glauser Decl., ECF 78 at ¶¶ 20-21. Nor does the City allege in its Amended Complaint that Hashagen was the primary actor in the events that gave rise to the City's complaint, nor could it, as Firmitas has never shipped any of the e-liquid products it manufactures into New York City and Hashagen has never had any involvement in selling or offering for sale any e-liquids or e-cigarette products to anyone in New York City. ECF 55 at ¶ 16, ECF 78 at ¶ 21. Moreover, Hashagen has never been an owner, officer, director, or employee of Magellan, has no authority to make any business decisions on behalf of Magellan, and has never received any compensation from Magellan. ECF 55 at ¶ 14. He thus has no reason to have any knowledge about Magellan's sales activities.[3] ECF 78 at ¶ 21. In fact, the only connection between Hashagen and Magellan besides Glauser's ownership interest in both is that Magellan is a customer of Firmitas and Firmitas ships bottled e-liquids that it manufactures to Magellan's warehouse in Buffalo, New York. ECF 55 at ¶¶ 12, 15; ECF 78 at ¶ 20.

---

[3] In any event, Magellan's only sales are to its affiliate, Demand Vape, and occur exclusively in Buffalo, not New York City. *See* Glauser Decl., ECF 78 at ¶¶ 9-10. These facts further underscore that no set of facts alleged by the City could possibly involve actions by Hashagen related to e-cigarette sales in New York City, as even the City does not speculate that Hashagen has ever held any role with Demand Vape.

9

To successfully establish an agency relationship, the City would need to allege that Firmitas conducted business activities in New York for the benefit of Hashagen, with Hashagen's knowledge and consent, and under his control. The Amended Complaint is completely devoid of any allegation of the sort. Perhaps recognizing this, the City speculates in its opposition that "Hashagen could have 'operated or managed' Firmitas." ECF 72 at 60. But the mere fact that Hashagen's title at Firmitas is "Executive Vice President" does not establish that Firmitas served as Hashagen's agent in New York. *See, e.g.*, *Pilates, Inc. v. Current Concepts*, Case No. 96-cv-0043, 1996 U.S. Dist. LEXIS 15415, *6, 1996 WL 599654, *3 (S.D.N.Y. Oct. 18, 1996) ("[A] general allegation that an officer controls a corporation is not sufficient to establish personal jurisdiction."); *Kinetic Instruments v. Lares*, 802 F. Supp. 976, 984-85 (S.D.N.Y. 1992) ("The fact that [the defendant] is the President and majority shareholder of [the corporation] does not necessarily mean that the corporation will be considered his agent.").

The same is true for Magellan; even if the City were correct (which it is not) that Hashagen is the Executive Vice President of Magellan, that fact alone does not establish an agency relationship. *See Hau Yin To*, 700 Fed. Appx. at 68 ("It is not enough to allege that defendants had the legal ability to control the alleged agent; plaintiffs seeking to establish jurisdiction under C.P.L.R. § 302(a)[(1)] must allege the actual exercise of control, based on 'the realities of the relationship.'") (quoting *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986)). As far as Magellan is concerned, the reality of the "relationship" is that there was none; as such, the City could never obtain facts in discovery that would begin to establish that Hashagen exercised any degree of control over Magellan's activities.

> **2. The City fails to establish that Hashagen directed any of Firmitas' or Magellan's business activities in New York that gave rise to the City's claims.**

Second, even if the City could establish that Firmitas and/or Magellan conducted business activity for and at the direction of Hashagen in New York (which, again, the City cannot), the City has failed to allege that that business activity gave rise to its claims. As noted above, the Amended Complaint makes *one* highly generalized allegation against Hashagen individually, stating that he has "been a 'person' associated with or a member of one or more of [Defendant companies]" and that "[e]ach [i]ndividual [d]efendant has operated or managed one or more of [Defendant companies] through a pattern of racketeering activity." ECF 20 at ¶ 130. Not only is this allegation insufficient to state a RICO Act claim against Hashagen, it is also insufficient to establish personal jurisdiction though agency.

