

THE CITY OF NEW YORK
LAW DEPARTMENT

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Alexandra Jung**
Assistant Corporation Counsel
212.356 2299
aljung@law.nyc.gov

January 12, 2024

**By ECF**
The Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *The City of New York v. Magellan Technology, et al.*, Case No. 23-5880 (LLS)

Dear Judge Stanton:

I write in response to the letter dated January 11, 2024 from Defendants Magellan Technology, Inc., Ectoworld, LLC d/b/a Demand Vape, Matthew J. Glauser, and Donald Hashagen (collectively, the "Hyde Defendants"), objecting to the City's request for a Rule 16 conference.

Federal Rule of Civil Procedure 12 does not provide for an automatic stay of discovery despite the pendency of motions to dismiss. *See* Fed. R. Civ. P. 12; *see also Allstate Ins. Co. v. Levy*, 2011 U.S. Dist. LEXIS 3880, at *1 (E.D.N.Y. Jan. 27, 2011) ("The pendency of the motion to dismiss does not provide an automatic basis to stay discovery."); *Usov v. Lazar*, 2013 U.S. Dist. LEXIS 89257, at *9 (S.D.N.Y. June 25, 2013) ("Defendants are incorrect . . . that discovery must automatically be stayed pending a motion to dismiss."). The Hyde Defendants have not made the showing of good cause that Federal Rule 26(c) requires before a district court may stay discovery during the pendency of a motion to dismiss.[1] *Shaw v. Hornblower Cruises & Events, LLC*, 2023 U.S. Dist. LEXIS 35353, at *5 (S.D.N.Y. Mar. 2, 2023). "In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess the 'particular circumstances and posture of each case.'" *GE Int'l v. Thorco Shipping Am., Inc.*, 2022 U.S. Dist. LEXIS 97093, at *8 (S.D.N.Y. May 24, 2022). "Courts consider several factors to determine whether good cause exists, including: '(1) a strong showing, by the defendant[], that the plaintiffs' claim(s) lack merit;

---

[1] While the Hyde Defendants have not formally moved to stay discovery, they suggest that good cause exists in their letter.

(2) the breadth of the discovery demanded and the burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff.'" *Shaw*, 2023 U.S. Dist. LEXIS 35353, at *5. "However, the filing of a motion to dismiss does not itself constitute 'good cause,' and courts have considerable discretion in determining whether a stay is warranted." *RBG Mgmt. Corp. v. Vill. Super Market*, 2023 U.S. Dist. LEXIS 12210, at *4 (S.D.N.Y. Jan. 24, 2023).

The Hyde Defendants contend a Rule 16 conference is premature because they have made arguments for dismissal of the Amended Complaint in its entirety. However, as set forth more fully in the City's opposition to the motions to dismiss, those arguments are either meritless or adequately rebutted by the City, which has adequately pled that the Hyde Defendants are acting in violation of federal, state, and local law. *See generally City Opp. Mots. to Dismiss*, Dkt. No. 70. And while the Hyde Defendants argue that a stay of discovery is proper where defendants appear to have strong arguments relating to personal jurisdiction, questions of personal jurisdiction themselves trigger the City's right to discovery in this case.[2] *See, e.g.*, *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y.).

The Hyde Defendants also contend that a delay in discovery pending a motion to dismiss does not prejudice plaintiffs. To the contrary, the ongoing actions of Defendants cause or contribute to injuries to public health which – as set forth in the City's motion for a preliminary injunction – is surely on balance far more prejudicial than any prejudice suffered by the Hyde Defendants. In any event, "determining that Plaintiffs may not necessarily suffer unfair prejudice is not, by itself, dispositive of a finding for good cause." *Shaw*, 2023 U.S. Dist. LEXIS 35353, at *9. Further, to the extent that the Hyde Defendants argue they will be prejudiced by a Rule 16 conference, the City is willing to confine discovery to paper discovery at this time.

The pending motions to dismiss do not warrant delaying a Rule 16 conference, and the City respectfully requests that the Court schedule a conference at the Court's convenience.

Sincerely,

.

/s/ Alexandra Jung
Alexandra Jung
Assistant Corporation Counsel

---

[2] The Hyde Defendants contend that not even jurisdictional discovery is warranted here. However, as the City argued in its opposition to Defendant Hashagen's motion to dismiss, New York's long arm-statute *at minimum* entitles the City to jurisdictional discovery. Moreover, the City pointed out that Defendant Hashagen's motion offered facts that are flatly contradicted by public records, and that he also provided facts that *assist* the City in making a *prima facie* argument for personal jurisdiction. *See City Opp. Mots. to Dismiss*, Dkt. No. 70, at 54-61.