UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X:
The City of New York,                                   :
                                                        :
                        Plaintiff,                      :
                                                        :
            -against-                                   :        Case No. 1:23-cv-05880-LLS-OTW
                                                        :
Magellan Technology, Inc., et al.,                      :
                                                        :
                        Defendants.                     :
                                                        X
------------------------------------------------------- 

### MATTHEW J. GLAUSER'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (ECF NO. 20) AND JURY DEMAND

Defendant Matthew J. Glauser ("Glauser" or "Defendant"), by and through his undersigned counsel, for his answer to the allegations set forth in Plaintiff City of New York's (the "City") Amended Complaint (ECF No. 20), states as follows:

1.      Paragraph 1 contains no factual allegations for Glauser to either admit or deny. To the extent that paragraph 1 may be construed to contain such factual allegations, Glauser denies.

2.      Glauser admits that an "e-cigarette" or "electronic nicotine delivery system," or "ENDS," uses a battery to heat a nicotine-containing solution (an "e-liquid") to create an aerosol inhaled by the user that, unlike a conventional cigarette's smoke, is not generated by combustion. Glauser admits that e-liquids typically contain nicotine, propylene glycol, and glycerin, and can be formulated to impart tastes similar to tobacco or other flavors, including fruits, candy, and desserts. Glauser denies the remaining allegations in paragraph 2.

3.      Paragraph 3 contains no factual allegations for Glauser to either admit or deny. To the extent that paragraph 3 may be construed to contain such factual allegations, Glauser denies.

1

4.    Glauesr admits that nicotine is an addictive substance and is the principal driver of addiction to combustible cigarettes. Glauser denies the remaining allegations in paragraph 3.

5.    Glauser denies any definition of "youth" as individuals up to "approximately 25 years of age," particularly given that the federal minimum age for sales of tobacco products is 21 years old. Glauser lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 and so denies.

6.    Glauser denies the allegations in paragraph 6.

7.    Glauser admits that most manufacturers of disposable ENDS products are based in China. Glauser denies the remaining allegations in paragraph 7.

8.    Glauser admits that China-based manufacturers generally sell their products to distributors in the United States. Glauser denes the remaining allegations in paragraph 8.

9.    Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Glauser denies.

10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Glauser denies.

11.    Because the Court has dismissed the City's Second and Third Claims for Relief, no response to paragraph 11 is required. To the extent that a response may be deemed to be required, Glauser denies.

12.    Because the Court has dismissed the City's Second and Third Claims for Relief, no response to paragraph 12 is required.  To the extent that a response may be deemed to be required, Glauser denies.

13.    Paragraph 13 contains legal conclusions to which no response is required.

14.    Paragraph 14 contains legal conclusions to which no response is required.

15.     Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Glauser denies.

16.     Glauser denies the allegations in paragraph 16.

17.     Glauser denies the allegations in paragraph 17.

18.     Glauser denies the allegations in paragraph 18.

19.     Glauser denies the allegations in paragraph 19.

20.     Glauser denies that the Court has subject matter jurisdiction over all claims in this action.

21.     Glauser denies the allegations in paragraph 21.

22.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 22 and so denies.

23.     Glauser admits that Magellan Technology Inc. ("Magellan") is a corporation formed under the laws of the State of New York with a principal place of business at 2225 Kenmore Avenue, Buffalo, New York 14207. Glauser denies the remaining allegations in paragraph 23.

24.     Glauser admits that Ecto World LLC d/b/a Demand Vape ("Demand Vape") is a limited liability company formed under the laws of the State of New York with a principal place of business at 2225 Kenmore Avenue, Buffalo, New York 14207. Glauser admits that Demand Vape engages in sales of electronic nicotine delivery systems to select, properly vetted business customers through the Internet website https://www.demandvape.com, but denies the remaining allegation in paragraph 24.

25.     Glauser admits that he is a citizen of the State of New York with a business address of 2225 Kenmore Avenue, Buffalo, New York 14207. Glauser admits that he is the president of

Magellan, a co-founder and the chief strategy officer of Demand Vape, and the sole owner of Firmitas Solutions, LLC. Glauser denies the remaining allegations in paragraph 25.

26.     Glauser admits that Firmitas is a nicotine product manufacturing facility and co-packer of bottled e-liquids and e-liquid pods. Glauser admits that Firmitas has a business address of 5604 Charles City Circle, Henrico, Virginia 23231.

