UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
The City of New York,

        Plaintiff,

  -against-

Magellan Technology, Inc., et al.,

        Defendants.

------------------------------------------------------- X

Case No. 1:23-cv-05880-LLS-OTW

# MAGELLAN TECHNOLOGY INC.'S AND ECTO WORLD LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (ECF NO. 20) AND JURY DEMAND

Defendants Magellan Technology Inc. ("Magellan") and Ecto World LLC d/b/a Demand Vape ("Demand Vape") (collectively, "Defendants"), by and through their undersigned counsel, for their answer to the allegations set forth in Plaintiff City of New York's (the "City") Amended Complaint (ECF No. 20), state as follows:

1. Paragraph 1 contains no factual allegations for Defendants to either admit or deny. To the extent that paragraph 1 may be construed to contain such factual allegations, Defendants deny.

2. Defendants admit that an "e-cigarette" or "electronic nicotine delivery system," or "ENDS," uses a battery to heat a nicotine-containing solution (an "e-liquid") to create an aerosol inhaled by the user that, unlike a conventional cigarette's smoke, is not generated by combustion. Defendants admit that e-liquids typically contain nicotine, propylene glycol, and glycerin, and can be formulated to impart tastes similar to tobacco or other flavors, including fruits, candy, and desserts. Defendants deny the remaining allegations in paragraph 2.

1

3. Paragraph 3 contains no factual allegations for Defendants to either admit or deny. To the extent that paragraph 3 may be construed to contain such factual allegations, Defendants deny.

4. Defendants admits that nicotine is an addictive substance and is the principal driver of addiction to combustible cigarettes. Defendants deny the remaining allegations in paragraph 3.

5. Defendants deny any definition of "youth" as individuals up to "approximately 25 years of age," particularly given that the federal minimum age for sales of tobacco products is 21 years old. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 and so deny.

6. Defendants deny the allegations in paragraph 6.

7. Defendants admit that most manufacturers of disposable ENDS products are based in China. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that China-based manufacturers generally sell their products to distributors in the United States. Defendants deny the remaining allegations in paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendants deny.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendants deny.

11. Because the Court has dismissed the City's Second and Third Claims for Relief, no response to paragraph 11 is required. To the extent that a response may be deemed to be required, Defendants deny.

12. Because the Court has dismissed the City's Second and Third Claims for Relief, no response to paragraph 12 is required. To the extent that a response may be deemed to be required, Defendants deny.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendants deny.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny that the Court has subject matter jurisdiction over all claims in this action.

21. Defendants deny the allegations in paragraph 21.

22. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 22 and so deny.

23. Defendants admit that Magellan is a corporation formed under the laws of the State of New York with a principal place of business at 2225 Kenmore Avenue, Buffalo, New York 14207. Defendants deny the remaining allegations in paragraph 23.

24. Defendants admit that Ecto World LLC d/b/a Demand Vape is a limited liability company formed under the laws of the State of New York with a principal place of business at 2225 Kenmore Avenue, Buffalo, New York 14207. Defendants admit that Demand Vape engages in sales of electronic nicotine delivery systems to select, properly vetted business customers

through the Internet website https://www.demandvape.com, but denies the remaining allegation in paragraph 24.

25. Defendants admit that Glauser is a citizen of the State of New York with a business address of 2225 Kenmore Avenue, Buffalo, New York 14207. Defendants admit that Glauser is the president of Magellan and a co-founder and the chief strategy officer of Demand Vape. Defendants deny the remaining allegations in paragraph 25 as they pertain to Defendants.

26. Defendants admit that Firmitas is a nicotine product manufacturing facility and co-packer of bottled e-liquids and e-liquid pods. Defendants admit that Firmitas has a business address of 5604 Charles City Circle, Henrico, Virginia 23231.

27. Defendants deny the allegations in paragraph 27 of the Amended Complaint.

28. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 28 and so deny.

29. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 29 and so deny.

30. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 30 and so deny.

31. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 31 and so deny.

32. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 32 and so deny.

33. Defendants admit, upon information and belief, the allegations set forth in paragraph 33, except that Defendants understand, upon information and belief, that Dorbes LLC is no longer selling ENDS products under the Hyde brand name over the internet from the website

Hydevapeofficial.com after being sued by Magellan for trademark infringement and cybersquatting as a result of such sales.

34. Defendants admit, upon information and belief, the allegations set forth in paragraph 34.

35. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 35 and so deny.

36. Paragraph 36 contains legal conclusions to which no response is required.

37. Paragraph 37 contains legal conclusions to which no response is required.

38. Paragraph 38 contains legal conclusions to which no response is required.

39. Defendants deny the allegations in paragraph 39.

40. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 40 and so deny.

41. Defendants deny the allegations in paragraph 41.

42. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 42 and so deny.

43. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 43 and so deny.

44. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 44 and so deny.

45. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 45 and so deny.

46. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 46 and so deny.

47. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 47 and so deny.

48. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 48 and so deny.

49. Defendants deny that they currently sell any electronic nicotine delivery system products under the ELF BAR brand. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 49 and so deny.

50. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 50 and so deny.

51. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 51 and so deny.

52. Defendants deny the allegations in paragraph 52.

53. The first sentence of paragraph 53 contains legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the truth of the second sentence in paragraph 53 and so deny. Glauser denies the allegations in the third sentence in paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required.

55. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 55 and so deny.

56. The first sentence of paragraph 56 contains legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 56 and so deny.

57.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 57 and so deny.

58.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 58 and so deny.

59.     Paragraph 59 contains legal conclusions to which no response is required. The terms of FDA's import alert speak for themselves.

60.     The terms of FDA's press release speak for themselves. Defendants deny that Puff Bar, Esco Bar, and Hyde brand FDVs are all available for sale on websites owned or controlled by Magellan or Demand Vape.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendants lacks sufficient information to form a belief as to the truth of the allegations and so deny.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendants lack sufficient information to form a belief as to the truth of the allegations and so deny.

63.     Defendants admit the allegations in paragraph 63.

64.     Defendants admit that Magellan received a warning letter from FDA, the terms of which speak for themselves.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 67 and so deny.

68. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 68 and so deny.

69. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 69 and so deny.

70. Defendants admit, upon information and belief, the allegations set forth in paragraph 70, except that Defendants understand, upon information and belief, that Dorbes LLC and Smith are no longer selling ENDS products under the Hyde brand name over the internet from the website Hydevapeofficial.com after being sued by Magellan for trademark infringement and cybersquatting as a result of such sales.

71. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 71 and so deny.

72. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 72 and so deny.

73. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 73 and so deny.

74. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 74 and so deny.

75. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 75 and so deny.

76. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 76 and so deny.

77. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 77 and so deny.

78. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 78 and so deny.

79. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 79 and so deny.

80. Defendants admit that Demand Vape is an online wholesaler of ENDS devices and e-liquids located at 2225 Kenmore Avenue, Buffalo, New York 14207, and that Demand Vape sells FDVs and flavored e-liquids to sub-distributors and retailers through a company sales team and through https://demandvape.com. Defendants deny the remaining allegations in paragraph 80.

81. Defendants admit the allegations in paragraph 81.

82. Defendants admit that the Demand Vape website displays an extensive selection of FDV devices and that they are sold in master case and display case quantities. Defendants deny the remaining allegations in paragraph 82.

83. Defendants admit that the Hyde brand of products was Demand Vape's largest seller at one point in the past but those sales were later eclipsed by ELF BAR-branded products. Defendants deny the remaining allegations in paragraph 83.

84. Defendants admit that Demand Vape sells FDVs and other e-cigarette devices containing flavored e-liquids and flavored e-liquids that have not been granted premarket authorization by FDA. Defendants deny the remaining allegations in paragraph 84.

85. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 85 and so deny.

86. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 86 and so deny.

87. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 87 and so deny.

88. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 88 and so deny.

89. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 89 and so deny.

90. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 90 and so deny.

91. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 91 and so deny.

92. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 92 and so deny.

93. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 93 and so deny.

94. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 94 and so deny.

95. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 95 and so deny.

96. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 96 and so deny.

97. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 97 and so deny.

98. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 98 and so deny.

99. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 99 and so deny.

100. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 100 and so deny.

101. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 101 and so deny.

102. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 102 and so deny.

103. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 103 and so deny.

104. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 104 and so deny.

105. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 105 and so deny.

106. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 106 and so deny.

107. Paragraph 107 contains legal conclusions to which no response is required.

108. Paragraph 108 contains legal conclusions to which no response is required.

109. Paragraph 109 contains legal conclusions to which no response is required.

110. Paragraph 110 contains legal conclusions to which no response is required.

111. Paragraph 111 contains legal conclusions to which no response is required.

112. Paragraph 112 contains legal conclusions to which no response is required.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 113.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 114.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 115.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 116.

117. Paragraph 117 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 117.

118. Paragraph 118 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 118.

119. Paragraph 119 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 119.

120. Paragraph 120 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 120.

121. Paragraph 121 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 121.

122. Paragraph 122 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 122.

123. Paragraph 123 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 123.

124. Paragraph 124 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 124.

125. Paragraph 125 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 125, including that any applicable taxes would be owed to either New York City or New York State on any sales of ENDS products into New York City by Magellan or Demand Vape.

126. Paragraph 126 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 126.

127. – 145.   Plaintiff's RICO claims have been dismissed. As such, no response is required to paragraphs 127 through 145 of the Amended Complaint. To the extent a response may be deemed to be required, Defendants deny that they have engaged in any of the misconduct alleged in paragraphs 127 – 145 or that the City has been injured as a result.

146.   Paragraph 146 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in paragraph 146.

147.   Defendants deny the allegations in paragraph 147 generally and specifically deny that any businesses to which Demand Vape sold and shipped ENDS products that were required to hold a vapor product dealer registration certificate did not hold such a certificate.

