ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/28/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE CITY OF NEW YORK,

                        Plaintiff,

-against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Demand Vape, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES, LLC, d/b/a Hydevapeofficial.com, and CHRISTIAN A. SMITH,

                        Defendants.

-----------------------------------------------------------------x

Civ No. 23-5880 (LLS)

~~PROPOSED~~
SCHEDULING ORDER

Pursuant to the Court's Order dated May 28, 2024, the parties respectfully submit this Proposed Scheduling Order.

(1)    The conference pursuant to Rule 16(b) shall take place June 28, 2024, at 12:00 Noon in Courtroom 21C.

**Appearances:**

For Plaintiff City of New York:

    Muriel Goode-Trufant, Corporation Counsel of the City of New York

For Magellan Technology, Inc. ("Magellan"), Ecto World, LLC, d/b/a Demand Vape ("Demand Vape"), Matthew J. Glauser ("Glauser"):

    James Fraser, Thompson Hine LLP
    Joseph Smith, Thompson Hine LLP

For Mahant Krupa 56 LLC d/b/a Empire Smoke Distributors, Nikunj Patel, Devang Koya (collectively, the "Empire Defendants"):

    Paul Eckles, Moses Singer LLP
    Mark Parry, Moses Singer LLP

1

(2)  **Issues:**

Plaintiff the City of New York ("City") alleges that each of the now-remaining defendants (Magellan Technology, Inc., Ecto World, LLC, d/b/a Demand Vape, Matthew J. Glauser, Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya) each violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375 *et seq.*, New York Pub. Hlth. L. 1399-*ll*(1-a) and caused, contributed to or created a common law public nuisance in the City of New York through their sales and deliveries of flavored e-cigarettes, as those terms are defined by the relevant statutes, in or into the City. The City has moved for a preliminary injunction to halt the alleged violations.

Defendants Magellan, Demand Vape, and Glauser deny that they violated the PACT Act or New York Public Health Law §1399-*ll*; deny that they have caused, contributed to, or created a common law nuisance in the City of New York, and deny that the City is entitled to a preliminary injunction. These Defendants are filing a motion for reconsideration of that portion of the Court's May 24, 2024 Opinion & Order denying their motion to dismiss the City's PACT Act claim in its Amended Complaint (ECF No. 20). These Defendants also plan to promptly file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to all claims against Defendant Glauser and the City's claim for violations of New York Public Health Law 1399-*ll*.

Defendants Magellan, Demand Vape, and Glauser respectfully submit that establishing a final merits discovery and trial schedule may be premature, as there is currently pending before the Court a motion for preliminary injunction and any party will have a right to immediately appeal any adverse ruling on the motion to the Second Circuit. Defendants anticipate that it may be the case that the Court's ruling on the pending motion for preliminary injunction could lead to an appeal on a question of law that could have significant implications for a potential motion for summary judgment and/or the jury instructions to be given at the trial of this action. Defendants Magellan, Demand Vape, and Glauser thus agree to the jointly proposed dates set forth herein subject to this reservation and with the understanding that any party may later need to move to extend one or more of those dates depending on the outcome of the pending motion for preliminary injunction.

The Empire Defendants deny that they are selling or delivering flavored e-cigarettes to retail stores located in New York State, deny that they have caused, contributed to, or created a common law public nuisance in the City of New York, and deny that the City is entitled to a preliminary injunction. The Empire Defendants anticipate joining in the Magellan defendants' planned motions for reconsideration and judgment on the pleadings. The Empire Defendants also join in the Magellan defendants' suggestions regarding an appropriate case schedule.

(3)  **(a) Initial Disclosures**

The parties will each serve initial disclosures no later than July 12, 2024.

**(b) Amendment of Pleadings**

The deadline to amend pleadings shall be July 26, 2024.

**(c) Depositions:**

By the City: Matthew J. Glauser, Nikunj Patel, and Devang Koya; a Rule 30(b)(6) witness from each of Magellan Technology, Inc., Ecto World, LLC, d/b/a Demand Vape, and Mahant Krupa 56 LLC d/b/a Empire Vape Distributors; and an additional employee of each identified during discovery. Depositions to begin upon completion of document production, tentatively in December 2024.

By Defendants: a Rule 30(b)(6) witness for the City and other depositions, including of any potential fact and expert witnesses that the City may identify in its initial disclosures or in response to written discovery requests, and employees of retail stores in New York City that sell e-cigarettes. Depositions to begin upon completion of document production, tentatively in December 2024.

