UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X:
The City of New York,                                  :
                                                       :
           Plaintiff,                         :
                                                       :
   -against-                                          :  Case No. 1:23-cv-05880-LLS-OTW
                                                       :
Magellan Technology, Inc., et al.,                     :
                                                       :
           Defendants.                        :
                                                       :
------------------------------------------------------ X

## STIPULATION AND PROPOSED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED AND AGREED, by and among the Parties in the above-captioned matter (the "Litigation") as of the date of this Stipulation and Protective Order (the "Order") that:

1. As used herein:

   a. "Confidential Information," means any information which is designated, in good faith, as Confidential by the designating party or third party (the "Designating Party") and disclosed to the other parties. In designating information as Confidential, the Designating Party will make such designation only as to non-public information that contains confidential financial information, or that contains commercially, competitively, or otherwise sensitive information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

   b. "Attorneys' Eyes Only," means any information which is designated, in good faith, as "Attorneys' Eyes Only" by the Designating Party and disclosed to the other parties. In designating information as "Attorneys' Eyes Only," the Designating Party will make such designation only as to information that constitutes and/or

1

contains current trade secrets, proprietary business information, or other information the disclosure of which would result in competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers, if disclosed. By designating a document as "Attorneys' Eyes Only," the Producing Party affirms that its counsel of record in the Litigation has reviewed the subject document and made a good faith determination that it qualifies for protection as "Attorneys' Eyes Only." Documents designated as "Attorneys' Eyes Only" shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; or (iii) any other person that the Parties agree to in writing.

2. Any documents, material, or information to be designated Confidential or Attorneys' Eyes Only may be so designated by stamping the documents, material, or information with the legend "Confidential" prior to their production. In the case of documents or information stored electronically, a designation may be made by affixing the legend "Confidential" or "Attorneys' Eyes Only" on the electronically produced document. However, where it is unduly burdensome or impossible to stamp or otherwise affix a legend on certain documents, a party may furnish a separate written or electronic notice to the Receiving Party specifically identifying the documents, material, or information as "Confidential" or "Attorneys' Eyes Only."

3. The designation of any material as Confidential Information or as Attorneys' Eyes Only shall apply with equal force to any copies, abstracts, or summaries made thereof, or excerpts taken therefrom. Any individual making such copies, abstracts, or summaries, or creating any

document including excerpts taken therefrom (including, without limitation, expert reports or pleadings), shall clearly mark such documents so as to preserve the confidentiality of the materials incorporated therein.

    4.    Documents or materials designated as Confidential Information or Attorneys' Eyes Only, or information derived therefrom, may be used solely for this purpose of this Action and shall not be used in any other action or proceeding, or for any other purpose whatsoever, absent written consent by the Designating Party.

    5.    Confidential Information may be disclosed or made available by the Party receiving such information (the "Receiving Party") only to the following:

    a) the Court, as provided in paragraph 13, including Court personnel, potential jurors, jurors and/or alternates (at any trial or hearing);

    b) Named parties, or officers, directors, and employees of such parties who are reasonably necessary to assist counsel in this case;

    c) In-house counsel for the parties and counsel of record in this matter, including contract attorneys, paralegals, clerical, and secretarial staff employed by such counsel as necessary for the prosecution or defense of this action and for preparation for trial;

    d) court reporters, videographers, and any outside duplicating or document management company retained by any Party to this action;

    e) persons noticed for depositions, or designated as trial witnesses, or potential witnesses and their counsel, to the extent reasonably necessary in connection with their testimony (or potential testimony) or in preparation therefor;

    f) outside consultants or experts retained at any time by counsel in connection with this litigation as a consulting or testifying expert pursuant to Rule 26(b)(4), Fed, R. Civ, P., and who reasonably require access to the particular Confidential Information for purposes of assisting them in this Litigation; and

    g) any other person that the Parties agree to in writing.

6. Documents, material, or information designated as Attorneys' Eyes Only may be disclosed or made available by a Receiving Party only to the following:

    a) Counsel of record in this matter, including contract attorneys, paralegals, clerical, and secretarial staff employed by such counsel as necessary for the prosecution or defense of this action and for preparation for trial;

    b) the Court, as provided in paragraph 14, including Court personnel, potential jurors, jurors and/or alternates (at any trial or hearing);

    c) court reporters, videographers, and any outside duplicating or document management company retained by any Party to this action; and

    d) any other person that the Parties agree to in writing.

7. Prior to the disclosure of any Confidential Information or information designated as Attorneys' Eyes Only to any person designated in paragraph 5(e)-(g) or 6(a)-(d), such person must first agree to be bound by the terms of this Order by signing the Acknowledgment attached as Exhibit A or, in the case of a deposition witness who has not previously signed an Acknowledgment, by agreeing on the record to be bound by the terms of this Order. Counsel shall retain copies of each signed Acknowledgment during the course of this litigation until terminated by a final non-appealable judgment or settlement.

8. If any Confidential Information or information designated as Attorneys' Eyes Only is disclosed to any person other than a person designated in paragraph 5 or 6, the Receiving Party that caused the disclosure shall use its best efforts to obtain that person's Acknowledgment to be bound by the terms of this Order and to promptly notify the Designating Party of such disclosure.

9. In the event that a party inadvertently fails to designate any documents or information as Confidential or Attorneys' Eyes Only, such failure shall not constitute a waiver of any claim of confidentiality so long as the producing party within fifteen (15) days of becoming aware of such disclosure makes such a designation by notifying the Receiving Parties in writing. Upon receipt of such written notice, the Receiving Parties shall treat information contained in said documents and materials and any summaries or notes thereof as Confidential Information or Attorneys' Eyes Only.

