ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CITY OF NEW YORK,

                Plaintiff,

- against -

MAGELLAN TECHNOLOGY, INC.; ECTO WORLD, LLC, D/B/A DEMAND VAPE; MATTHEW J. GLAUSER; DONALD HASHAGEN; MAHANT KRUPA 56 LLC D/B/A EMPIRE VAPE DISTRIBUTORS; NIKUNJ PATEL; DEVANG KOYA; STAR VAPE CORP.; NABIL HASSEN; DORBES LLC, D/B/A HYDEVAPEOFFICIAL.COM; CHRISTIAN A. SMITH,

                Defendants.

---

23 Civ. 5880 (LLS)

ORDER

    Defendants Magellan Technology, Inc.; Ecto World, LLC, d/b/a Demand Vape; Matthew J. Glauser; Mahant Krupa 56 LLC, d/b/a Empire Vape Distributors; Nikunj Patel; and Devang Koya move for reconsideration of the Court's May 24, 2024 Order ("Order")(Dkt. No. 103), which denied defendants' motion to dismiss claims under the City of New York's Prevent All Cigarette Trafficking Act ("PACT Act")(Dkt. No. 52, 63).

    The limited grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal quotations and citations omitted). Defendants do not assert any intervening

-1-

change of controlling law or new evidence. Rather, they allege the Court's Order was clear error and the PACT ACT's requirements did not apply because: 1. Defendants' transactions were intrastate, 2. New York City does not levy an excise tax on electronic nicotine delivery system products, and 3. The distributors were licensed and thus "lawfully operating" for purposes of the PACT ACT.

However, defendants argued each of these points in their motions to dismiss. (Dkt. No. 53 at 8-13; Dkt. No. 64 at 6-7). Reconsideration motions are not an opportunity for "relitigating old issues" or "taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998). Nor are they appropriate when defendants' arguments "essentially accord with those made, albeit much more briefly, in defendant's motion to dismiss." Meyer v. Kalanick, 185 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). Defendants' repeated arguments from their original motions – which the Court considered and addressed in its Order – do not meet the high bar for the "extraordinary remedy" of reconsideration. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)("The Court recognizes 'that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'").

-3-

Defendants' motions for reconsideration (Dkt. Nos. 117, 119) are denied.

So Ordered.

Dated: New York, New York
       December 20, 2024

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                       U.S.D.J.