

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

April 29, 2025

**By ECF**
The Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *The City of New York v. Magellan Technology, et al.*, **Case No. 23-5880 (LLS)**

Dear Judge Stanton:

This Office represents plaintiff the City of New York (the "City") in the above-referenced matter. Pursuant to Your Honor's Individual Practices, ¶ 2A, the City respectfully requests a pre-motion conference to address a proposed motion for summary judgment pursuant to Fed. R. Civ. P.56 against defendant Ecto World LLC a/k/a Demand Vape (hereafter, "Demand Vape").

### *Background*

As the Court may recall, e-cigarettes, also known as "vapes," are devices containing nicotine solutions ("e-liquids") that when heated by an internal battery produce a nicotine-infused vapor or aerosol inhaled by the user. E-liquids can be flavored to taste like tobacco but the largest share of the e-cigarette market by far consists of e-liquids flavored to taste like candy, desserts, fruit or mint. Flavored e-liquids are enormously attractive to youth and are blamed for the recent major increases in nicotine use that have reversed decades-long declines in youth smoking.

Defendant Demand Vape is a Buffalo, New York limited liability company that distributes e-cigarettes, principally flavored e-cigarettes, to e-cigarette distributors and retailers nationwide. *Answer* ¶ 81, ECF 122. Demand Vape admits that it is one of the largest electronic cigarette distributors in the United States, with sales of 30,000 products to 5,000 retailers in 49 states and internationally, with annual revenue in excess of $500 million. *Id.*

On August 17, 2023, the City filed an Amended Complaint against various e-cigarette distributors, including Demand Vape, for violating the Prevent All Cigarette Trafficking ("PACT") Act, 15 U.S.C. § 375 *et seq.*, the RICO Act, 18 U.S.C. § 1962 *et seq.*, the N.Y. Public Health Law,

and for creating a public nuisance. *See Am. Compl.* ¶¶ 157-86. On motion, the RICO claims were dismissed. *See City of N.Y. v. Magellan Tech.*, Inc., 735 F. Supp. 3d 312 (S.D.N.Y. 2024), *reconsideration denied*, 2024 U.S. Dist. LEXIS 231932 (S.D.N.Y. Dec. 20, 2024) ("*Magellan*"). The City now seeks to move for summary judgment against Demand Vape on the PACT Act claims.

### *Demand Vape Violates the PACT Act by Making Delivery Sales of Flavored E-cigarettes*

The PACT Act regulates "delivery sales," defined as sales of e-cigarettes to a "consumer"— any e-cigarette purchaser except a "lawfully operating" tobacco business — when buyer and seller are not in one another's "physical presence" either at the time "the request for purchase or order is made" or "the buyer obtains possession of the cigarettes …." *See* 15 U.S.C. §§ 375 (4)and (5).

Documents produced by Demand Vape and recent testimony by Demand Vape's Chief Strategy Officer, Matthew Jon Glauser, establishes that Demand Vape's sales of flavored e-cigarettes into the City are delivery sales under the PACT Act. Mr. Glauser testified that Demand Vape receives all or virtually all orders for flavored e-cigarettes from New York City customers through Demand Vape's internet website, Demandvape.com. The orders were all or virtually all fulfilled by mailing ███████████████ of flavored e-cigarettes either through the ███ ███ or common carriers to wholesaler dealers in New York City.

New York City Administrative Code ("Ad. Code") § 17-715 (b) provides that "[i]t shall be unlawful for any person to sell or offer for sale, or to possess with intent to sell or offer for sale, any flavored electronic cigarette or flavored e-liquid," with the possession of more than six (6) e-cigarettes presumptive of the possessor's intent to sell or offer for sale. Accordingly, no New York City distributor of e-cigarettes receiving flavored e-cigarettes from Demand Vape could have been "lawfully operating" nor could Demand Vape have been "lawfully operating" within the meaning of the PACT Act in making those sales. *See Magellan,* 735 F. Supp. 3d at 324 ("[T]he term 'lawfully operating' means compliance with laws under the planning meaning of the statute."). Demand Vape's sales are accordingly all to "consumers" who placed their orders remotely and received their orders in such a manner that buyer and seller were never in one another's "physical presence," either when the orders were placed or when the buyer obtained possession. There can be no dispute that Demand Vape's sales into New York City were delivery sales as defined by the PACT Act.

