

May 6, 2025

*Via ECF*

Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE: *The City of New York v. Magellan Technology, et al.*, No. 23-5880-LLS-OTW

Dear Judge Stanton:

      We represent Defendants Magellan Technology, Inc., Ecto World, LLC d/b/a Demand Vape, and Matthew J. Glauser (collectively, "Defendants"), in the above-referenced matter. We write in response to Plaintiff the City of New York's request via letters dated April 20, 2025, April 29, 2025, and May 5, 2025 (ECF Nos. 140-43, 146) requesting a pre-motion conference to address a proposed motion for summary judgment against Defendant Demand Vape.

      As a threshold matter, Defendant Demand Vape intends to contest the motion for summary judgment, and notes that discovery is ongoing. Defendant Demand Vape is based in Buffalo, New York, and all sales are considered completed in Buffalo, New York.

      Defendant Demand Vape contests that any sales constitute alleged "delivery sales" under the PACT Act. In short, and as will be detailed in any formal opposition submitted by Demand Vape, the New York Department of Health, the state agency charged with administering the State of New York's prohibition on the sale of flavored vapor products, published guidance for businesses like Defendants that interprets Public Health Law § 1399-*ll* as inapplicable to the very distributor-to-distributor shipments of electronic cigarettes upon which the City bases its claims against Defendants. Additionally, prior to July 31, 2024, 24 R.C.N.Y. 28-02(b) specifically suggested that distribution sales of flavored products to distributors in the City was permitted as distributors in the City were entitled to possess flavored vapor products for sales to entities located outside the City.

      Furthermore, the City's letter mistakes the law and the facts as to shipments via the United States Postal Service ("USPS"). Any shipments by Demand Vape via USPS were done pursuant to the USPS's business purpose exception that allows for shipments of vapor products to approved businesses. *See* 18 U.S.C. § 1716E(b)(3). The business purpose exception allows for shipments between "legally operating businesses that have all applicable State and Federal Government licenses or permits." 18 U.S.C. § 1716E(b)(3)(A)(i). Before Demand Vape could ship vapor products through USPS, it required USPS's approval not only for itself, but for any potential

Eric.Heyer@ThompsonHine.com   Fax: 202.331.8330   Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W.
Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
Phone: 202.331.8800
Fax: 202.331.8330



May 6, 2025
Page 2

receiving entity. *See* 18 U.S.C. § 1716E(b)(3)(B); USPS, Publication 52, *Hazardous, Restricted, and Perishable Mail* (Pub 52) section 47, effective October 21, 2021; 39 C.F.R. Parts 111 and 211.

      To obtain authorization to utilize the USPS business purpose exception, Demand Vape was required to, and did, submit an initial application along with extensive supporting documentation that included, *inter alia*, information relating to Demand Vape's legal status and information and documents supporting each recipient's legal status. *See* Publication 52 at § 473.32. This included supplying copies of all applicable licenses. *Id.* Contrary to the City's suggestion to the contrary, it is the responsibility of "the *United States Postal Service* to ensure that any recipient of an otherwise nonmailable tobacco product . . . may lawfully receive the product." 18 U.S.C. § 1716E(b)(3)(B)(ii)(II). It is not the responsibility of Demand Vape or any other applicant to verify whether any recipient can lawfully receive the vapor products being shipped via USPS, which is why USPS requires applicants to submit information relating to the legality of a recipient's business—so that *USPS* can ensure that the business can lawfully receive the products and either approve or disapprove in advance mailings to a particular recipient.

      Demand Vape submitted the required application, along with the required information and documentation for itself and potential recipients. Its application for the business purpose exception was approved, as have its regularly updated applications since the prohibition on mailing electronic nicotine delivery system ("ENDS") products went into effect on October 21, 2021. Demand Vape understandably relied on USPS's approval before shipping the products as confirmation that any receiving business could "lawfully receive" the shipments.

      The City also misstates the applicable damages recoverable for violations of the prohibition on mailing ENDS. The statute specifically provides the relief available to a state or local government that levies an excise tax on tobacco products:

> A State, through its attorney general, or a local government or Indian tribe that levies an excise tax on tobacco products, through its chief law enforcement officer, may in a civil action in a United States district court obtain appropriate relief with respect to a violation of this section. Appropriate relief includes injunctive and equitable relief and damages equal to the amount of unpaid taxes on tobacco products mailed in violation of this section to addressees in that State, locality, or tribal land.

18 U.S.C. § 1716E(h)(1). Accordingly, the potential relief available to the City is an injunction and damages equal to the amount of unpaid taxes on the tobacco products mailed in violation of



May 6, 2025
Page 3

the prohibition.[1] *Id.* The "additional penalties" provision to which the City cites are penalties available to the Federal Government should it seek to enforce the prohibition on mailability. *See* 18 U.S.C. § 1716E(c)-(f). This is exemplified by the requirement that "50 percent of any criminal fines, civil penalties, or other monetary penalties collected by the Federal Government in enforcing" the prohibition must be transferred into the "PACT Postal Service Fund." 18 U.S.C. § 1716E(f). Thus, even if the City could prove a violation of 18 U.S.C. § 1716E, which it cannot, it would not be entitled to the statutory "additional penalties" it seeks under 18 U.S.C. § 1716E(d) in any event.

      For these reasons, we respectfully submit that the Court should deny the City's request for a pre-motion conference, or alternatively, allow full briefing on any motion for summary judgment upon the completion of discovery.

      Thank you for your attention to this matter.

Respectfully submitted,

*/s/Eric N. Heyer*
Eric N. Heyer (admitted *pro hac vice*)
Joseph A. Smith (admitted *pro hac vice*)
Anna Stressenger (admitted *pro hac vice*)
Krupa Patel
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, DC 20036
Phone: 202.331.8800

Richard De Palma
THOMPSON HINE LLP
300 Madison Avenue
27th Floor
New York, NY 10017
Phone: 212.908.3969

---

[1] Neither New York State nor New York City imposes any excise tax on the types of business-to-business sales which the City accuses Demand Vape of making.



May 6, 2025
Page 4

                                            *Counsel for Defendants Magellan Technology, Inc., Ecto World, LLC, and Matthew J. Glauser*

cc:     All counsel of record (via ECF)