**THOMPSON HINE**

ATLANTA   CINCINNATI   COLUMBUS   LOS ANGELES   NEW YORK
CHICAGO   CLEVELAND   DAYTON   MINNEAPOLIS   WASHINGTON, D.C.

May 6, 2025

*Via ECF*

Hon. Louis L. Stanton
Southern District of New York
United States Courthouse
Courtroom 12C
500 Pearl St.
New York, NY 10007-1312

Re:   Defendant's Request for a Pre-Motion Conference in The City of New York v. Magellan Technology, Inc, et al., Civil Action No. 23-5880

Dear Judge Stanton:

Pursuant to Chambers Rule 2(A), Defendant Matthew J. Glauser ("Defendant" or "Glauser"), by and through his undersigned counsel, respectfully requests that this Court grant this request for a pre-motion conference. Defendant intends, and has good cause, to file a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings as to Count IV of the above-captioned case. While Defendant's forthcoming motion provides a detailed analysis of Glauser's bases for seeking a judgment on the pleadings, a high-level summary is as follows:

A Rule 12(c) motion for judgment on the pleadings challenges the legal sufficiency of the opposing party's pleadings. Where, as here, the motion is brought by a defendant, it is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss. *See Lively v. WAFRA Inv. Advisory Grp. Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). To survive a defendant's Rule 12(c) motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (internal quotations omitted). Taken as true, the City's *de minimis* allegations against Glauser are insufficient to state a claim against Glauser in his individual capacity for violation of New York Public Health Law § 1399-*ll*.

Count IV of Plaintiff's First Amended Complaint ("FAC") alleges that defendants violated N.Y. PHL § 1399-*ll*, which prohibits the sale and shipment of vapor products to any person in New York who does not hold a certificate of registration as a vapor products dealer under article 28-C of the state's tax law. However, the City has not alleged that Glauser ever personally sold or shipped a vapor product to an unlicensed individual or retailer in New York. In fact, in the City's one-hundred and eighty-six paragraph FAC, Glauser's name is mentioned only four times: (1) twice in paragraph 25, where the City describes him as a party; (2) once in paragraph 80, where the City states Glauser's relation to co-defendant Ecto World LLC d/b/a/ Demand Vape ("Demand Vape"); and (3) in paragraph 130, which is part of the City's RICO claims that have been dismissed, again noting that Glauser is "associated" with co-defendants Magellan Technology, Inc. ("Magellan") and Demand Vape. ECF 20

---

Eric.Heyer@thompsonhine.com   Fax: 202.331.8330   Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330



Hon. Louis L. Stanton
Southern District of New York
May 6, 2025
Page 2

at ¶¶ 25, 80, 130. Further, in the ten paragraphs the City dedicates to alleging violations of N.Y. PHL § 1399-*ll*, Glauser's name is conspicuously absent.

In addition to failing to state a claim against Glauser in his individual capacity, the City has also failed to make any factual allegations that would support piercing the corporate veil and holding Glauser personally responsible for the actions of co-defendants Magellan and Demand Vape. Alter ego liability, which is generally disfavored, "does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." *Morris v. State Dep't of Taxation & Fin.*, 623 N.E.2d 1157, 1160 (N.Y. 1993). "[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." The Second Circuit has enumerated a variety of factors that "would tend to show that defendant [company] was a dominated corporation" under the control of either an individual or another corporation.[1] The City has not alleged a single one of those ten factors against Glauser. Indeed, the City does not even mention "piercing the corporate veil" or "alter ego liability" in its FAC.

Accordingly, for the reasons outlined above and detailed in his forthcoming motion, Glauser seeks a pre-motion conference with this Court so that he may file his Rule 12(c) motion for judgment on the pleadings as to the single remaining count against him personally, Count IV of the City's FAC.

Dated: May 6, 2025                                     /s/ Eric N. Heyer
                                                       Eric N. Heyer (admitted *pro hac vice*)
                                                       Joseph A. Smith (admitted *pro hac vice*)
                                                       Anna M. Stressenger (admitted *pro hac vice*)
                                                       *Counsel for Defendant Matthew J. Glauser*

---

[1] These include: "(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.*, issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." *Wm. Passalacqua Builders v. Resnick Developers S.*, 933 F.2d 131, 139 (2d Cir. 1991).