

June 17, 2025

*Via ECF*

Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE: *The City of New York v. Magellan Technology, et al.*, No. 23-5880-LLS-OTW**

Dear Judge Stanton:

      We represent Defendant Ecto World, LLC d/b/a Demand Vape ("Demand Vape") in the above-referenced matter. We write in response to Plaintiff The City of New York's request via letter dated June 10, 2025, ECF No. 150, for an order permitting the City to disclose documents and information Demand Vape produced in this matter under a "confidential" designation pursuant to the Stipulation and Protective Order ("Protective Order"), ECF No. 138, to a third party, the United States Postal Inspection Service ("USPIS").

      As an initial matter, Demand Vape disputes many of the hyperbolic allegations and claims made in the City's letter, including objectively baseless claims that Demand Vape has engaged in criminal violations of 18 U.S.C. § 1716E. Contrary to the City's insinuations, neither this Court nor any other finder of fact has made *any* determination that Demand Vape has violated any federal, state, or local law or regulation raised in the City's amended complaint. Demand Vape declines the invitation to litigate the merits of the City's claims presented by the City's letter motion seeking narrow, unrelated relief.

      The Protective Order expressly states that documents produced in this action and identified as "confidential" shall be used "solely for this[sic] purpose of this Action and shall not be used in any other action or proceeding, or for any other purpose whatsoever, absent written consent by the Designating Party." *See* ECF No. 138, ¶ 4. The Protective Order specifically identifies who can be provided information that has been designated as "confidential," including the Court, the parties, counsel for the parties, court reporters, witnesses, and consultants and experts. *Id.*, ¶5. The Protective Order contains no exception that allows for disclosure of such documents to a third party based on a "request" from that non-party. Demand Vape thus construes the City's letter motion as a request under paragraph 20 of the Protective Order to modify or grant relief from that order "for good cause shown." *Id.*, ¶ 20.

Eric.Heyer@ThompsonHine.com    Fax: 202.331.8330    Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W.
Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
Phone: 202.331.8800
Fax: 202.331.8330



June 17, 2025
Page 2

  The Court should deny the City's request because the City has not shown good cause to justify allowing it to disclose the confidential discovery materials produced by Demand Vape. The City's letter motion seeks relief from the Protective Order for the sole and improper purpose of encouraging a third party—the U.S. Postal Service ("USPS")—to take punitive action against Demand Vape that the City lacks standing—whether in this lawsuit or otherwise—to seek itself. The City apparently expects that such action, if taken, will harm Demand Vape's business and so increase the City's leverage in this case. The Court should reject this transparent abuse of the discovery process for improper ends.

  In its April 20, 2025 letter motion seeking leave to file a motion for summary judgment, ECF No. 140, the City claimed that it was entitled to recover civil money penalties under 18 U.S.C. § 1716E(d) in an amount of $420,808,595.45. In its May 6, 2025 letter in response to the City's letter motion, ECF No. 147, Demand Vape pointed out that the City lacked standing to recover any civil money penalties under 18 U.S.C. § 1716E(d), and that if the City proved a violation of 18 U.S.C. § 1716E,[1] its available relief would be limited to an injunction and damages equal to the amount of unpaid taxes on the products mailed in violation of the prohibition. 18 U.S.C. § 1716E(h)(1).

  Prior to filing its letter motion, on June 6, 2025, the City advised the undersigned that USPIS "has requested information concerning Demand Vape's use of USPS to mail e-cigarettes, which I intend to provide." *See* Exhibit A. When the undersigned indicated that Demand Vape objected and asked for a copy of the relevant correspondence from USPS making the request, including "anything you sent them to initiate their request," the City refused, claiming that "I don't believe there is any basis for the City to produce privileged law enforcement communications."[2] *Id.*

---

[1]  Notably, the City has not even pled a claim under 18 U.S.C. § 1716E in its operative amended complaint, ECF No. 20, further underscoring the lack of good cause for the City's current request. The deadline to amend pleadings expired on July 26, 2024. ECF No. 125.

