

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** <br> *Acting Corporation Counsel* | 100 CHURCH STREET <br> NEW YORK, NEW YORK 10007 | **Eric Proshansky** <br> Assistant Corporation Counsel <br> 212.356.2032 <br> eproshan@law.nyc.gov |

June 20, 2025

**By ECF**
The Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *The City of New York v. Magellan Technology, et al.*, Case No. 23-5880 (LLS)

Dear Judge Stanton:

      This office represents plaintiff the City of New York (the "City") in the above-referenced matter. The City respectfully files this reply in support of its June 10, 2025, letter-motion seeking an order permitting the City to disclose certain discovery materials to the United States Postal Inspection Service ("USPIS") (*Dkt. No*. 150). As Defendant Ecto World LLC, d/b/a Demand Vape ("Demand Vape") notes, the City's motion is a request under paragraph 20 of the Protective Order (*Dkt. No*. 138) to modify or grant relief from that order "for good cause shown." *Dkt. No*. 151 at 1.

      **The Information To Be Disclosed Is Not Confidential** -- The City notes at the outset that Demand Vape's current effort to continue to hold confidential certain discovery materials regarding its sales into the City should be rejected on the very same basis that the Court rejected Demand Vape's earlier request to seal sales information. The Court rejected that request to seal because "Demand Vape did not 'explain the particular reasons for seeking to file [a letter containing purportedly confidential information] under seal[.]'" *Dkt. No*.149 (citing *Individual Practices of Judge Louis L. Stanton*, paragraph 3(b)). Here again Demand Vape never explains (or even attempts to explain) why the information in question on this motion is "information that contains confidential financial information, or that contains commercially, competitively, or otherwise sensitive information …," the only grounds for confidentiality. *See Dkt. No*. 137 at ¶ 1.a. Nor does Demand Vape ever address what harm, if any, it would suffer as a result of the extremely narrow disclosure – to USPIS only – proposed here. *See Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

Thus, Demand Vape does not explain how discovery materials disclosing that "Demand Vape mailed 10 boxes of cherry-vanilla e-cigarettes to Joe's Vape Store in the Bronx" could reveal commercially, competitively or otherwise sensitive information the disclosure of which would be harmful. Demand Vape could not have succeeded in showing customer sales to be confidential even had it attempted to do so. As Demand Vape describes, its application for permission to mail e-cigarettes under the Business Exception *has already provided USPS with the names of all of customers* to whom Demand Vape mails e-cigarettes. *Dkt. No*. 151 at 4.  USPS thus already has in its possession, courtesy of Demand Vape itself, Demand Vape's customer list, typically the most sensitive element of sales information. The City's proposed disclosure to USPIS would merely show the mailing dates, brands and USPS tracking numbers of Demand Vape's mailings to those disclosed customers. Demand Vape has not explained why that information should be deemed "sensitive" or how the company would sustain harm if USPIS were to possess the information. USPIS certainly has no reason to disseminate to others information concerning Demand Vape's mailings.[1]

The Confidentially Order provides that "[t]he burden of proof that a document should be designated Confidential or Attorneys' Eyes Only shall be on the Designating Party." *Id*. at ¶ 13. Having done nothing to meet that burden, Demand Vape's information is not confidential under the terms of the Confidentiality Order and should not receive any of the protections of that Order. Because the information proposed for disclosure is not subject to protection, providing it to USPIS does not even require a showing of good cause.

**Good Cause** – Nonetheless, a showing of good cause(s) for the requested information transfer is easily made. Demand Vape's accusation that the City seeks to harm Demand Vape's business to "gain leverage," *Dkt. No*. 151 at 2, is unsupported by an iota of evidence. First, the complaint's public health-related allegations and public nuisance claim more than sufficiently establish good cause for ending the flow of flavored e-cigarettes to the City's youth that is mediated by Demand Vape's abuse of the Business Exception.  Second, Demand Vape gives no consideration to the fact that the City's task in this litigation requires proof that Demand Vape violates the PACT Act. Those violations consist, *inter alia*, of Demand Vape's improper use of the mails to transport e-cigarettes. Demand Vape defends with a claim that its use is legal under the Business Exception. *See Dkt. No*. 147 at 1. The evidence the City proposes to provide to USPIS will establish to that agency that Demand Vape's mailings do not qualify for the Business Exception. A consequent revocation by USPS of Demand Vape's Business Exception permission serves as support for, if not proof of, the City's allegations that Demand Vape has violated 18

---

[1] In fact, the City was required by USPIS to sign a non-disclosure agreement before USPIS would disclose to the City merely the names of e-cigarette sellers utilizing the Business Exception.

The City can obviate even the non-problem of providing USPIS with Demand Vape's mail deliveries by redacting the recipient names and leaving only the Zip Codes or even the partial Zip Codes (which would exclude the identity of the borough of delivery) and the USPS tracking numbers on Demand Vape's mailings. Showing that flavored e-cigarettes were mailed even to unidentified recipients, at unidentified locations but in the City is sufficient proof of a violation of the Business Exception and the PACT Act itself.

U.S.C. § 1716E. That alone provides good cause for the requested disclosure as part of the City's proof of its allegations.

Nowhere does Demand Vape deny the City's contention that Demand Vape violates the Business Exception's requirements, but instead raises red herrings concerning the City's PACT Act standing or the City's motivation, none of which address the present confidentiality issues.[2] These omissions and distractions are themselves evidence that Demand Vape has no meritorious arguments to address the only issue at hand – modification of the protective order.

The City accordingly respectfully requests that the Court issue an order modifying the confidentiality order to permit the City to disclose to the USPIS Demand Vape's use of the mails to deliver e-cigarettes into the City.

Thank you for your attention to this matter.

Very truly yours,

Eric Proshansky
Assistant Corporation Counsel

---

[2] Demand Vape claims that the City has not pleaded violations of 18 U.S.C. 1716E, *see Dkt. No.* at n.1. Even if true, the contention would have no bearing on whether the protective order should be modified. The contention is incorrect however because section 1716E is within the PACT Act. *See* 111 P.L. 154, 124 Stat. 1087. The City has pleaded claims under the PACT Act as a whole, demanding judgment "[o]n the First Claim For Relief, pursuant to the PACT Act, 15 U.S.C. § 375 *et seq*." *Dkt. No*. 20 at 49 (emphasis added). Pleadings need not cite to specific statutory provisions. "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (citing *Newman v. Silver*, 713 F.2d 14, 15 n.1 (2d Cir. 1983)).