

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

| **MURIEL GOODE-TRUFANT** | 100 CHURCH STREET | **Eric Proshansky** |
| *Corporation Counsel* | NEW YORK, NEW YORK 10007 | Assistant Corporation Counsel |
| | | 212.356.2032 |
| | | eproshan@law.nyc.gov |

August 13, 2025

The Honorable Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *City of New York v. Magellan Technology, Inc., et al.*, No. 23-cv-5880 (S.D.N.Y.)

Dear Judge Stanton:

    This office represents Plaintiff the City of New York (the "City") in this action. The City respectfully requests that the Court schedule a premotion conference pursuant to your Honor's Individual Practices 2(A) and Local Civil Rule 37.2 to address a motion to compel defendants Magellan Technology Inc., Ecto World, LLC d/b/a Demand Vape ("Demand Vape"), and Matthew Glauser (together, the "Magellan Defendants") to produce documents responsive to the City's discovery demands.

    Discovery in this action is due to conclude on September 29, 2025 following an extension granted on July 30, 2025 (Dkt. No. 159). The City has made a substantial production of documents to the Magellan Defendants, including ESI based on email searches of identified City custodians using designated search terms. The Magellan Defendants, however, have not reciprocated. Instead of engaging in good faith discovery efforts, they have made minimal productions of limited categories of documents despite repeated prompting by the City. Emblematic of the Magellan Defendants' production is that not *a single email communication* responsive to the City's requests for production has been produced since the Court issued the first Scheduling Order in this case on June 28, 2024, over a year ago. Nor have the Magellan Defendants identified ESI custodians or provided designated search terms. Instead, they have demanded that *the City* identify which City requests for production might likely generate emails, and who the relevant *Magellan* custodians would be. The Magellan Defendants have stated that they will not conduct company-wide searches for documents because doing so would be "too burdensome."

    The City has received *no documents*—email communications or otherwise—in response to the following requests for:

1

1. Documents and communications received by Demand Vape from the federal Food and Drug Administration regarding e-cigarettes;

2. Documents and communications received by Demand Vape from New York State regarding the e-cigarettes. New York State served an investigative subpoena on Demand Vape which yielded a document production to the State. None of those documents have been produced to the City.

3. Documents or communications with foreign manufacturers of e-cigarettes involving manufacturing, sales, or importation of e-cigarettes and/or flavored vapor products;

4. Documents or communications showing the entities from which Demand Vape has purchased flavored e-cigarettes;

5. Documents showing the business relationship between Magellan Technology, Inc. and Ecto World, LLC, d/b/a Demand Vape;

6. Deposition transcripts and documents produced in the proceeding before the International Trade Commission entitled Certain Disposable Vaporizer Devices and Components and Packaging Thereof, Inv. No. 337-TA-1381, filed October 13, 2023.

Most of the documents that the Magellan Defendants have produced are what appear to be summary spreadsheets of sales and shipments. Those spreadsheets are replete with missing information, inconsistent data, and "dummy" entries. For example, the City has knowledge of certain sales by Demand Vape to retailers in the City, but the summary spreadsheets produced by Demand Vape do not include those sales. In addition, the spreadsheets produced purport to show the means by which products sold to City retailers were shipped into the City but Demand Vape's principal testified at his deposition that the shipping records actually only designate "placeholder" entries that do not in reality reflect the actual shippers. The spreadsheets also are filled with discrepancies in that sales records are not matched by shipment records, and there are shipment records that do not match with sales records. The City forwarded detailed examples of the discrepancies in the summary spreadsheets to Demand Vape. The request for correction was not even acknowledged much less acted upon: No corrections have been received. The Magellan Defendants have also produced sales invoices, but the City specifically requested communications around those sales and records detailing shipment methods. No such communications have been produced.

The City has had at least three meet and confers with the Magellan Defendants and has made repeated requests for documents to be produced over email. The City's efforts have been to no avail, leading the City to conclude that it is being stonewalled by the Magellan Defendants. The City, therefore, respectfully requests a conference to address the Magellan Defendants' abuse of the discovery process and specifically the failure to produce responsive documents. We note that there is a similar request pending with respect to the Empire defendants who have produced no documents at

all—an even more flagrant abuse of the discovery process.

    Thank you for your attention to this matter.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel
