

ATLANTA   CINCINNATI   COLUMBUS   LOS ANGELES   NEW YORK
CHICAGO   CLEVELAND   DAYTON   MINNEAPOLIS   WASHINGTON, D.C.

August 25, 2025

*Via ECF*

Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:** ***The City of New York v. Magellan Technology, et al.*, No. 23-5880-LLS-OTW**

Dear Judge Stanton:

      Magellan Technology, Inc., Ectoworld, LLC d/b/a Demand Vape, and Matthew J. Glauser (collectively, "Defendants") respectfully submit this opposition to Plaintiff the City of New York's ("the City") pre-motion letter, ECF No. 163, seeking leave to move to compel documents in response to the City's Requests for Production.

      The City's submission mischaracterizes the factual record and the parties' meet-and-confer efforts, and it ignores the proportionality limits imposed by Federal Rule of Civil Procedure 26(b)(1). Only a few discovery issues remain, and the parties are working to resolve them. The requested conference would neither advance the litigation nor conserve judicial resources. Accordingly, the Court should deny the request or, in the alternative, refer the matter to the Magistrate Judge with instructions that the parties continue to negotiate a reasonable and proportionate discovery protocol. As the City stated in response to Defendants interrogatories seeking the factual grounds for the City's claims and claimed damages, such a motion is premature.

      Defendants have participated in the discovery process in good faith. Defendants have produced the core information sought by the City, having made six rolling productions comprising business records, shipping-carrier invoices and records, customer-sales records, and detailed SKU-level spreadsheets reflective every sale of the products at issue during the relevant time period. The spreadsheets were generated directly from Defendants' enterprise resource-planning ("ERP") system and contain the transaction-level data the City needs to calculate sales volumes, distribution channels, and shipment destinations.

      The City's allegation that the spreadsheets contain "dummy entries" is misplaced: as explained during Mattew Glauser's Deposition on April 8, 2025 and the July 17, 2025 teleconference, the ERP system auto-populates the shipping field whenever goods are transferred without an explicit carrier inputted into the system. Those "place-holder" values do not signify missing data or falsified data, rather, they accurately reflect a transfer point in the supply chain. Defendants sufficiently explained the reason for the alleged discrepancies in the spreadsheets, and

Ryan.Callinan@ThompsonHine.com   Fax: 202.331.8330   Phone: 202.263.4152

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W.
Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
Phone: 202.331.8800
Fax: 202.331.8330



August 25, 2025
Page 2

produced updated sales spreadsheets. Some of the examples identified by the City were instances when no sale was actually completed, resulting in them not being included in the sales records produced by Defendants. To ensure accuracy of information, Defendants produced three additional explanatory data sheets along with every single invoice for customers with a New York City zip code. This endeavor resulted in an exorbitant expense and a drain on resources and time.

Additionally, the City's claim of non-production of information related to entities from which Demand Vape has purchased flavored e-cigarettes overlooks the materials already produced and the depositions conducted. As Mr. Glauser testified, Demand Vape does not purchase e-cigarettes from parties other than Magellan. Significantly, Defendants have produced all purchase records and a list of all suppliers of e-cigarettes. To the extent any additional suppliers or purchases are identified, Defendants will supplement their production. With respect to the relationship between Magellan Technology and Ecto World, Defendants have also explained this relationship both through deposition and document productions.

As to the request for documents and communications received by Demand Vape from the FDA, Plaintiff has not explained the relevance of such documents. These communications and documents are unrelated to the City of New York or its claims. Plaintiff has no claim relating to the FDCA and it is preempted from seeking to enforce the FDCA. While Defendants question the relevance of any communications with FDA, Defendants have turned over documents received from the FDA and will endeavor to supplement any missing documents. The City's expectation that there will be a considerable number of documents and communications is also incorrect.

Demand Vape is also willing produce documents and communications received by Demand Vape from New York State; however, the City is already aware of the allegedly relevant communications based on the subpoena that was received by Demand Vape. Notwithstanding this, any documents produced in response to that subpoena are not encompassed by that request as it seeks only those documents and communications received by Demand Vape.

As to the City's requests for documents or communications with foreign manufacturers, as noted above, Defendants have produced purchase records as well as a list of suppliers and vendors. The City's demand for communications, from foreign manufacturers and generally, is facially overbroad, disproportionate to the needs of the case, and unduly burdensome, particularly given the unclear relevance of such communications. The City essentially seeks to have Defendants conduct a "company-wide" email harvest without proposing search terms, custodians, or date limits. A producing party is not required to embark on an unguided, burden-heavy search; instead the requesting party must cooperate in defining a reasonable search protocol. *See* Fed. R. Civ. P. 26(b)(1) & 34(b)(2)(B). To date, the City has supplied no proposed custodians and the terms from the request is so generic that it seeks the entirety of any communications Defendants may have had with any foreign manufacturer without any limitation on scope as to relevance. The request,



August 25, 2025
Page 3

as drafted, would encompass every communication, regardless of subject matter, relevance, or time period between Defendants and their overseas suppliers, including routine logistical, technical, and administrative correspondence unrelated to the City's claims or even the City of New York. Similarly, given the nature of the City's requests, its generic demand for communications without identified custodians, or even search terms, a search of emails would result in tens of thousands of irrelevant emails such as communications outside of and unrelated to New York City, routine customer inquiries, marketing newsletters, and spam.

Finally, as to the City's request for deposition transcripts and documents produced in Certain Disposable Vaporizer Devices, Inv. No. 337-TA-138 case that was before the International Trade Commission, the City has not explained the relevance of such documents to this case. Unlike this case, which relates to claims arising from Demand Vape's sales to businesses in New York City, the ITC matter related to alleged PACT Act violations nationally—meaning almost all of the discovery related to States and jurisdictions outside of New York City and the State of New York. This is particularly obvious given Demand Vape did not file PACT registrations or reports with New York or New York City, as it has made clear in its briefings before this Court. It is unclear what, if any, relevance documents related to sales, shipments, or PACT Act outside of New York and New York City have to the City's allegations. Moreover, given Defendants produced more than 45,000 documents in the ITC investigation, the City's demand that they produce all of these irrelevant and unrelated documents is not proportional to the needs of the case. Further, to the extent the City is seeking documents produced by other parties, the Protective Order entered in that matter prohibits Defendants from disclosing such information absent written consent from all participants, and violations of the Protective Order are not taken lightly by the ITC, exposing Defendants and counsel to potential significant and serious sanctions.

Defendants are continuing to collect, review, and, where appropriate, and will supplement its production as listed here. While the parties' discussions continue to narrow the discovery issues in dispute, the Court should deny Plaintiff's request for a pre-motion conference as premature.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/* Ryan A. Callinan
Ryan A. Callinan
Eric N. Heyer (admitted *pro hac vice*)
Joseph A. Smith (admitted *pro hac vice*)
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700



August 25, 2025
Page 4

        Washington, DC 20036
        Phone: 202.331.8800

        Richard De Palma
        THOMPSON HINE LLP
        300 Madison Avenue
        27th Floor
        New York, NY 10017
        Phone: 212.908.3969

        *Counsel for Defendants Magellan Technology, Inc., Ecto World, LLC, and Matthew J. Glauser*



## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2025, I caused to be served on counsel of record, electronically via the ECF, a true and correct copy of the foregoing Joint Letter Motion.

                                                                     s/ Ryan Callinan
                                                                     Ryan Callinan


cc:      All counsel of record (via ECF)