ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

                Plaintiff,

- against -

MAGELLAN TECHNOLOGY, INC.; ECTO WORLD, LLC, D/B/A DEMAND VAPE; MATTHEW J. GLAUSER; DONALD HASHAGEN; MAHANT KRUPA 56 LLC D/B/A EMPIRE VAPE DISTRIBUTORS; NIKUNJ PATEL; DEVANG KOYA; STAR VAPE CORP.; NABIL HASSEN; DORBES LLC, D/B/A HYDEVAPEOFFICIAL.COM; CHRISTIAN A. SMITH,

                Defendants.

23 Civ. 5880 (LLS)

ORDER

    Plaintiff's motion for a preliminary injunction (Dkt. No. 41) is denied. The scarcity of evidence, the closeness of the considerations argued, and the acquiescence of both sides in deferring the issue until discovery was completed all converge on one conclusion: the issue of an injunction should be reserved for trial, not a makeshift "preliminary" measure.

    "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985). The years-long delay in pursuing preliminary injunctive relief confirms that the current status quo may be maintained. At present, the identity of the ultimate victor is unpredictable, a preliminary injunction would be based on guesswork, and the need for it is unclear.

    So Ordered.

Dated: New York, New York
       September 17, 2025

                                            Louis L. Stanton
                                              LOUIS L. STANTON
                                                 U.S.D.J.