

# THE CITY OF NEW YORK
## LAW DEPARTMENT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

January 13, 2026

The Honorable Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *City of New York v. Magellan Technology, Inc., et al.*, No. 23-cv-5880 (S.D.N.Y.)

Dear Judge Stanton:

    This office represents Plaintiff the City of New York (the "City") in this action. We write to update the Court, in advance of the upcoming hearing, regarding the matters as to which the City has previously filed premotion letters. (*See* Dkt. Nos 140–42, 156, 163, 165, 170.)

    As was the case when we filed our August 13, 2025 premotion letter with respect to the Magellan Defendants, the City has made substantial productions of documents to the Magellan Defendants (including ESI based on email searches of identified City custodians using designated search terms), while the Magellan Defendants have made minimal productions of limited categories of documents despite repeated prompting by the City. The Magellan Defendants have not produced a single email communication responsive to the City's requests for production, or identified ESI custodians, or suggested search terms. It is not plausible that a business in this day and age does not utilize email communications or that email communications could not be relevant to the City's document requests.

    In justifying this refusal, Defendants have argued that they have produced other responsive documents and have otherwise cited the "burden" of identifying custodians and search terms. Neither objection is adequate. Email correspondence is not duplicative of documents like transaction records or invoices. *See Thomas v. City of New York*, 336 F.R.D. 1, 2-3 (E.D.N.Y. 2020) ("The mere existence of overlap and some duplication is insufficient to preclude the discovery sought. Furthermore, even if duplicative, obtaining the information about custodian of a text message or email yields pertinent information…"); *Finkelstein v. Bical*, No. 23-CV-00049-LDH-SJB, 2023 U.S. Dist. LEXIS 222888, at *3 (E.D.N.Y. Dec. 14, 2023). And in this case, communications with purchasers have obvious relevance to a range of probative issues, such as defendants' understanding of whether their customers were "lawfully operating as a manufacturer, distributor, wholesaler, or retailer of cigarettes or

smokeless tobacco" under 15 U.S.C. § 375(4) as well as defendants' compliance with the PACT Act's packaging, labeling, weight, and adult signature requirements for ENDS shipments. And identifying a few sales employees as custodians would be a trivial burden for a company with $500 million in annual revenue like Demand Vape.

The Empire Defendants also have still not produced any documents, despite numerous requests from the City. We would like to discuss moving for default for failure to participate in this proceeding. *See City of N.Y. v. Mickalis Pawn Shop*, LLC, 645 F.3d 114 (2d Cir. 2011) (the "plain meaning of the phrase 'otherwise defend'" in Fed. R. Civ. P. 55(a) is "broad enough to support entry of default even after a defendant has filed an answer asserting affirmative defenses").

We thank the Court for its attention to these matters.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel