

# THE CITY OF NEW YORK
## LAW DEPARTMENT

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | Eric Proshansky<br>Assistant Corporation Counsel<br>212.356.2032<br>eproshan@law.nyc.gov |

January 29, 2026

The Honorable Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *The City of New York v. Magellan Technology, et al.*, No. 23-cv-5880 (LLS)

Dear Judge Stanton :

    We represent Plaintiff the City of New York (the "City") in this action against, among others, Defendants Ecto World LLC d/b/a/ Demand Vape ("Demand Vape"), Magellan Technology, Inc. ("Magellan") and Mahant Krupa 56, LLC d/b/a Empire Vape Distributors, Nikuunj Patel, and Devang Koya (the "Empire Defendants") for distributing e-cigarettes in violation of the Prevent All Cigarettes Trafficking ("PACT") Act, 15 U.S.C. § 375 *et. seq*., N.Y. Public Health Law § 1399-*ll,* and the law of public nuisance.  The City respectfully requests that the Court accept this letter motion for an order compelling Demand Vape, Magellan, and the Empire Defendants to comply with their discovery obligations. Demand Vape and Magellan have failed to produce any correspondence with customers or suppliers in response to the City's discovery demands.  The Empire Defendants have failed to produce any documents whatsoever.  The City has had numerous meet and confers with the Defendants, who have failed to offer any meaningful objections to the City's discovery demands, asserting boilerplate references to "burden" and "relevance."  As a result, the City has been left with no choice but to bring this motion to compel.

## BACKGROUND

    The City commenced this case on July 10, 2023, alleging that Defendants sell in interstate commerce flavored e-cigarettes, an established means of causing youth nicotine addiction.  The City amended its complaint on August 17, 2023.  In its Amended Complaint, the City alleges that Defendants—among the largest distributors of flavored e-cigarettes into New York City—have created, and continue to contribute to, an "epidemic of youth e-cigarette use" in violation of the PACT Act, the RICO statute, N.Y. Pub. Health L. § 1399-ll, and the law of public nuisance.  The

Amended Complaint alleges that Defendants engaged in delivery sales to customers, that they make sales to sub-distributors and retailers in New York State and New York City, and that Defendants' products create a public nuisance by injuring the health and safety of New Yorkers by contributing to the widespread use of flavored vapes among youth in New York.

On October 17, 2023, Demand Vape and Magellan filed a motion to dismiss. The Empire Defendants moved to dismiss on October 27, 2023. On May 24, 2024, the Court for the most part denied Defendants' motions to dismiss. The Court upheld the City's claims under the PACT Act, N.Y. Pub. Health L. § 1399-ll, and public nuisance, but dismissed the RICO claim with leave to replead (which the City declined to do).

The City served requests for production ("RFPs") on June 4, August 19, and December 10, 2024. Exs. 1, 2, 3. Demand Vape and Magellan responded to each RFP respectively on June 24, 2024, September 18, 2024, and January 9, 2025. Exs. 5, 6, 7. The Empire Defendants responded to the first RFP on July 12, 2024, but did not respond or object to the second or third RFPs. Ex. 4.

In their Responses and Objections ("R&Os"), Demand Vape and Magellan made clear they would only make narrow productions, such as producing only documents "sufficient to show" certain sales, but would not produce any sales- or supplier-related communications, despite the City having requested those documents. Ex. 6. The Empire Defendants indicated that they would produce some documents, but they never did. Ex. 4.

The City has spent the past year fruitlessly seeking from Defendants the discovery to which the City is entitled under the Federal Rules of Civil Procedure. To date, the Empire Defendants have not produced a single document, despite numerous discovery extensions. Demand Vape and Magellan have produced some documents, but they are limited primarily to spreadsheets reporting sales and shipments of flavored e-cigarettes to e-cigarette dealers in New York City; spreadsheets reporting purchases of flavored e-cigarettes; copies of licenses of Demand Vape's customers; and invoices. Demand Vape and Magellan refuse, however, to produce entire categories of documents to which the City is entitled: communications with the Federal Drug Administration and the ATF regarding e-cigarettes; documents and communications from New York State regarding flavored e-cigarettes, including the documents comprising Demand Vape's response to New York State's investigatory subpoena; communications with foreign manufacturers of e-cigarettes; communications with Demand Vape's suppliers of e-cigarettes; and communications concerning the sales of flavored vapes in New York State. Instead, Demand Vape and Magellan adhere to an across-the-board position that emails and other forms of electronic communication cannot possibly be relevant to the City's causes of action. Consequently, they have not produced *a single email, text message or any inter-company or intra-company communication, in any form*.

