UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                         Plaintiff,

           -against-


MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Empire, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES, LLC, d/b/a Empirevapeofficial.com, CHRISTIAN A. SMITH,

                         Defendants.

Civil Action No. 23-5880 (LLS)

------------------------------------------------------------------------ x

### PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
### IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

The City of New York (the "City"), by its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, pursuant to Fed. R. Civ. P. 34 and the Court's May 29, 2024 Order (ECF No. 106) authorizing "expedited, targeted discovery" in advance of the upcoming Rule 16(b) conference, requests that Defendants Magellan Technology, Inc., Ecto World, LLC, d/b/a Demand Vape, Matthew J. Glauser, Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya produce the documents requested herein to the City's undersigned counsel in accordance with the instructions and definitions set forth below.

### DEFINITIONS AND INSTRUCTIONS

1. These Document Requests are continuing in nature and any requested documents obtained or discovered after the initial production shall be produced forthwith.

2. "Person" means any natural person or any business, legal or government entity or association and divisions, departments or other units thereof.

3. "E-cigarette" means an electronic device that delivers vapor which is inhaled by an individual user, and shall include any refill, cartridge and any other component of such a device.

4. "Vapor product' means any noncombustible liquid or gel, regardless of the presence of nicotine therein, that is manufactured into a finished product for use in an electronic cigarette, including any device that contains such noncombustible liquid or gel.

5. "Flavored" shall mean any distinguishable taste or aroma, other than the taste or aroma of tobacco, imparted either prior to or during consumption of an e-cigarette or vapor product or any component part thereof, including but not limited to tastes or aromas relating to any fruit, chocolate, vanilla, honey, candy, cocoa, dessert, alcoholic beverage, mint, wintergreen, menthol, herb or spice, or any concept flavor that imparts a taste or aroma that is distinguishable from tobacco flavor but may not relate to any particular known flavor.

6. The term "Empire Defendants" includes Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

7. The term "Demand Vape Defendants" includes Ecto World, LLC, d/b/a Demand Vape and Matthew J. Glauser, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

8. The term "Magellan Defendants" includes Magellan Technology, Inc. and Matthew J. Glauser, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

9. The terms "Defendant," "You," or "Your" refers to Defendants Magellan Technology, Inc., Ecto World, LLC, d/b/a Demand Vape, Matthew J. Glauser, Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

10. "Document" is used in its customary, broad sense as defined in Local Civil Rule 26.3(c)(2), *i.e.,* any "documents or electronically stored information . . . stored in any medium from which information can be obtained," Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, the original, each non-identical copy, and each draft, regardless of origin or location, no matter how or when produced or reproduced, of: any written, typed, printed, recorded, electronic, graphic or photographic material of any kind; any retrievable data or information, however stored, recorded or coded; and all tangible things from which information may be transcribed. A document with handwritten, typewritten, or other recorded notes or intentional marks shall not be deemed identical to one without such additions or modifications. This definition includes, without limitation: computer files, computerized records, data, data compilations, electronic correspondence, website information, instant messages, internet communications, internet postings, notes, logs, diaries, memoranda, invoices, bills of lading, advertisements, drawings, graphs, charts, photographs, and sound recordings. This definition

includes all documents in Your actual or constructive possession, custody, care or control, whether or not prepared by You and whether or not currently within the possession of Your attorneys.

11. "Communication" is used in its customary, broad sense as defined in Local Civil Rule 26.3(c)(1), *i.e.*, "the transmittal of information (in the form of facts, ideas, inquiries or otherwise)."

12. The terms "concerning," "relating to" and "related to" shall be construed in their broadest sense and include, without limitation, relating to, referring to, concerning in any way, reflecting, recording, memorializing, mentioning, embodying, describing, analyzing, constituting or evidencing, whether directly or indirectly.

13. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

14. "And" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any information, communications and/or documents that might be construed to be outside its scope.

15. The singular includes the plural and the plural includes the singular.

16. The past tense includes the present tense and the present tense includes the past tense.

17. Where a claim of privilege is asserted in response to any of the following requests, or any subpart thereof, and any information is not provided on the basis of such assertion, the following information shall be provided:

   a. the nature of the privilege being claimed;

    b.  the type of information or document, including the manner of recording or reproduction;

    c.  the nature of information or the subject matter of the document;

    d.  the date of the document;

    e.  the custodian of the information and/or the author and recipient of the document;

    f.  all other persons who are designated as having received information or copies of the document; and

    g.  the number of pages, attachments and appendices.

18.    The documents produced shall be organized and labeled to correspond with the enumerated categories in this request. If there are no documents responsive to any particular category, Defendant shall so state in writing.

19.    If any document, or any part of a document, called for by this request has been destroyed, discarded, lost or otherwise disposed of or placed beyond the custody or control of Defendant, Defendant shall furnish a list setting forth as to each such document:

    a.  the identity of the authors or preparers of the document;

    b.  the identity, address, and phone numbers of every person who received, read or viewed the document;

    c.  the date, if any, which the document bears;

    d.  the specific subject matters of the document and the title, if any, which the document bears;

    e.  the date of destruction or other disposition of the document;

    f.  the reasons for the document's destruction or other disposition;

    g.  the persons authorizing destruction or other disposition of the document;

  h. the persons destroying or disposing of the document; and

  i. the paragraphs of this request which call for the production of the document.

 20. Unless otherwise indicated, the relevant time period for each Request runs from June 1, 2022 to the present.

**DOCUMENT REQUESTS DIRECTED TO THE MAGELLAN DEFENDANTS**

 1. Documents sufficient to show all brands of flavored e-cigarettes and/or flavored vapor products sold by the Magellan Defendants.

 2. Documents showing any entity from which the Magellan Defendants have purchased flavored e-cigarettes and/or flavored vapor products.

 3. All Documents concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by the Magellan Defendants.

 4. Documents showing ownership of Magellan Technology, Inc. by any person.

**DOCUMENT REQUESTS DIRECTED TO THE DEMAND VAPE DEFENDANTS**

 5. All Documents concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by the Demand Vape Defendants.

 6. Documents showing any entity from which the Empire Defendants have purchased flavored e-cigarettes and/or flavored vapor products.

 7. All New York State vapor product dealer's registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by the Demand Vape Defendants in connection with any transaction involving flavored e-cigarettes and/or flavored vapor products with any entity located in the State of New York .

 8. Documents showing ownership of Ecto World, LLC, d/b/a Demand Vape by any person.

**DOCUMENT REQUESTS DIRECTED TO THE EMPIRE DEFENDANTS**

9. All Documents concerning sales by the Empire Defendants of flavored e-cigarettes and/or flavored vapor products to any entity located in the State of New York.

10. Documents showing ownership of Mahant Krupa 56 LLC d/b/a Empire Vape Distributors by any person.

11. Documents showing any ownership interest by Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and/or Devang Koya in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.

**DOCUMENT REQUESTS DIRECTED TO MATTHEW J. GLAUSER**

12. Documents showing any ownership interest by Matthew J. Glauser in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.

Dated:   New York, New York
June 4, 2024

                                            MURIEL GOODE-TRUFANT
                                            Acting Corporation Counsel of the
                                                City of New York
                                            *Attorney for Plaintiff*
                                            100 Church Street Rm 20-101
                                            New York, New York 10007
                                            (212) 356-2294

                                    By:    /s/ *Aatif Iqbal*
                                            Eric Proshansky
                                            Elizabeth Slater
                                            Aatif Iqbal
                                            Alexandra Jung
                                            Assistant Corporation Counsels