UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                                          Plaintiff,

                        -against-


MAGELLAN TECHNOLOGY, INC., ECTO WORLD,      Civil Action No. 23-5880 (LLS)
LLC, d/b/a Demand Vape, MATTHEW J. GLAUSER,
DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a
Empire Vape Distributors, NIKUNJ PATEL, DEVANG
KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES,
LLC, d/b/a Empirevapeofficial.com, CHRISTIAN A. SMITH,


                                          Defendants.

------------------------------------------------------------------------ x

### PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

            The City of New York (the "City"), by its attorney, Muriel Goode-Trufant, Acting

Corporation Counsel of the City of New York, pursuant to Fed. R. Civ. P. 34, requests that

Defendants Magellan Technology, Inc., Ecto World, LLC, d/b/a Demand Vape, Matthew J.

Glauser, Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya

produce the documents requested herein to the City's undersigned counsel in accordance with the

instructions and definitions set forth below.

### DEFINITIONS

            1. These Document Requests are continuing in nature and any requested

documents obtained or discovered after the initial production shall be produced forthwith.

            2. "Person" means any natural person or any business, legal or government entity

or association and divisions, departments or other units thereof.

3. "E-cigarette" means an electronic device that delivers vapor which is inhaled by an individual user, and shall include any refill, cartridge and any other component of such a device.

4. "Vapor product" means any noncombustible liquid or gel, regardless of the presence of nicotine therein, that is manufactured into a finished product for use in an electronic cigarette, including any device that contains such noncombustible liquid or gel.

5. "Flavored" shall mean any distinguishable taste or aroma, other than the taste or aroma of tobacco, imparted either prior to or during consumption of an e-cigarette or vapor product or any component part thereof, including but not limited to tastes or aromas relating to any fruit, chocolate, vanilla, honey, candy, cocoa, dessert, alcoholic beverage, mint, wintergreen, menthol, herb or spice, or any concept flavor that imparts a taste or aroma that is distinguishable from tobacco flavor but may not relate to any particular known flavor.

6. The term "Empire Defendants" includes Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

7. The term "Demand Vape Defendants" includes Ecto World, LLC, d/b/a Demand Vape and Matthew J. Glauser, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

8. The term "Magellan Defendants" includes Magellan Technology, Inc. and Matthew J. Glauser, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

9. The terms "Defendant," "You," or "Your" refers to Defendants Magellan Technology, Inc., Ecto World, LLC, d/b/a Demand Vape, Matthew J. Glauser, Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and Devang Koya, including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

10. "Document" is used in its customary, broad sense as defined in Local Civil Rule 26.3(c)(2), *i.e.,* any "documents or electronically stored information . . . stored in any medium from which information can be obtained," Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, the original, each non-identical copy, and each draft, regardless of origin or location, no matter how or when produced or reproduced, of: any written, typed, printed, recorded, electronic, graphic or photographic material of any kind; any retrievable data or information, however stored, recorded or coded; and all tangible things from which information may be transcribed. A document with handwritten, typewritten, or other recorded notes or intentional marks shall not be deemed identical to one without such additions or modifications. This definition includes, without limitation: computer files, computerized records, data, data compilations, electronic correspondence, website information, instant messages, internet communications, internet postings, notes, logs, diaries, memoranda, invoices, bills of lading, advertisements, drawings, graphs, charts, photographs, and sound recordings. This definition includes all documents in Your actual or constructive possession, custody, care or control, whether or not prepared by You and whether or not currently within the possession of Your attorneys.

11. "Communication" is used in its customary, broad sense as defined in Local Civil Rule 26.3(c)(1), *i.e.*, "the transmittal of information (in the form of facts, ideas, inquiries or otherwise)."

12.    The terms "concerning," "relating to" and "related to" shall be construed in their broadest sense and include, without limitation, relating to, referring to, concerning in any way, reflecting, recording, memorializing, mentioning, embodying, describing, analyzing, constituting or evidencing, whether directly or indirectly.

13.    The term "Vapor Products Dealer Certificate" means a certificate issued by the State of New York pursuant to Tax L. § 1183.

14.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

15.    "And" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any information, communications and/or documents that might be construed to be outside its scope.

16.    The singular includes the plural and the plural includes the singular.

17.    The past tense includes the present tense and the present tense includes the past tense.

## **INSTRUCTIONS**

1. Where a claim of privilege is asserted in response to any of the following requests, or any subpart thereof, and any information is not provided on the basis of such assertion, the following information shall be provided:

a.  the nature of the privilege being claimed;

b.  the type of information or document, including the manner of recording or reproduction;

c.  the nature of information or the subject matter of the document;

d.  the date of the document;

e.  the custodian of the information and/or the author and recipient of the document;

f.  all other persons who are designated as having received information or copies of the document; and

g.  the number of pages, attachments and appendices.

