UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

                Plaintiff,

-against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Demand Vape, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES LLC, d/b/a Hydevapeofficial.com, CHRISTIAN A. SMITH,

                Defendants.

Case No. 23-cv-5880-LLS-OTW

## RESPONSE AND OBJECTIONS OF DEFENDANTS MAHANT KRUPA 56 LLC'S d/b/a EMPIRE SMOKE DISTRIBUTORS, NIKUNJ PATEL, AND DEVANG KOYA TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, defendants Mahant Krupa 56 LLC d/b/a Empire Smoke Distributors ("Empire"), Nikunj Patel ("Patel"), and Devang Koya ("Koya") (collectively the "Empire Defendants"), by their undersigned counsel, hereby respond and object to Plaintiff's First Set Of Document Requests In Support Of Motion For Preliminary Injunction (the "Requests" and each a "Request"), dated June 4, 2024, as set forth below.

## GENERAL OBJECTIONS

The Empire Defendants make the following General Objections, which are incorporated into each of the Specific Responses and Objections ("Responses" and each a "Response").

1. The Empire Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they would require the disclosure of information that comes within the scope of the attorney-client privilege, the work-product doctrine, common interest or joint defense privilege, any other applicable privilege, protection or immunity, or information that is otherwise exempted from discovery. The Empire Defendants hereby assert all applicable privileges, immunities and protections, and excludes privileged and protected information from its response. Any disclosure of such privileged and/or protected information is inadvertent and is not intended to waive any applicable privileges or protections.

2. The Empire Defendants object generally to the Requests to the extent that that they are vague, ambiguous, overly broad, or unduly burdensome, or seek information that is not relevant to the claims or defenses in the action or proportional to the needs of the case, and accordingly are beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3. The Empire Defendants object generally to the Requests to the extent that they purport to demand the production of materials that are not within the possession, custody, or control of Defendant.

4. Any response or objection or agreement to search for and produce documents in response to the individual Requests is not an acknowledgment or concession that the documents sought exist or are in the Empire Defendants' possession, custody or control. Rather, any such agreement means only that responsive documents will be produced if they exist, and can be

located based on a reasonable search of readily accessible files, and are not otherwise protected from disclosure.

5. The Empire Defendants object generally to the Requests to the extent that they seek information that is public, already in Plaintiff's possession or otherwise available from other sources to which Plaintiff has access or otherwise available through more convenient, more efficient, less burdensome or less expensive means.

6. Defendants object to the Requests, and the instructions and definitions therein, to the extent they impose any requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure or Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and any other relevant order, stipulation, or agreements among the parties.

7. The Empire Defendants object generally to the Requests to the extent that they seek trade secrets or information that is (i) confidential, proprietary or commercially or competitively sensitive to the Empire Defendants, their affiliates, employees, customers or counterparties; (ii) subject to other privacy laws, protective orders, nondisclosure agreements or other confidentiality undertakings; or (iii) otherwise prohibited from disclosure by law.

8. By responding and objecting to the Requests, the Empire Defendants do not admit, adopt or acquiesce in any factual or legal contention, assertion, assumption, characterization or implication contained in the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The Empire Defendant object to the definition of "Empire Defendants" in Paragraph 6 of the Definitions on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Specifically, the Empire Defendants object to the definition to the extent it

includes the Empire Defendants' unspecified "predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys." For the purposes of the Responses, the Empire Defendants define "Empire Defendants" to refer solely to Empire, Patel, and Koya.

2. The Empire Defendants object to Paragraph 17 of the Instructions on the ground that the demand for extensive detail concerning any documents that Defendant withholds or redacts as privileged or otherwise protected from disclosure is unduly burdensome and inconsistent with the Applicable Rules. Should the Empire Defendants produce documents in response to the Requests but withhold from production or redact any documents as privilege or otherwise protected from disclosure, the Empire Defendants agree to meet and confer with Plaintiff in a good-faith effort to address such requests as Plaintiff may have for information concerning any such privileged or otherwise protected material, consistent with the Applicable Rules.

3. Defendant expressly reserves the right to amend, revise or supplement these Responses and Objections at any time (but does not assume the obligation to do so, except as required by the Applicable Rules).

## **SPECIFIC OBJECTIONS AND RESPONSES**

In addition to the foregoing General Objections, which apply to each Request as if set forth fully below, the Empire Defendants make the following Specific Objections and Responses:

**REQUEST NO. 1:**

Documents sufficient to show all brands of flavored e-cigarettes and/or flavored vapor products sold by the Magellan Defendants.

**Response to Request No. 1:**

Request No. 1 is not directed to the Empire Defendants.

