UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
THE CITY OF NEW YORK,

                         Plaintiff,

-against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD,        Civil Action No. 23-5880 (LLS)
LLC, d/b/a Empire, MATTHEW J. GLAUSER, DONALD
HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire
Vape Distributors, NIKUNJ PATEL, DEVANG KOYA,
STAR VAPE CORP., NABIL HASSEN, DORBES, LLC,
d/b/a Empirevapeofficial.com, CHRISTIAN A. SMITH,

                         Defendants.
------------------------------------------------------------------- x

### DEFENDANTS MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, D/B/A DEMAND VAPE, AND MATTHEW J. GLAUSER 'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION.

Defendants Magellan Technology, Inc. ("Magellan"), Ecto World, LLC, d/b/a Demand Vape ("Demand"), and Matthew J. Glauser ("Glauser" together with Magellan and Demand "Defendants") object and respond to Plaintiff The City of New York's (the "City") First Set of Document Requests in Support of Motion for Preliminary Injunction, as follows:

### GENERAL OBJECTIONS

1.       Defendants object to the Requests, and the instructions and definitions therein, to the extent they impose any requirements or obligations beyond those imposed by Federal Rules of Civil Procedure or Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and any other relevant order, stipulation, or agreements among the parties.

2.       Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense doctrine, and/or any other

applicable privilege or immunity. Nothing contained herein or in any response is intended to be, or in any way constitutes, a waiver of any applicable privilege. Any response containing privileged information is inadvertent and any inadvertent disclosure does not constitute a waiver of any privilege or other basis for objection to discovery, nor does it constitute a waiver of Defendants' right to object to the use of any such information that is inadvertently disclosed. Any objection based on privilege or immunity does not mean that such information or documents necessarily exist.

3.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is not within the possession, custody, or control of Defendants.

4.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff.

5.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is cumulative or duplicative of information sought by other Requests.

6.      Defendants object to the Requests to the extent they seek documents relating to information or sales outside of New York City. Defendants will limit their responses and potential production of documents to information related to New York City, as appropriate.

7.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they are overbroad, unduly burdensome, vague, ambiguous, and/or oppressive (e.g., to the extent they are unbounded as to time and/or seek the disclosure of "all," "each," or "any" information without clarification or limitation).

8.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information or disclosure of information that is the sensitive personal information or confidential information of, proprietary to, or the trade secret of, a Defendant, or a third party to whom Demand Vape owes a duty of confidentiality or is protected from disclosure by agreements between a Defendant and third parties, or by court order, law, or regulation.  At minimum, Defendants will require the entry of a protective order prior to disclosing such information.

9.      Defendants reserve the right to supplement, amend, modify, clarify, and/or correct their responses to these Requests at any time, up to and including the time of trial or hearing.

10.     Defendants reserve the right to assert additional objections to these Requests as appropriate, to supplement objections and responses, and produce additional documents and/or information.

11.     A statement that Defendants will disclose or provide certain information or documents is not a representation that any such information or documents currently exist or existed in the past, or that Defendants possess non-privileged documents or information responsive to the specific request. Rather, it means only that Defendants will disclose or provide such information or documents to the extent they currently exist, are in Defendants' possession, custody, or control, and can be located after a reasonably diligent search in locations in which they are likely to be found.

12.     The specific responses provided, as stated below, are subject to the foregoing general objections. Any specific objections stated in conjunction with specific responses are in addition to the general objections stated above.

## RESPONSES TO REQUESTS FOR PRODUCTION TO MAGELLAN

**REQUEST FOR PRODUCTION NO. 1:** *Documents sufficient to show all brands of flavored e-cigarettes and/or flavored vapor products sold by the Magellan Defendants.*

**RESPONSE NO. 1:** Magellan objects to this Request for the reasons set forth in the General Objections. Magellan further objects to this Request as overly broad to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Magellan Defendants to customers located outside of New York City. Magellan also objects to the request as seeking confidential information. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Magellan will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Magellan's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** *Documents showing any entity from which the Magellan Defendants have purchased flavored e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 2:** Magellan objects to this Request for the reasons set forth in the General Objections. Magellan further objects to this Request as overly broad to the extent it seeks documents or information relating to flavored e-cigarettes and/or flavored vapor products purchased by the Magellan Defendants outside of New York City. Magellan also objects to the request as seeking confidential information. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Magellan will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Magellan's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** *All Documents concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by the Magellan Defendants.*

**RESPONSE NO. 3:** Magellan objects to this Request for the reasons set forth in the General Objections. Magellan further objects to this Request as overly broad to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Magellan Defendants to customers located outside of New York City, and overly broad and unduly burdensome to the extent it seeks "all" documents. Magellan also objects to the request as seeking confidential information. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Magellan will produce responsive, non-privileged documents sufficient to show sales of flavored e-cigarettes and/or flavored vapor products to entities located in New York City, to the extent that documents and things exist, that are within Magellan's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** *Documents showing ownership of Magellan Technology, Inc. by any person.*

**RESPONSE NO. 4:** Magellan objects to this Request for the reasons set forth in the General Objections. Magellan further objects to this Request as overly broad to the extent it seeks information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Magellan and Plaintiff. Magellan also objects to the request as seeking confidential information. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Magellan will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Magellan's possession, custody, or control, and are located after a reasonable search.