"Where New York courts have found jurisdiction under an agency theory, the plaintiff's allegations, taken as true, made it readily apparent the out-of-state corporate officer had been a driving force behind the corporation's allegedly wrongful actions." *Karabu Corp.*, 16 F. Supp. 2d at 325 (collecting cases). Examples include corporate officers making oral misrepresentations and sending misleading financial statements to plaintiffs during a corporation's advertising campaign, *Retail Software Servs. Inc. v. Lashlee*, 854 F.2d 18 (2d Cir. 1988), and defendants who were alleged to have negotiated and signed dispute agreements, personally controlled transactions with plaintiffs, and authored virtually all correspondence with plaintiffs concerning the transactions in question, *Nelson A. Taylor Co., Inc. v. Technology Dynamics Grp. Inc.*, Case No. 95-cv-0431, 1997 U.S. Dist. LEXIS 4606, 1997 WL 176325 (N.D.N.Y. Apr. 7, 1997). Conversely, "[c]ourts have [] routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff made broadly worded and vague allegations about a defendant's participation in the specific matter at hand." *Karabu Corp.* 16 F. Supp. 2d at 324; *see also Sterling Interiors Group, Inc. v. Haworth,*

*Inc.*, Case No. 94-cv-9216, 1996 U.S. Dist. LEXIS 10756, **46-47, 1996 WL 426379, *15 (S.D.N.Y. July 30, 1996) (holding allegations that defendant "participated directly" in illegal scheme was "far too vague" to establish jurisdiction; plaintiffs failed to allege "even minor detail[s]" regarding the specific actions taken by the defendant).

Here, the City's causes of action arise from the sale of flavored electronic cigarette products to consumers in New York City. Nothing in the Amended Complaint even comes close to alleging that Hashagen had any decision-making capacity or role in making those alleged sales. Even if Hashagen had some decision-making capacity in Firmitas and/or Magellan—which he did not with respect to Magellan—and even if the City could show that either company acted as his agent for transacting business in the State of New York—a proposition for which there is no evidence, the City does not allege that through the corporate entities Hashagen controlled or directed the sale of flavored electronic cigarette products to New York City consumers. It is not enough to simply establish that a nonresident conducted business activity through an agent in New York; that business activity must also form the basis for the plaintiff's claims against the nonresident. The City has failed to make that connection.

The City falls far short of making a *prima face* showing of personal jurisdiction over Hashagen under an "agency" theory and, indeed, falls short of even alleging a colorable basis to believe that, given the ability to adduce additional facts through discovery, such personal jurisdiction might be found. *Accord Hau Yin To*, 700 Fed. Appx. at 68 ("[B]ecause plaintiffs did not make a prima facie case for personal jurisdiction under either C.P.L.R. §§ 302(a)(1) or (2), the District Court acted well within its discretion in declining to permit jurisdictional discovery."); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) (same); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (same). The City's bare-bones allegations against Hashagen,

12

even taken in the light most favorable to the City, are wholly insufficient to establish general or specific jurisdiction. Moreover, Hashagen's Declaration and Supplemental Declaration already answer the jurisdictional questions that the City concocted in its opposition to Hashagen's motion to dismiss. Even if the Court were to grant the City's request for jurisdictional discovery, Hashagen would simply reiterate what he has already stated in his declarations. Granting jurisdictional discovery would thus be futile and unnecessarily consume the parties' limited resources. Given the City's failure to satisfy either prong of the test for nonresident jurisdiction through an agent under C.P.L.R. 302(a)(1), the court should deny the City's request for jurisdictional discovery and dismiss the City's claims against Hashagen with prejudice.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the forthcoming reply memorandum of Defendants Magellan, Demand Vape, and Glauser, which is incorporated herein by reference, the Court should grant Defendant Donald Hashagen's motion to dismiss and dismiss the City's Amended Complaint as to Hashagen with prejudice.

Respectfully submitted,

THOMPSON HINE LLP

Dated: December 18, 2023    By:      /s/ Eric N. Heyer
                            Eric N. Heyer (admitted *pro hac vice*)
                            Joseph A. Smith (admitted *pro hac vice*)
                            Anna Stressenger (admitted *pro hac vice*)
                            1919 M Street, N.W., Suite 700
                            Washington, DC 20036
                            Phone: 202.331.8800
                            Fax: 202.331.8330
                            eric.heyer@thompsonhine.com
                            joe.smith@thompsonhine.com
                            anna.stressenger@thompsonhine.com

Richard De Palma
300 Madison Avenue
27th Floor
New York, NY 10017
Phone: 212.908.3969
Fax: 212.344.6101
richard.depalma@thompsonhine.com

*Counsel for Defendant Donald Hashagen*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2023, I caused the foregoing to be electronically filed with the Clerk via the Court's ECM/ECF system and thereby electronically served on all counsel of record.

                                                 /s/ Eric N. Heyer