27.     Glauser denies the allegations in paragraph 27 of the Amended Complaint.

28.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 28 and so denies.

29.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 29 and so denies.

30.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 30 and so denies.

31.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 31 and so denies.

32.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 32 and so denies.

33.     Glauser admits, upon information and belief, the allegations set forth in paragraph 33, except that Glauser understands, upon information and belief, that Dorbes LLC is no longer selling ENDS products under the Hyde brand name over the internet from the website Hydevapeofficial.com after being sued by Magellan for trademark infringement and cybersquatting as a result of such sales.

34.     Glauser admits, upon information and belief, the allegations set forth in paragraph 34.

35.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 35 and so denies.

36.     Paragraph 36 contains legal conclusions to which no response is required.

37.     Paragraph 37 contains legal conclusions to which no response is required.

38.     Paragraph 38 contains legal conclusions to which no response is required.

39.     Glauser denies the allegations in paragraph 39.

40.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 40 and so denies.

41.     Glauser denies the allegations in paragraph 41.

42.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 42 and so denies.

43.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 43 and so denies.

44.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 44 and so denies.

45.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 45 and so denies.

46.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 46 and so denies.

47.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 47 and so denies.

48.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 48 and so denies.

49.      Glauser denies that he, Magellan, or Ecto World currently sell any electronic nicotine delivery system products under the ELF BAR brand. Glauser lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 49 and so denies.

50.      Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 50 and so denies.

51.      Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 51 and so denies.

52.      Glauser denies the allegations in paragraph 52.

53.      The first sentence of paragraph 53 contains legal conclusions to which no response is required. Glauser lacks sufficient information to form a belief as to the truth of the second sentence in paragraph 53 and so denies. Glauser denies the allegations in the third sentence in paragraph 53.

54.      Paragraph 54 contains legal conclusions to which no response is required.

55.      Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 55 and so denies.

56.      The first sentence of paragraph 56 contains legal conclusions to which no response is required. Glauser lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 56 and so denies.

57.      Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 57 and so denies.

58.      Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 58 and so denies.

59.    Paragraph 59 contains legal conclusions to which no response is required. The terms of FDA's import alert speak for themselves.

60.    The terms of FDA's press release speak for themselves. Glauser denies that he owns or controls any website selling ENDS in his personal capacity and denies that Puff Bar, Esco Bar, and Hyde brand FDVs are all available for sale on websites owned or controlled by Magellan or Demand Vape.

61.    Paragraph 61 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Glauser lacks sufficient information to form a belief as to the truth of the allegations and so denies.

62.    Paragraph 62 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Glauser lacks sufficient information to form a belief as to the truth of the allegations and so denies.

63.    Glauser admits the allegations in paragraph 63.

64.    Glauser admits that Magellan received a warning letter from FDA, the terms of which speak for themselves.

65.    Glauser denies the allegations in paragraph 65.

66.    Glauser denies the allegations in paragraph 66.

67.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 67 and so denies.

68.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 68 and so denies.

69.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 69 and so denies.

70.     Glauser admits, upon information and belief, the allegations set forth in paragraph 70, except that Glauser understands, upon information and belief, that Dorbes LLC and Smith are no longer selling ENDS products under the Hyde brand name over the internet from the website Hydevapeofficial.com after being sued by Magellan for trademark infringement and cybersquatting as a result of such sales.

71.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 71 and so denies.

72.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 72 and so denies.

73.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 73 and so denies.

74.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 74 and so denies.

75.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 75 and so denies.

76.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 76 and so denies.

77.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 77 and so denies.

78.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 78 and so denies.

79.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 79 and so denies.

80.    Glauser admits that Demand Vape is an online wholesaler of ENDS devices and e-liquids located at 2225 Kenmore Avenue, Buffalo, New York 14207, and that Demand Vape sells FDVs and flavored e-liquids to sub-distributors and retailers through a company sales team and through https://demandvape.com. Glauser denies the remaining allegations in paragraph 80.

81.    Glauser admits the allegations in paragraph 81.

82.    Glauser admits that the Demand Vape website displays an extensive selection of FDV devices and that they are sold in master case and display case quantities. Glauser denies the remaining allegations in paragraph 82.

83.    Glauser admits the Hyde brand of products was Demand Vape's largest seller at one point in the past but those sales were later eclipsed by ELF BAR-branded products. Glauser denies the remaining allegations in paragraph 83.