148.   Defendants deny the allegations in paragraph 148.

149.   Defendants deny the allegations in paragraph 149.

150.   Paragraph 150 contains legal conclusions to which no response is required. Defendants deny that they ever engaged in any marketing of e-cigarette products to minors.

151.   Paragraph 151 contains legal conclusions to which no response is required.

152.   Defendants deny the allegations in paragraph 152.

153.   Paragraph 153 contains legal conclusions to which no response is required.

154.   Defendants deny the allegations of paragraph 154.

155.   Defendants deny the allegations of paragraph 155.

156.   Defendants deny the allegations of paragraph 156.

## FIRST CLAIM FOR RELIEF

157.   Defendants incorporate by reference their responses to Paragraphs 1-156, above, as if fully set forth herein.

158. Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

**SECOND CLAIM FOR RELIEF**

162. – 168. Plaintiff's Second Claim for Relief has been dismissed. As such, no response is required to paragraphs 162 through 168 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**

169. - 176. Plaintiff's Third Claim for Relief has been dismissed. As such, no response is required to paragraphs 169 through 176 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**

177. Defendants incorporate by reference their responses to Paragraphs 1-176, above, as if fully set forth herein.

178. Defendants deny the allegations in paragraph 178.

179. Defendants deny the allegations in paragraph 179.

180. Defendants generally deny the allegations in paragraph 180, including the allegation that they knowingly shipped ENDS products to persons lacking a vapor product dealer registration certificate to whom Defendants were not entitled to ship such products under New York law.

181. Defendants deny the allegations in paragraph 181.

182. Paragraph 182 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendants deny.

**FIFTH CLAIM FOR RELIEF**

183. Glauser incorporates by reference his responses to Paragraphs 1-182, above, as if fully set forth herein.

184. Paragraph 184 contains legal conclusions to which no response is required.

185. Defendants deny the allegations in paragraph 185.

186. Defendants deny the allegations in paragraph 186.

Magellan and Demand Vape deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Magellan and Demand Vape assert the following affirmative defenses without conceding that they bear the burden of proof as to any of the defenses pled. Magellan and Demand Vape reserve the right to assert any additional affirmative defenses as they become known.

1. The City's Amended Complaint fails to state a claim upon which relief may be granted.

2. The City lacks Article III and/or statutory standing for one or more of its claims.

3. This Court is an improper venue and/or another district would be a more convenient venue.

4. The City's claims are barred by equitable doctrines of acquiescence, waiver, estoppel, and/or laches.

5. The City's claims are barred because Defendants' conduct has not caused any harm to the City and/or one or more intervening causes led to the harm of which the City complains.

6. There is no direct or proximate causal relationship between any conduct of Defendants and any harm of which the City complains.

6. To the extent Defendants engaged in violations of any law or regulation, such violations were not knowing, willful, or intentional.

7. The City has failed to mitigate its alleged damages.

8. The City's conduct, including its facially contradictory interpretations of its own and New York state statutes and/or regulations, is arbitrary, capricious, and undertaken in bad faith.

9. The City is not entitled to one or more forms of the relief that it requests.

10. The City's claims are barred in whole or in part by the applicable statute(s) of limitations.

11. The City's claims are barred in whole or in part because its alleged injury and damages are speculative and cannot be ascertained and/or allocated with reasonable certainty.

12. The City's claims and alleged damages are subject to set-off and/or offset.

13. The City is not entitled to any equitable relief because it would have an adequate remedy at law.

14. Magellan and Demand Vape hereby adopt any and all additional or other affirmative defenses pled by any other Defendant in this action.

## PRAYER FOR RELIEF

WHEREFORE, Magellan and Demand Vape deny that they have any liability and respectfully request that the Court:

1. Dismiss the City's Amended Complaint as to them with prejudice;

2. Enter judgment in their favor and against the City;

3. Enter no award for damages or any equitable or other relief in favor of the City; and

4. Award Magellan and Demand Vape such other and further relief to which they may be entitled.

## JURY DEMAND

Magellan and Demand Vape demand a trial by jury on all claims so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THOMPSON HINE LLP |
| Dated: June 24, 2024 | By:     /s/ Eric N. Heyer<br>Eric N. Heyer (admitted *pro hac vice*)<br>Joseph A. Smith (admitted *pro hac vice*)<br>Anna Stressenger (admitted *pro hac vice*)<br>1919 M Street, N.W., Suite 700<br>Washington, DC 20036<br>Phone: 202.331.8800<br>Fax: 202.331.8330<br>eric.heyer@thompsonhine.com<br>joe.smith@thompsonhine.com<br>anna.stressenger@thompsonhine.com<br><br>Richard De Palma<br>300 Madison Avenue<br>27th Floor<br>New York, NY 10017<br>Phone: 212.908.3969<br>Fax: 212.344.6101<br>richard.depalma@thompsonhine.com<br><br>*Counsel for Defendants Magellan Technology Inc. and Ecto World LLC d/b/a Demand Vape* |

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of June, 2024, I caused the foregoing to be electronically filed with the Clerk via the Court's ECM/ECF system and thereby electronically served on all counsel of record.

                                          /s/ Eric N. Heyer