**(d) Production of documents:**

Document demands to be served forty-five (45) days from the date of this conference. Document production to be completed four months from the date of service.

**(e) Experts:**

If any, (i) the City's expert's reports will be supplied to Defendants thirty (30) days following the completion of fact discovery, (ii) Defendants' expert reports will be served on the City forty-five (45) days after the City serves its expert's reports, and (iii) each expert's deposition to be completed forty-five (45) days after service of the expert's report.

**(f) Completion of Discovery:**

All discovery shall be completed by May 1, 2025.

**(g) Dispositive Motions:**

Any dispositive motions shall be filed no later than thirty (30) days following the completion of all fact and expert discovery.

**(f) Plaintiff's Pretrial Order:**

To be provided to Defendants forty-five (45) days following completion of all fact and expert discovery.

**(f)     Joint Pre-trial Order:**

To be filed with the Court forty-five (45) days following the City's service of the proposed pretrial order on Defendants.

**(g)** Final pre-trial conference pursuant to Fed. R. Civ. P. 16(e) to be held:

___TBD___ .

LLS

(4)    **Protective or confidentiality orders:**

The parties contemplate entering into a standard confidentiality order for the protection of proprietary business information.

(5)    **Discovery Issues:**

To date, none.

(6)    **Anticipated Fields of Expert Testimony, if any:**

By the City: The City reserves the right to introduce expert testimony on damages, the health effects associated with the use of flavored e-cigarettes, and the effectiveness *vel non* of flavored e-cigarettes in reducing tobacco use.

By Defendants: Magellan, Demand Vape, and Glauser reserve the right to introduce expert testimony about the increased use of combustible cigarettes associated with government bans on flavored ENDS products, the health effects of flavored ENDS products, FDA regulation of ENDS products, on the source(s) of flavored ENDS products sold in New York City, and on the City's alleged damages. The Empire Defendants reserve the right to introduce expert testimony on the same subjects.

(7)    **Trial:**

The parties anticipate a jury trial of 5 days.

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the pre-trial conference or when justice so requires.

Respectfully submitted,

4

Dated: June 21, 2024
     New York, New York

                                **MURIEL GOODE-TRUFANT**

                                Acting Corporation Counsel of the
                                  City of New York
                                100 Church Street, Room 20-99
                                New York, NY 10007
                                (212) 356-2032

                                By: */s/ Eric Proshansky*
                                Eric Proshansky
                                Elizabeth Slater
                                Alexandra Jung
                                Aatif Iqbal
                                Assistant Corporation Counsels

                                *Attorney for Plaintiff the City of New York*

**THOMPSON HINE LLP**                      **Moses & Singer LLP**

By: */s/ Eric N. Heyer*                      By: */s/ Paul M. Eckles*
Eric N. Heyer (admitted *pro hac vice*)      Paul M. Eckles
Joseph A. Smith (admitted *pro hac vice*)    Mark Parry
Anna Stressenger (admitted *pro hac vice*)   Barry S. Zone
James C. Fraser (admitted *pro hac vice*)    Philippe A. Zimmerman
1919 M Street, N.W., Suite 700              The Chrysler Building
Washington, DC 20036                      405 Lexington Avenue
Phone: 202.331.8800                       New York, New York 10174
Fax: 202.331.8330                         Phone: (212) 554-7800
eric.heyer@thompsonhine.com          Fax: (212) 554-7700
joe.smith@thompsonhine.com           peckles@mosessinger.com
anna.stressenger@thompsonhine.com   mparry@mosessinger.com
James.Fraser@ThompsonHine.com       bzone@mosessinger.com
                                              pzimmerman@mosessinger.com

Richard De Palma
300 Madison Avenue                       *Attorneys for Defendants Mahant Krupa 56*
27th Floor                                   *LLC, Nikunj Patel & Devang Koya*
New York, NY 10017
Phone: 212.908.3969
Fax: 212.344.6101
richard.depalma@thompsonhine.com

*Counsel for Defendants Magellan Technology, Inc., Ecto World, LLC, and Matthew J. Glauser*

Dated:      June 28, 2024
            New York, New York

                                        **So Ordered:**

                                        */s/ Louis L. Stanton*
                                        LOUIS L. STANTON
                                            U.S.D.J.