10. If any Party wishes to use, or inquire at any deposition concerning any Confidential Information or information derived therefrom, the portion of the deposition transcript and exhibits which relate to such documents, materials or information shall be designated as Confidential and shall be bound separately, and subject to the provisions of this Order.

11. A party shall not use, or inquire at any deposition of any person other than the Producing Party about, information designated as Attorneys' Eyes Only without the prior written consent of the Producing Party.

12. Deposition testimony may be designated as Confidential or Attorneys' Eyes Only either (i) at the deposition, by making a statement on the record that the information is Confidential, or (ii) on or before fifteen (15) calendar days after receipt of the transcript, by notifying all counsel to the Parties in writing of such designation, Until the expiration of such fifteen (15) calendar day

period with respect to any deposition transcript, all deposition testimony and transcripts shall be deemed to be Confidential Information and treated as if so designated.

13. In the event counsel for the Receiving Party objects to the designation of any or all of items as Confidential or Attorneys' Eyes Only, said counsel shall advise the Designating Party of such objections and the reasons therefor. If the Designating Party objects to the proposed disclosure, all such items shall be treated as Confidential Information pending a resolution of the Parties' dispute, and it shall be the obligation of the Receiving Party to obtain a prompt hearing before this Court with respect to the propriety of the designation, The burden of proof that a document should be designated Confidential or Attorneys' Eyes Only shall be on the Designating Party. In the event that the Receiving Party seeks such a hearing, the Designating Party will cooperate in obtaining a prompt hearing with respect thereto.

14. The inadvertent production of any privileged information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no Party shall be held to have waived any rights by such inadvertent production. In the event that any document that is subject to a claim of privilege or work product is inadvertently produced, the Receiving Party shall return the document together with all copies of the document to the disclosing party promptly after it receives a written notice from the disclosing party that the document was produced inadvertently, Return of the documents shall not waive any right of the Receiving Party to challenge its designation as privileged or work product.

15. All Confidential Information or information designated as Attorneys' Eyes Only filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information shall be filed under seal with the Clerk of the Court and

kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information or information designated as Attorneys' Eyes Only, and any text that in any material way reveals the Confidential Information or information designated as Attorneys' Eyes Only.

16. Documents, materials or information designated as Confidential or Attorneys' Eyes Only shall not be disclosed (other than by the Designating Party) except in accordance with the terms of this Order.

17. Nothing herein shall impose any restrictions on the use or disclosure by a Party of its own documents, or documents or information obtained by such Party independent of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action, The burden of demonstrating that the documents, material, or information was obtained independently of the discovery proceedings in this Litigation is on the Receiving Party.

18. The parties, in conducting discovery from a third party, shall attach to such discovery requests a copy of this Order so as to apprise such third party of its rights herein. Any third party from whom discovery is sought may obtain the protection of this Order by designating its provision of discovery as Confidential in the manner provided herein.

19. Within ninety days of the conclusion of this action, including any appeals, each Party shall either: (i) return to each producing party all documents containing Confidential Information or information designated as Attorneys' Eyes Only designated by such party, including copies thereof, or (ii) destroy all documents containing Confidential Information or

information designated as Attorneys' Eyes Only and certify to the Designating Party that to the best of its knowledge, all Confidential information or information designated as Attorneys' Eyes Only produced by that Designating Party has been destroyed. Counsel of record may maintain in their confidential files one copy of each paper filed with or submitted to the Court, each deposition together with the exhibits marked at the deposition, each expert report, and any attorney work product.

20. Any Party or non-party may ask the Court, after notice to all Parties, to modify or grant relief in addition to, or relief from, any provision of this Order for good cause shown.

21. This Order shall be valid and effective between the Parties as of the date it is fully executed by all Parties, irrespective of when or whether it is entered by the Court.

22. The Court shall retain jurisdiction over any disputes regarding a Party's or non-party's compliance or failure to comply with the terms of this Order.

**SO STIPULATED AND AGREED.**

                                                     MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York

Dated: September 25, 2024          By: */s/ Eric Proshansky*
Eric Proshansky
*Assistant Corporation Counsel*
100 Church Street, Rm. 20-099
New York, New York 10007
Phone: 212.356.2032
eproshan@law.nyc.gov

*Counsel for Plaintiff The City of New York*

THOMPSON HINE LLP

Dated: October 1, 2024              By:*/s/ James C. Fraser*
Eric N. Heyer (admitted *pro hac vice*)
James C. Fraser (admitted *pro hac vice*)
1919 M Street, N.W., Suite 700
Washington, DC 20036
Phone: 202.331.8800
Fax: 202.331.8330
eric.heyer@thompsonhine.com
James.Fraser@thompsonhine.com

*Counsel for Defendants Magellan Technology, Inc., Ecto World, LLC, and Matthew J. Glauser*

MOSES & SINGER LLP

Dated: September 25, 2024          By: */s/ Barry Zone*
Paul M. Eckles
Barry S. Zone
405 Lexington Avenue
New York, New York 10174
Phone: 212.554.7800
peckles@mosessinger.com
bzone@mosessinger.com

*Counsel for Defendants Mahant Krupa 56 LLC, Nikunj Patel & Devang Koya*

9

**SO ORDERED**

_____
LOUIS L. STANTON
U.S.D.J.

Dated: _____
          New York, New York