The PACT Act requires, *inter alia*, that any person making a delivery sale – a delivery seller – comply with all state and local laws "generally applicable to sales of cigarettes … as if the delivery sales occurred entirely within the specific State and place." 15 U.S.C. § 376a(a)(3). The PACT Act also provides that "[a]ll cigarettes … are nonmailable and shall not be deposited in or carried through the mail." 18 U.S.C. § 1716E(a)(1). Undisputed facts establish that Demand Vape violated both provisions, entitling the City to summary judgment on its PACT Act claim.

As a delivery seller, Demand Vape must "comply with . . . all State, local, tribal, and other laws generally applicable to sales of cigarettes … *as if the delivery sales occurred entirely within the specific State and place.*" 15 U.S.C. § 376a(a)(3) (emphasis added). Accordingly, Demand Vape's sales to City buyers are deemed to occur in New York City and Demand Vape itself must

comply with Ad. Code § 17-715 (b). There can be no dispute that in selling flavored e-cigarettes in New York City, Demand Vape violated the Ad. Code, and that by failing to comply with all local laws, Demand Vape's delivery sales also violated the PACT Act.

### *Demand Vape Violates the PACT Act by Placing Cigarettes into the U.S. Mails*

There can be no dispute that Demand Vape also violates the PACT Act's prohibition against placing cigarettes into the U.S. mails. The PACT Act provides that "[a]ll cigarettes and smokeless tobacco . . . are nonmailable and shall not be deposited in or carried through the mails." 18 U.S.C. § 1716E (a). The exception to that prohibition for mailings made for "business purposes" by a tobacco business, 18 U.S.C. § 1716E (b)(3)(A)(i), is inapplicable here because the recipients of the mailings must be able to "*lawfully receive* the product." 18 U.S.C. § 1716E (b)(3)(C)(i)(ii)(II) (emphasis added). Just as Demand Vape's City customers cannot be "lawfully operating" businesses for purposes of the PACT Act by virtue of their trafficking in flavored e-cigarettes, those same City customers cannot "lawfully receive" flavored e-cigarettes because their possession with intent to sell or offer to sell is illegal. Demand Vape thus does not meet the required elements needed to invoke the business purposes exception to the PACT Act's mail ban.

### *The City is Entitled to an Award of Penalties under the PACT Act*

The PACT Act imposes penalties on violators. *See* 15 U.S.C. § 377. Demand Vape's documents demonstrate indisputably that over a two-year period Demand Vape delivered at least ▮ bulk shipments to ▮ different New York City customers, for which Demand Vape was paid approximately $▮ (the "City Deliveries").[1] Every single delivery contained flavored e-cigarettes, and most often *only* flavored e-cigarettes. In total, the City Deliveries consisted of ▮ e-cigarettes, representing 80 different brands, with the flavored brands that dominate the youth market comprising 98.5% of the deliveries. Of the ▮ deliveries, ▮ exceeded ten (10) lbs. in weight (averaging 32 lbs.). Each such delivery constitutes an additional PACT Act violation. *See* § 376a (b)(3) ("A delivery seller shall not sell, offer for sale, deliver, or cause to be delivered in any single sale or single delivery any cigarettes or smokeless tobacco weighing more than 10 pounds.").

The PACT Act imposes a penalty of up to $5,000 for the first violation and up to $10,000 for subsequent violations. *See* 15 U.S.C. § 377 (b). The enormity of the volume and revenue obtained, to say nothing of the dangers posed by the products sold, warrants the maximum penalty of $10,000 per violation. Deeming each one of Demand Vape's ▮ City Deliveries as a violation – a conservative measure – yields a penalty of $▮.

The PACT Act provides in 18 U.S.C. § 1716E (d), "Additional penalties" that:

> In addition to any other fines and penalties under this title for violations of this section, any person violating this [mailing prohibition] shall be subject to an additional civil penalty in the

---

[1] Of that amount, $37,222,779.85 constituted sales of flavored e-cigarettes, $904,201.84 constituted sales of flavored e-liquids, and $431,044.77 constituted sales of devices and parts.

amount equal to 10 times the retail value of the nonmailable cigarettes or smokeless tobacco, including all Federal, State, and local taxes.

Even applying the lower wholesale value, the City is entitled to penalties in the amount of at least $█████████, ten times the value of the City Deliveries as measured by the revenue received by Demand Vape.

The City respectfully requests that the Court grant leave to the City to file a motion for summary judgment against Demand Vape.

Thank you for your attention to these matters.

Respectfully submitted,

/s/ Eric Proshansky
Eric Proshansky
Aatif Iqbal
Alexandra Jung
Elizabeth Slater
Assistant Corporation Counsel