[2]  The City cited "law enforcement privilege" as a basis for refusing to provide evidence of any request by USPIS, but provided no support for asserting such privilege. The law enforcement privilege is a "qualified privilege," not an absolute privilege, the purpose of which is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Dinler v. City of N.Y. (In re City of N.Y.)*, 607 F.3d 923, 941 (2d Cir. 2010). The party asserting the law enforcement privilege bears the burden of establishing its applicability, and "any invocation of the law enforcement privilege must accordingly be accompanied by a specification as to what



June 17, 2025
Page 3

The foregoing exchange suggests that, having realized that it lacked standing to pursue the nine-figure recovery that it sought, the City instead turned to contacting USPIS in an effort to gin up an investigation into Demand Vape.[3] Demand Vape can only construe the City's refusal to turn over its communications with USPIS as an indication that the City has likely already disclosed information designated as "confidential" under the Protective Order in the process. The City now belatedly seeks authorization to disclose even more confidential information even though such disclosure is nowhere contemplated by the Protective Order that the City itself previously negotiated and signed.

No good cause exists to grant the City's request to modify the Protective Order and allow it to send copies of Demand Vape's confidential information to USPIS. Far from constituting good cause, the City's purpose of attempting to convince USPS to suspend or cancel Demand Vape's

---

investigations may be jeopardized by the production of the requested documents." *Kravitz v. Annucci*, No. 16-cv-08999-KMK-VR, 2025 U.S. Dist. LEXIS 102533, at *4 (S.D.N.Y. May 29, 2025) (internal brackets omitted) (quoting *Fountain v. City of New York*, 2004 U.S. Dist. LEXIS 7539, 2004 WL 941242, at *4 (S.D.N.Y. May 3, 2004)). Generalized assertions of the privilege, without specifying potential harm, or conclusory statements invoking the privilege are typically insufficient to support the assertion of the law enforcement privilege. *See Kravitz*, 2025 U.S. Dist. LEXIS 102533, at *4 (citing *MacNamara v. City of New York,* 249 F.R.D. 70, 79 (S.D.N.Y. 2008) (stating that party asserting privilege "must do more than alert the court to the relevant privilege or the generalized policies which support it" (cleaned up))); *White v. City of Mount Vernon*, 2022 U.S. Dist. LEXIS 198805, 2022 WL 16578086, at *3 (S.D.N.Y. Nov. 1, 2022) (holding parties may not discharge burden to justify invoking privilege "by mere conclusory or ipse dixit assertions" (cleaned up)).

The City has not provided any evidence of a request by USPIS for any of Demand Vape's information, or support for invoking the law enforcement privilege as a basis for refusing to provide such evidence. It is unclear how providing such evidence would harm or impair any investigation when the City has already alerted Demand Vape, and this Court, of USPIS's alleged investigation and request for documents. If there is some concern for the privacy of individual USPIS investigators, however unfounded it may be, such information can be easily redacted. As such, before even considering the City's request, the Court should require the City to disclose the documentation supporting such a request and confirming its existence and that any request was not prompted by the City's anticipatory breach of the Protective Order.

[3]   Such would not be the first time during the pendency of this action that the City has approached (or cooperated with) non-parties with claims that Demand Vape has engaged in illegal activity in an attempt to convince those non-parties to take some action detrimental to Demand Vape's business. Demand Vape has been able to confirm that the City has previously done so with at least two, if not three, other non-parties, including at least one of Demand Vape's competitors.



June 17, 2025
Page 4

Business Purpose Exception to the general prohibition on the non-mailability of ENDS is improper and contradicts the very purpose of the discovery mechanisms that exist under the Federal Rules of Civil Procedure. *See DaCosta v. City of Danbury*, 298 F.R.D. 37, 39-40 (D. Conn. 2014) (noting that the discovery rules "compel parties . . . to divulge information for the sole purpose of assisting in the preparation and trial, or the settlement, of litigation disputes," that "dissemination for non-judicial purposes is unusual and rightly so," and that "[t]he liberality of [the discovery] process creates 'a significant potential for abuse' [including] misuse of court process . . . . Courts therefore must be mindful that the purpose of discovery is to 'facilitate orderly preparation for trial . . . .'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32, 34-35 (1984), and *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)); *see also Springs v. Ally Fin., Inc.*, No. 3:10-cv-311-MOC-DCK, 2014 U.S. Dist. LEXIS 182064, at *12-13 (W.D.N.C. Dec. 2, 2014) (finding protective order appropriate to prevent plaintiff from using video of deposition outside of proceedings).