Magellan and Demand Vape's position is effectively that a company with hundreds of employees, conducting hundreds of millions of dollars in annual business nationwide, does so without engaging in *any* relevant communication either internally, or with its customers and suppliers, or with regulatory authorities. The result is that Magellan and Demand Vape continue to thwart discovery of the elements required of the City to prove its causes of action. The City has no choice but to seek the Court's intervention and request an order compelling Defendants to comply with the Federal Rules of Civil Procedure. Notably, Magellan and Demand Vape have taken the same position in two other litigations pending in this court,

requiring numerous time-wasting meet-and-confers and likely requiring motion practice in those cases.[1] This pattern of non-compliance with the Federal Rules should not be permitted to continue.

The City certifies that it has in good faith conferred with Defendants in an effort to obtain the sought-after discovery without court action, pursuant to Fed. R. Civ. P. 37(a)(1). It has sought to engage productively with Defendants through correspondence and numerous meet-and-confers, including ones conducted after the City initially sought permission to compel against the Defendants.[2] Despite communicating its demands to Defendants, it has not convinced the Empire Defendants to produce documents or Demand Vape and Magellan to budge from their stubbornly held, unexplained position reading their decision not to produce communications.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is "relevant" if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "'In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable.' Relevance thus is broadly construed." *Mandarin Oriental, Inc. v. HDI Glob. Ins. Co.*, 2025 U.S. Dist. LEXIS 219184, *11 (S.D.N.Y. Nov. 6, 2025) (quoting *Nat'l Cong. For Puerto Rican Rts. V. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) and collecting cases).

Under Rule 34(a), one party may serve on another party a request to produce designated documents or records within their possession, custody, or control. If the recipient party fails to produce documents, the party seeking discovery may move for an order under Rule 37(a)(3) compelling production or inspection. The moving party bears the initial "burden of demonstrating potential relevance of the discovery requested." *White v. Cty. of Suffolk*, No. 20-cv-1501, 2022 U.S. Dist. LEXIS 71684, at *7 (E.D.N.Y. Apr. 19, 2022). Once satisfied, that burden shifts back to the recipient party to "establish that the request lacks relevance, despite the broad and liberal construction afforded the federal discovery rules." *Id.* If the recipient party raises other objections under the Federal Rules of Civil Procedure, they bear the affirmative burden of "showing why discovery should be denied." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, LLC, 314 F.R.D. 85, 87 (S.D.N.Y. 2016).

---

[1] *City of N.Y. v. Puff Bar*, No. 25-cv-2850 (S.D.N.Y. Apr. 7, 2025); *City of N.Y. v. Enviromd Grp. LLC*, No. 24-cv-5161 (S.D.N.Y. Jul. 8, 2024 ).

[2] The City filed an initial letter regarding the Empire Defendants' discovery deficiencies on July 29, 2025, *see* Dkt. No. 156, and a letter regarding Demand Vape and Magellan's discovery deficiencies on August 13, 2025, *see* Dkt. No. 163.

## ARGUMENT

### 1. Discovery Related to the Empire Defendants

Despite receiving the City's discovery demands in late 2024 and early 2025, this Court's grant of numerous discovery extensions (Dkt. Nos. 159, 169), and the City's July 29, 2025 letter to the Court, the Empire Defendants have made no visible effort to produce any discovery and have offered no justification for their refusal to produce documents. As a result, the City requests an order under Fed. R. Civ. P. 37(a)(3)(iv) compelling the Empire Defendants to produce documents in response to the City's discovery requests by February 27, 2026. If the Empire Defendants continue to withhold documents in response to this Court's order, the City intends to move for sanctions under Fed. R. Civ. P. 37(b)(2)(A). *See Ryan v. Rock Grp., NY Corp.*, 2019 U.S. Dist. LEXIS 218252, *16 (S.D.N.Y. Dec. 16, 2019) (imposing sanctions for "Defendants' failure to comply with its discovery obligations").