2.  The documents produced shall be organized and labeled to correspond with the enumerated categories in this request. If there are no documents responsive to any particular category, Defendant shall so state in writing.

3.  If any document, or any part of a document, called for by this request has been destroyed, discarded, lost or otherwise disposed of or placed beyond the custody or control of Defendant, Defendant shall furnish a list setting forth as to each such document:

a.  the identity of the authors or preparers of the document;

b.  the identity, address, and phone numbers of every person who received, read or viewed the document;

c.  the date, if any, which the document bears;

d.  the specific subject matters of the document and the title, if any, which the document bears;

e.  the date of destruction or other disposition of the document;

f.  the reasons for the document's destruction or other disposition;

g.  the persons authorizing destruction or other disposition of the document;

h.  the persons destroying or disposing of the document; and

i.  the paragraphs of this request which call for the production of the document.

4.  With respect to ESI:

a.  All electronic mail and spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format are to be produced in their native format along with any software necessary to interpret such files if

such software is not readily available. All other documents responsive to these Requests that are maintained in the usual course of business in electronic format are to be produced in properly unitized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

b.  All documents responsive to these Requests are to be produced with the metadata normally contained within such documents, and the necessary Concordance or Introspect load files. If such metadata is not available, each document is to be accompanied by a listing of all file properties relating to such document, including but not limited to all information relating to the date(s) the document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the document.

c.  Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or degrades the ability to search ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with counsel for the Individual Defendants.

d.  If Defendants decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost claimed to be associated with the search or production of such ESI.

5.  Unless otherwise indicated, the relevant time period for each Request runs from March 27, 2021 to the present.

## DOCUMENT REQUESTS

1. All documents and communications regarding any Vapor Products Dealer Certificate obtained or attempted to be obtained by You pursuant to Tax Law § 1183, including copies of any Vapor Products Dealer Certificate, or other documents or communications demonstrating that You have been issued a Vapor Products Dealer Certificate or that You attempted to obtain a Vapor Products Dealer Certificate.

2. Copies of Vapor Products Dealer Certificates issued pursuant to Tax Law § 1183 to each customer to which You ship or cause to be shipped vapor products, or other documents or communications sufficient to show that the customer has been issued a Vapor Products Dealer Certificate.

3. All documents and communications received by You from the federal Food and Drug Administration regarding the e-cigarettes You possess, sell, distribute, or offer for sale.

4. All documents and communications received by You from New York State regarding the e-cigarettes You possess, sell, distribute, or offer for sale.

5. All documents and communications received by You from New York City regarding the e-cigarettes You possess, sell, distribute, or offer for sale.

6. Documents or communications sufficient to show payment of sales taxes on e-cigarettes sold by You.

7. Documents or communications sufficient to show payment of sales taxes on e-cigarettes sold by Your customers.

8. Documents or communications sufficient to show the steps taken by You to ensure that their customers pay sales taxes.

9. All documents showing the labelling on packages sold by You to any person in New York City, including any labelling noting that the package contains vapor products.

10.    All documents or communications sufficient to show You' internal policies or procedures regarding the packaging requirements for shipments of vapor products to customers.

11.    All documents evidencing the weight of packages sold by You containing vapor products to any person in New York City.

12.    All documents or communications with foreign manufacturers of e-cigarettes and/or flavored vapor products involving manufacturing, sales, or importation of e-cigarettes and/or flavored vapor products.

13.    Documents sufficient to show all brands of flavored e-cigarettes and/or flavored vapor products sold by You.

14.    Documents or communications sufficient to show all entities from which You have purchased flavored e-cigarettes and/or flavored vapor products.

15.    Documents or communications concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by You.

16.    Documents pertaining to Article 13-F of the NYS Public Health Law received by You in connection with any transaction involving flavored e-cigarettes and/or flavored vapor products with any entity located in the State of New York.

17.    All documents showing ownership of Magellan Technology, Inc. by any person.

18.    All documents showing ownership of Ecto World, LLC, d/b/a Demand Vape by any person.

19.    Documents sufficient to show the business relationship between Magellan Technology, Inc. and Ecto World, LLC, d/b/a Demand Vape.

20.    All documents showing ownership of Mahant Krupa 56 LLC d/b/a Empire Vape Distributors by any person.

21.     All documents showing any ownership interest by Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and/or Devang Koya in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.

22.     All documents showing any ownership interest by Matthew J. Glauser in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.

Dated:   New York, New York
August 19, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
    City of New York
*Attorney for Plaintiff*
100 Church Street Rm 20-101
New York, New York 10007
(212) 356-2299

By:      /s/*Alexandra Jung*
         Eric Proshansky
         Elizabeth Slater
         Aatif Iqbal
         Alexandra Jung
         Assistant Corporation Counsels