**REQUEST NO. 2:**

Documents showing any entity from which the Magellan Defendants have purchased flavored e-cigarettes and/or flavored vapor products.

**Response to Request No. 2:**

Request No. 2 is not directed to the Empire Defendants.

**REQUEST NO. 3:**

All Documents concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by the Magellan Defendants.

**Response to Request No. 3:**

Request No. 3 is not directed to the Empire Defendants.

**REQUEST NO. 4:**

Documents showing ownership of Magellan Technology, Inc. by any person.

**Response to Request No. 4:**

Request No. 4 is not directed to the Empire Defendants.

**REQUEST NO. 5:**

All Documents concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by the Demand Vape Defendants.

**Response to Request No. 5:**

Request No. 5 is not directed to the Empire Defendants.

**REQUEST NO. 6:**

Documents showing any entity from which the Empire Defendants have purchased flavored e-cigarettes and/or flavored vapor products.

**Response to Request No. 6:**

Request No. 6 is not directed to the Empire Defendants.

**REQUEST NO. 7:**

All New York State vapor product dealer's registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by the Demand Vape Defendants in connection with any transaction involving flavored e-cigarettes and/or flavored vapor products with any entity located in the State of New York.

**Response to Request No. 7:**

Request No. 7 is not directed to the Empire Defendants.

**REQUEST NO. 8:**

Documents showing ownership of Ecto World, LLC, d/b/a Demand Vape by any person.

**Response to Request No. 8:**

Request No. 8 is not directed to the Empire Defendants.

**REQUEST NO. 9:**

All Documents concerning sales by the Empire Defendants of flavored e-cigarettes and/or flavored vapor products to any entity located in the State of New York.

**Response to Request No. 9:**

In addition to the foregoing General Objections, Empire Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and seeks the discovery of information that is not proportional to the needs of this action to the extent that it seeks "all" Documents concerning sales by the Empire Defendants of flavored e-cigarettes and/or flavored vapor products to any entity located in the State of New York. The Empire Defendants further object to this Request on the ground that it seeks the discovery of information that is neither relevant to the claims or defenses of any party to this action, nor proportional to the needs of this action.

Subject to and without waiving the foregoing or the General Objections, upon entry of an appropriate protective order, the Empire Defendants (i) will produce responsive, nonprivileged documents sufficient to show sales of flavored e-cigarettes and/or flavored vapor products to entities located in New York City, to the extent that documents and things exist, that are within the Empire Defendants' possession, custody, or control, and are located after a reasonable search, and (ii) are willing to meet and confer with Plaintiff as to whether any additional production is appropriate in response to this Request.

**REQUEST NO. 10:**

Documents showing ownership of Mahant Krupa 56 LLC d/b/a Empire Vape Distributors by any person.

**Response to Request No. 10:**

In addition to the foregoing General Objections, Empire Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and seeks the discovery of information that is publicly available and is confidential. Empire Defendants further object to

this Request on the ground that it seeks the discovery of information that is neither relevant to the claims or defenses of any party to this action, nor proportional to the needs of this action.

Subject to and without waiving the foregoing or the General Objections, upon entry of an appropriate protective order, the Empire Defendants will produce responsive, nonprivileged documents, to the extent that documents and things exist, that are within the Empire Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST NO. 11:**

Documents showing any ownership interest by Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and/or Devang Koya in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.

**Response to Request No. 11:**

In addition to the foregoing General Objections, the Empire Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and seeks the discovery of information that is relating to an entity other than Empire and is publicly available. The Empire Defendants object to the Request to the extent that it seeks information showing an ownership interest in an entity that does not import, sell, manufacture, or distribute flavored e-cigarettes and/or flavored vapor products within New York City. The Empire Defendants further object to this Request on the ground that it seeks the discovery of information that is neither relevant to the claims or defenses of any party to this action, nor proportional to the needs of this action.

Subject to and without waiving the foregoing or the General Objections, upon entry of an appropriate protective order, the Empire Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within the Empire Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST NO. 12:**

Documents showing any ownership interest by Matthew J. Glauser in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.

**Response to Request No. 12:**

Request No. 12 is not directed to the Empire Defendants.

Dated:  July 12, 2024

                                         MOSES & SINGER LLP

                                         By: */s/ Mark N. Parry*
                                         Paul Eckles
                                         Mark N. Parry
                                         The Chrysler Building
                                         405 Lexington Avenue
                                         New York, New York 10174
                                         (212) 554-7800
                                         mparry@mosessinger.com
                                         peckles@mosessinger.com

                                         *Attorneys for Defendants Mahant Krupa 56 LLC d/b/a Empire Smoke Distributors, Nikunj Patel, and Devang Koya*