**RESPONSES TO REQUESTS FOR PRODUCTION TO DEMAND**

**REQUEST FOR PRODUCTION NO. 5:** *All Documents concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by the Demand Vape Defendants.*

**RESPONSE NO. 5:** Demand objects to this Request for the reasons set forth in the General Objections. Demand further objects to this Request as overly broad to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Demand Vape Defendants to customers located outside of New York City, and overly broad and unduly burdensome to the extent it seeks "all" documents. The Demand Vape Defendants also object to the request as seeking confidential information.  Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Demand will produce responsive, non-privileged documents sufficient to show sales of flavored e-cigarettes and/or flavored vapor products to customers located in New York City to the extent that documents and things exist, that are within Demand's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** *Documents showing any entity from which the Empire Defendants have purchased flavored e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 6:** Demand objects to this Request to the extent it is included in the Requests to the Demand Vape Defendants as the Request specifically seeks documents related to the Empire Defendants. Demand objects to this Request because Demand does not have any documents within its possession, custody, or control that show entities from which the Empire Defendants have purchased flavored e-cigarettes and/or flavored vapor products. To the extent that the Request was intended to reference entities from which the Demand Vape Defendants have

purchased flavored e-cigarettes and/or flavored vapor products, Demand objects to this Request for the reasons set forth in the General Objections. Demand also objects to the request as seeking confidential information.  Demand also objects to this Request as overly broad to the extent it seeks documents or information relating to flavored e-cigarettes and/or flavored vapor products purchased by the Demand Vape Defendants outside of New York City. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Demand will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Demand's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:** *All New York State vapor product dealer's registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by the Demand Vape Defendants in connection with any transaction involving flavored e-cigarettes and/or flavored vapor products with any entity located in the State of New York.*

**RESPONSE NO. 7:**  Demand objects to this Request for the reasons set forth in the General Objections. Demand further objects to this Request as overly broad to the extent it seeks registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by the Demand Vape Defendants in connection with any transaction concluded outside of New York City. Demand also objects to the request as seeking confidential information. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Demand will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Demand's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:** *Documents showing ownership of Ecto World, LLC, d/b/a Demand Vape by any person.*

**RESPONSE NO. 8:** Demand objects to this Request for the reasons set forth in the General Objections. Demand further objects to this Request as overly broad to the extent it seeks information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Demand and Plaintiff. Demand also objects to the request as seeking confidential information. Subject to and without waiving any objections:

Upon entry of an appropriate protective order, Demand will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Demand's possession, custody, or control, and are located after a reasonable search.

**RESPONSES TO REQUESTS FOR PRODUCTION TO MATTHEW J. GLAUSER[1]**

**REQUEST FOR PRODUCTION NO. 12:** *Documents showing any ownership interest by Matthew J. Glauser in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 12:** Glauser objects to this Request for the reasons set forth in the General Objections. Glauser further objects to this Request as overly broad and irrelevant to the extent it seeks information relating to any entity other than Demand Vape or Magellan or information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Glauser and Plaintiff. Glauser also objects to the extent this Request seeks

---

[1] Defendant Matthew J. Glauser is also included within the definition of "Demand Vape Defendants" and "Magellan Defendants" and so his responses to those requests directed at those Defendants are encompassed by the responses to the requests by the "Demand Vape Defendants" and "Magellan Defendants."

information showing an ownership interest in an entity that does not import, sell, manufacture, or distribute flavored e-cigarettes and/or flavored vapor products within New York City. Subject to and without waiving any objections:

Glauser will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Glauser's possession, custody, or control, and are located after a reasonable search.

Respectfully submitted,

THOMPSON HINE LLP

Dated: June 24, 2024                    By:_____/s/ Eric N. Heyer_____
                                        Eric N. Heyer (admitted *pro hac vice*)
                                        Joseph A. Smith (admitted *pro hac vice*)
                                        James C. Fraser
                                        Anna Stressenger (admitted *pro hac vice*)
                                        1919 M Street, N.W., Suite 700
                                        Washington, DC 20036
                                        Phone: 202.331.8800
                                        Fax: 202.331.8330
                                        eric.heyer@thompsonhine.com
                                        joe.smith@thompsonhine.com
                                        anna.stressenger@thompsonhine.com


                                        Richard De Palma
                                        300 Madison Avenue
                                        27th Floor
                                        New York, NY 10017
                                        Phone: 212.908.3969
                                        Fax: 212.344.6101
                                        richard.depalma@thompsonhine.com

                                        *Counsel for Defendants Magellan Technology Inc.*
                                        *and Ecto World LLC d/b/a Demand Vape*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2024, I served the forgoing Responses to Plaintiff's First

Requests for Production of Documents via email upon the following counsel of record:

> Eric Proshansky, Esquire
> Aatif Iqbal, Esquire
> Alexandra Jung, Esquire
> Elizabeth M. Slater, Esquire
> Krista Ann Friedrich, Esquire
> New York City Law Department
> 100 Church Street, Room 3-212
> New York, New York 10007
> aiqbal@law.nyc.gov
> aljung@law.nyc.gov
> eslater@law.nyc.gov
> kfriedri@law.nyc.gov
> eproshan@law.nyc.gov
> *Attorneys for Plaintiff City of New York*
>
> Mark Nelson Parry, Esquire
> Barry S Zone, Esquire
> Paul Madison Eckles, Esquire
> Philippe Alain Zimmerman, Esquire
> Moses & Singer LLP
> 405 Lexington Avenue
> New York, New York 10174-1299
> mparry@mosessinger.com
> bzone@mosessinger.com
> peckles@mosessinger.com
> pzimmerman@mosessinger.com
> *Attorneys for Defendants Mahant Krupa 56 LLC,*
> *Devang Koya, and Nikunj Patel*

                    /s/ Eric N. Heyer
                    Eric N. Heyer