84.    Glauser admits that Demand Vape sells FDVs and other e-cigarette devices containing flavored e-liquids and flavored e-liquids that have not been granted premarket authorization by FDA. Glauser denies the remaining allegations in paragraph 84.

85.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 85 and so denies.

86.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 86 and so denies.

87.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 87 and so denies.

88.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 88 and so denies.

89.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 89 and so denies.

90.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 90 and so denies.

91.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 91 and so denies.

92.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 92 and so denies.

93.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 93 and so denies.

94.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 94 and so denies.

95.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 95 and so denies.

96.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 96 and so denies.

97.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 97 and so denies.

98.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 98 and so denies.

99.     Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 99 and so denies.

100.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 100 and so denies.

101.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 101 and so denies.

102.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 102 and so denies.

103.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 103 and so denies.

104.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 104 and so denies.

105.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 105 and so denies.

106.    Glauser lacks sufficient information to form a belief as to the truth of the allegations in paragraph 106 and so denies.

107.    Paragraph 107 contains legal conclusions to which no response is required.

108.    Paragraph 108 contains legal conclusions to which no response is required.

109.    Paragraph 109 contains legal conclusions to which no response is required.

110.    Paragraph 110 contains legal conclusions to which no response is required.

111.    Paragraph 111 contains legal conclusions to which no response is required.

112.    Paragraph 112 contains legal conclusions to which no response is required.

113.    Paragraph 113 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 113.

114.     Paragraph 114 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 114.

115.     Paragraph 115 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 115.

116.     Paragraph 116 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 116.

117.     Paragraph 117 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 117.

118.     Paragraph 118 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 118.

119.     Paragraph 119 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 119.

120.     Paragraph 120 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 120.

121.     Paragraph 121 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 121.

122.     Paragraph 122 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 122.

123.     Paragraph 123 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 123.

124.     Paragraph 124 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 124.

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 125, including that any applicable taxes would be owed to either New York City or New York State on any sales of ENDS products into New York City by Magellan or Demand Vape.

126.    Paragraph 126 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 126.

127.    – 145.    Plaintiff's RICO claims have been dismissed. As such, no response is required to paragraphs 127 through 145 of the Amended Complaint. Glauser specifically denies that he has engaged in the activities alleged against him in paragraphs 130, 133, 136, 138, 139, 140, and 142 through 145.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Glauser denies the allegations in paragraph 146.

147.    Glauser denies that he engaged in any sales over the Internet in his individual capacity and denies the allegations in paragraph 147 generally.

148.    Glauser denies that he engaged in any distribution of FDVs to any persons in his individual capacity and denies the allegations in paragraph 148 generally.

149.    Glauser denies that he engaged in any deliveries of FDVs to any persons in New York City in his individual capacity and denies the allegations in paragraph 149 generally.

150.    Paragraph 150 contains legal conclusions to which no response is required. Glauser denies that he ever engaged in any marketing of e-cigarette products to minors.

151.    Paragraph 151 contains legal conclusions to which no response is required.

152.    Glauser denies the allegations in paragraph 152.

153.    Paragraph 153 contains legal conclusions to which no response is required.

154.    Glauser denies the allegations of paragraph 154.

155.    Glauser denies the allegations of paragraph 155.

156.    Glauser denies the allegations of paragraph 156.

## FIRST CLAIM FOR RELIEF

157.    Glauser incorporates by reference his responses to Paragraphs 1-156, above, as if fully set forth herein.

158.    Paragraph 158 makes no allegations against Glauser and thus a response is not required.  To the extent to which a response may be deemed to be required, Glauser denies as to Magellan and Demand Vape and states that he lacks sufficient information to form a belief as to the truth of the allegations as to the remaining Defendants and so denies.

159.    Paragraph 159 makes no allegations against Glauser and thus a response is not required.  To the extent to which a response may be deemed to be required, Glauser denies as to Magellan and Demand Vape and states that he lacks sufficient information to form a belief as to the truth of the allegations as to the remaining Defendants and so denies.

160.    Paragraph 160 makes no allegations against Glauser and thus a response is not required.  To the extent to which a response may be deemed to be required, Glauser denies the allegations in paragraph 160.

161.    Paragraph 161 makes no allegations against Glauser and thus a response is not required.  To the extent to which a response may be deemed to be required, Glauser denies as to Magellan and Demand Vape and states that he lacks sufficient information to form a belief as to the truth of the allegations as to the remaining Defendants and so denies.