As a law enforcement agency, USPIS can obtain any documentation it seeks through a direct request to Demand Vape, rather than from the City, including through a subpoena if USPIS so chooses. *See, e.g.*, 39 C.F.R. § 233.1(c). And, as the City acknowledges, USPIS already has information or access to information relating to Demand Vape's use of USPS through Demand Vape's original and regularly updated Business Purpose Exception applications (which USPS has approved) and supporting documents, as well as Demand Vape's USPS shipment records. There simply is no good cause to modify the Protective Order or its limitations to allow the City to disclose information produced in discovery as confidential to USPIS.

For these reasons, Demand Vape respectfully requests that the Court deny the City's request for an order permitting it to disclose Demand Vape's information and documentation that was identified as confidential and produced pursuant to the Protective Order.

Thank you for your attention to this matter.

        Respectfully submitted,

        */s/Eric N. Heyer*
        Eric N. Heyer (admitted *pro hac vice*)
        Joseph A. Smith (admitted *pro hac vice*)
        Anna Stressenger (admitted *pro hac vice*)
        Krupa Patel
        THOMPSON HINE LLP
        1919 M Street, N.W., Suite 700
        Washington, DC 20036
        Phone: 202.331.8800



June 17, 2025
Page 5

*Counsel for Defendant Ecto World, LLC
d/b/a Demand Vape*

cc:   All counsel of record (via ECF)

# Exhibit A

## Heyer, Eric

| | |
|---|---|
| **From:** | Proshansky, Eric (Law) <eproshan@law.nyc.gov> |
| **Sent:** | Friday, June 6, 2025 10:54 AM |
| **To:** | Heyer, Eric; Smith, Joseph; Patel, Krupa |
| **Cc:** | Jung, Alexandra (Law); Slater, Elizabeth (LAW); Iqbal, Aatif (LAW) |
| **Subject:** | RE: [EXTERNAL] RE: Disclosure |

**CAUTION EXTERNAL EMAIL**

Eric – I don't believe there is any basis for the City to produce privileged law enforcement communications. I will raise the disclosure issue with the court and seek a ruling and you can lodge your objection in that context.

Eric Proshansky
Deputy Chief, Division of Affirmative Litigation
New York City Law Department
100 Church Street, Room 20-99
New York, NY 10007
Office (212) 356-2032
Cell (917) 913-8523

**From:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Sent:** Friday, June 6, 2025 10:04 AM
**To:** Proshansky, Eric (Law) <eproshan@law.nyc.gov>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Patel, Krupa <Krupa.Patel@thompsonhine.com>
**Cc:** Jung, Alexandra (Law) <aljung@law.nyc.gov>; Slater, Elizabeth (LAW) <eslater@law.nyc.gov>; Iqbal, Aatif (LAW) <Aiqbal@law.nyc.gov>
**Subject:** [EXTERNAL] RE: Disclosure

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

We object. Please send a copy of the relevant correspondence from USPS (including anything you sent them to initiate their request).

Eric

**From:** Proshansky, Eric (Law) <eproshan@law.nyc.gov>
**Sent:** Friday, June 6, 2025 9:38 AM
**To:** Heyer, Eric <Eric.Heyer@thompsonhine.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Patel, Krupa <Krupa.Patel@thompsonhine.com>
**Cc:** Jung, Alexandra (Law) <aljung@law.nyc.gov>; Slater, Elizabeth (LAW) <eslater@law.nyc.gov>; Iqbal, Aatif (LAW) <Aiqbal@law.nyc.gov>
**Subject:** Disclosure

**CAUTION EXTERNAL EMAIL**
Counsel -- The U.S. Postal Inspection Service has requested information concerning Demand Vape's use of USPS to mail e-cigarettes, which I intend to provide, particularly in light of the court's rejection of Demand Vape's sealing request. Please let me know if you object so the issue can be raised with the court.

Eric Proshansky
Deputy Chief, Division of Affirmative Litigation
New York City Law Department
100 Church Street, Room 20-99
New York, NY 10007
Office (212) 356-2032
Cell (917) 913-8523