### 2. Discovery Related to Demand Vape and Magellan

Demand Vape and Magellan have improperly refused to produce the following information properly sought by the City in its Second RFP served August 19, 2024: (1) communications concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State (RFP 15); (2) documents and communications from the federal Food and Drug Administration regarding e-cigarettes (RFP 3); (3) documents and communications received by Demand Vape from New York State regarding e-cigarettes (RFP 4); (4) documents or communications with foreign manufacturers of e-cigarettes involving manufacturing, sales, or importation of e-cigarettes and/or flavored vapor products (RFP 12); and (5) documents or communications showing the entities from which Demand Vape and Magellan purchased flavored e-cigarettes (RFP 14). *See* Exs. 2, 6. Demand Vape and Magellan have also improperly refused to produce deposition transcripts and documents filed or produced in the International Trade Commission proceeding entitled *Certain Disposable Vaporizer Devices and Components and Packaging Thereof*, Inv. No. 337-TA-1381 (filed Oct. 13, 2023), which the City properly sought in its Third RFP served December 10, 2024. *See* Exs. 3, 7. These documents are all relevant to the City's claims and this Court should order Demand Vape and Magellan to produce them.

#### A. Communications Concerning the Sales of Flavored E-Cigarettes

In its Amended Complaint, the City has asserted that Defendants sell or possess with intent to sell flavored vapes in violation of the PACT Act and NY Pub. Health L. § 1399-*ll*. The City has further alleged that in doing so, Defendants contribute to a public nuisance. The City's requests for *communications* involving the sales of flavored e-cigarettes aim at information relevant in several ways, including but not limited to: the extent of Magellan and Demand Vape's sales into the City; Magellan and Demand Vape's intent to possess and offer for sale flavored e-cigarettes; how their sales operation functions; how their shipments are made; the quantity of flavored e-cigarettes that their customers are demanding; the quantity of e-cigarettes that they received from suppliers for sale into the City; and Magellan and Demand Vape's knowledge about whether their customers were "lawfully operating." The evident relevance of this information places a heavy burden on Magellan and Demand Vape to establish that access to this information should be denied.

In their August 25, 2025 letter responding to the City's initial request to move to compel, Magellan and Demand Vape objected to producing any emails because "[t]he City essentially seeks to have Defendants conduct a 'company-wide' email harvest without proposing search terms, custodians, or date limits. A producing party is not required to embark on an unguided, burden-heavy search; instead the requesting party must cooperate in defining a reasonable search protocol." Dkt. No., 165 at 2. This exemplifies the bad faith with which Demand Vape has responded to discovery. First, "company-wide" searches are routinely required to respond to discovery. The City performed a *City-wide* search for relevant documents, using search terms it developed on its own. Second, Magellan and Demand Vape's August 25, 2025 letter was the first time that the City heard that the obstacle to production was a lack of search terms, and Demand Vape has never reiterated that issue as the obstacle to discovery. Nor have Demand Vape or Magellan ever offered search terms and custodians. Moreover, the City has suggested as custodians individuals in charge of East Coast sales—a proposal to which Magellan and Demand Vape never formally responded. If the City's document demands are too burdensome, as Magellan and Demand Vape contend, the proper response is a request to narrow the requests, not to simply refuse any production at all. *See Black Love Resists in the Rust v. City of Buffalo*, 334 F.R.D. 23, 29 (W.D.N.Y. Dec. 19, 2019) (dismissing defendants' arguments that producing ESI is burdensome and holding that information "resid[ing] on defendants' active email systems" is "presumably accessible" and should be produced) (collecting cases). Accordingly, the City requests that this Court order Magellan and Demand Vape to produce email communications. The City is willing to propose search terms, discuss possible custodians, and suggest a date range.

### B. Documents and Communications Received from the FDA

The FDA routinely sends warning letter informing e-cigarette sellers that they are in violation of the Tobacco Control Act. FDA Communications to Demand Vape and Magellan from the FDA are relevant to establishing whether or not Magellan and Demand Vape or their customers or suppliers are *knowingly* engaging in illegal conduct, a fact important to the City's public nuisance claim. There is simply no basis to deny this discovery.