## SECOND CLAIM FOR RELIEF

162.    – 168. Plaintiff's Second Claim for Relief has been dismissed. As such, no response is required to paragraphs 162 through 168 of the Amended Complaint.

### THIRD CLAIM FOR RELIEF

169.    - 176.  Plaintiff's Third Claim for Relief has been dismissed. As such, no response is required to paragraphs 169 through 176 of the Amended Complaint.

### FOURTH CLAIM FOR RELIEF

177.    Glauser incorporates by reference his responses to Paragraphs 1-176, above, as if fully set forth herein.

178.    Glauser denies the allegations in paragraph 178.

179.    Glauser denies the allegations in paragraph 179.

180.    Glauser denies the allegations in paragraph 180.

181.    Glauser denies the allegations in paragraph 181.

182.    Paragraph 182 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Glauser denies.

### FIFTH CLAIM FOR RELIEF

183.    Glauser incorporates by reference his responses to Paragraphs 1-182, above, as if fully set forth herein.

184.    Paragraph 184 contains legal conclusions to which no response is required.

185.    Paragraph 185 makes no allegations against Glauser and thus a response is not required.  To the extent to which a response may be deemed to be required, Glauser denies.

186.    Paragraph 186 makes no allegations against Glauser and thus a response is not required.  To the extent to which a response may be deemed to be required, Glauser denies.

Glauser denies all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Glauser asserts the following affirmative defenses without conceding that he bears the burden of proof as to any of the defenses pled. Glauser reserves the right to assert any additional affirmative defenses as they become known.

1.      The City's Amended Complaint fails to state a claim upon which relief may be granted.

2.      The City lacks Article III and/or statutory standing for one or more of its claims.

3.      This Court is an improper venue and/or another district would be a more convenient venue.

4.      The City's claims are barred by equitable doctrines of acquiescence, waiver, estoppel, and/or laches.

5.      The City's claims are barred because Glauser's conduct has not caused any harm to the City and/or one or more intervening causes led to the harm of which the City complains.

6.      There is no direct or proximate causal relationship between any conduct of Glauser and any harm of which the City complains.

6.      To the extent Glauser engaged in violations of any law or regulation, such violations were not knowing, willful, or intentional.

7.      The City has failed to mitigate its alleged damages.

8.      The City's conduct, including its facially contradictory interpretations of its own and New York state statutes and/or regulations, is arbitrary, capricious, and undertaken in bad faith.

9.      The City is not entitled to one or more forms of the relief that it requests.

16

10.     The City's claims are barred in whole or in part by the applicable statute(s) of limitations.

11.     The City's claims are barred in whole or in part because its alleged injury and damages are speculative and cannot be ascertained and/or allocated with reasonable certainty.

12.     The City's claims and alleged damages are subject to set-off and/or offset.

13.     The City is not entitled to any equitable relief because it would have an adequate remedy at law.

14.     Glauser hereby adopts any and all additional or other affirmative defenses pled by any other Defendant in this action.

## PRAYER FOR RELIEF

WHEREFORE, Glauser denies that he has any liability and respectfully requests that the Court:

1.  Dismiss the City's Amended Complaint as to him with prejudice;

2.  Enter judgment in his favor and against the City;

3.  Enter no award for damages or any equitable or other relief in favor of the City; and

4.  Award Glauser such other and further relief to which he may be entitled.

## JURY DEMAND

Glauser demands a trial by jury on all claims so triable.


Respectfully submitted,

THOMPSON HINE LLP

Dated: June 24, 2024                    By:_____/s/ Eric N. Heyer_____
                                        Eric N. Heyer (admitted *pro hac vice*)
                                        Joseph A. Smith (admitted *pro hac vice*)
                                        Anna Stressenger (admitted *pro hac vice*)
                                        1919 M Street, N.W., Suite 700

Washington, DC 20036
Phone: 202.331.8800
Fax: 202.331.8330
eric.heyer@thompsonhine.com
joe.smith@thompsonhine.com
anna.stressenger@thompsonhine.com


Richard De Palma
300 Madison Avenue
27th Floor
New York, NY 10017
Phone: 212.908.3969
Fax: 212.344.6101
richard.depalma@thompsonhine.com

*Counsel for Defendant Matthew J. Glauser*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2024, I caused the foregoing to be electronically filed with the Clerk via the Court's ECM/ECF system and thereby electronically served on all counsel of record.

/s/ Eric N. Heyer