In their August 25, 2025 letter, Magellan and Demand Vape assert that the City has no power to enforce the Food Drug and Cosmetics Act ("FDCA"), *see* Dkt. No. 165 at 2, but as the Court has ruled, the City has power to enforce the PACT Act. As stated above, the PACT Act requires Magellan and Demand Vape's sales to comply with all federal, state and local laws. Communication to Magellan and Demand Vape from the FDA describing their violations of federal law are thus highly relevant to questions of that compliance. The City is not "enforcing" the FDCA, it is enforcing the PACT Act. The City thus requests that this Court order Magellan and Demand Vape to produce these documents.

### C. Demand Vape and Magellan's Communications with New York State

The City has sought, and Demand Vape has refused to produce, communications with New York State, including the response it made to the State's subpoena. Demand Vape has not made a relevance argument in its opposition to producing this information but has stated that its response to the State's subpoena "is not encompassed by" the City's requests. Dkt. No. 165 at 2. This is pure pettifoggery as RFP 15, "Documents or communications concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by You" would encompass documents produced to New York State; *see also* RFP 3. This Court should order that

5

Demand Vape and Magellan produce anything received from New York State as well as any documents they produced to New York State in response to the subpoena.

### D. Documents and Communications with Foreign Manufacturers and Suppliers

In RFPs 12 & 14, the City has sought communications with foreign manufacturers and with Magellan's suppliers, whether foreign or domestic. These requests, too, aim at relevant information as the sources and contributors to the flavored vape supply chain relate directly to the City's public nuisance claim. Public nuisance claims address upstream and downstream participants in the creation of the public nuisance in question. Hence Magellan and Demand Vape's participation with suppliers is critical in understanding the scope and responsibility for the public nuisance they have assisted in creating with others. Moreover, communications will bear directly on the knowledge that Magellan and Demand Vape and their suppliers had as to the public nuisance they were creating.

Other than concerns related to relevance, Magellan and Demand Vape have argued that producing such communications is burdensome. *See* Dkt. No. 165 at 2. However, as explained above, there is no argument for declining to produce *any* communications. Rather, Magellan and Demand Vape must produce these documents, subject to agreed-upon search terms, custodians, and date ranges.

### E. Documents and Transcripts Produced in *Certain Disposable Vaporizer Devices and Components and Packaging Thereof*, Inv. No. 337-TA-1381

The City's Third RFP seeks deposition transcripts and documents filed or produced in the International Trade Commission proceeding entitled *Certain Disposable Vaporizer Devices and Components and Packaging Thereof*, Inv. No. 337-TA-1381 (filed Oct. 13, 2023). See Ex. 3. Again, this information is relevant to all of the City's claims, as it would illuminate the extent of Magellan and Demand Vape's sales as well as whether those sales were made to lawfully operating customers. This information is also relevant to the City's public nuisance claim. The City has some evidence that Demand Vape supplies out-of-city and even out-of-state e-cigarette distributors who in turn sell product into New York, thereby creating a supply chain contributing to the public nuisance in the City. Demand Vape's sales to out-of-city and out-of-state transactions will be evidenced in the ITC proceeding and, as a result, the City is entitled to such discovery. Finally, defense counsel has asserted that Magellan does not make retail sales, although publicly available documents in *Certain Disposable Vaporizer Devices and Components and Packaging Thereof*, Inv. No. 337-TA-1381 and elsewhere provide otherwise. Accordingly, this material is relevant for impeachment purposes.

## CONCLUSION

      For the foregoing reasons, Plaintiffs respectfully request an order compelling Defendants to produce documents and communications responsive to the City's Third RFP and to Requests No. 3, 4, 12, 14, 15 of the City's Second RFP. *See* Exs. 2, 3.

Respectfully submitted,

MURIEL GOODE-TRUFANT
Corporation Counsel of the
  City of New York
*Attorney for Plaintiff The City of New York*
100 Church Street, Rm. 3-211
New York, NY 10007
(212) 356-2032

By: /s/

Eric Proshansky
Elizabeth Slater
Aatif Iqbal

Assistant Corporation Counsels