UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                      Plaintiff,

-against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Empire, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES, LLC, d/b/a Empirevapeofficial.com, CHRISTIAN A. SMITH,

                                        Defendants.

Civil Action No. 23-5880 (LLS)

------------------------------------------------------------------- x

### DEFENDANTS MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, D/B/A DEMAND VAPE, AND MATTHEW J. GLAUSER'S RESPONSES TO PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS

Defendants Magellan Technology, Inc. ("Magellan"), Ecto World, LLC, d/b/a Demand Vape ("Demand"), and Matthew J. Glauser ("Glauser" together with Magellan and Demand "Defendants") object and respond to Plaintiff The City of New York's (the "City") Second Set of Document Requests as follows:

### GENERAL OBJECTIONS

1. Defendants object to the Requests, and the instructions and definitions therein, to the extent they impose any requirements or obligations beyond those imposed by Federal Rules of Civil Procedure or Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and any other relevant order, stipulation, or agreements among the parties.

2. Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense doctrine, and/or any other

applicable privilege or immunity. Nothing contained herein or in any response is intended to be, or in any way constitutes, a waiver of any applicable privilege. Any response containing privileged information is inadvertent and any inadvertent disclosure does not constitute a waiver of any privilege or other basis for objection to discovery, nor does it constitute a waiver of Defendants' right to object to the use of any such information that is inadvertently disclosed. Any objection based on privilege or immunity does not mean that such information or documents necessarily exist.

3.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is not within the possession, custody, or control of Defendants.

4.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff.

5.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is cumulative or duplicative of information sought by other Requests.

6.      Defendants object to the Requests to the extent they seek documents relating to information or sales outside of New York City. Defendants will limit their responses and potential production of documents to information related to New York City, as appropriate.

7.      Defendants object to the Requests, and the instructions and definitions therein, to the extent they are overbroad, unduly burdensome, vague, ambiguous, and/or oppressive (e.g., to the extent they are unbounded as to time and/or seek the disclosure of "all," "each," or "any" information without clarification or limitation).

- 3 -

8. Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information or disclosure of information that is the sensitive personal information or confidential information of, proprietary to, or the trade secret of, a Defendant, or a third party to whom Defendants owe a duty of confidentiality or is protected from disclosure by agreements between a Defendant and third parties, or by court order, law, or regulation. At minimum, Defendants will require the entry of a protective order prior to disclosing such information.

9. Defendants reserve the right to supplement, amend, modify, clarify, and/or correct their responses to these Requests at any time, up to and including the time of trial or hearing.

10. Defendants reserve the right to assert additional objections to these Requests as appropriate, to supplement objections and responses, and produce additional documents and/or information.

11. A statement that Defendants will disclose or provide certain information or documents is not a representation that any such information or documents currently exist or existed in the past, or that Defendants possess non-privileged documents or information responsive to the specific request. Rather, it means only that Defendants will disclose or provide such information or documents to the extent they currently exist, are in Defendants' possession, custody, or control, and can be located after a reasonably diligent search in locations in which they are likely to be found.

12. The specific responses provided, as stated below, are subject to the foregoing general objections. Any specific objections stated in conjunction with specific responses are in addition to the general objections stated above.

**REQUEST FOR PRODUCTION NO. 1:** *All documents and communications regarding any Vapor Products Dealer Certificate obtained or attempted to be obtained by You pursuant to Tax Law § 1183, including copies of any Vapor Products Dealer Certificate, or other documents or communications demonstrating that You have been issued a Vapor Products Dealer Certificate or that You attempted to obtain a Vapor Products Dealer Certificate.*

**RESPONSE NO. 1:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "All documents and communications" and to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** *Copies of Vapor Products Dealer Certificates issued pursuant to Tax Law § 1183 to each customer to which You ship or cause to be shipped vapor products, or other documents or communications sufficient to show that the customer has been issued a Vapor Products Dealer Certificate.*

**RESPONSE NO. 2:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks documents or information relating to sales of flavored e-cigarettes and/or flavored vapor products sold by the Defendants outside of New York City. Defendants further object to this Request as overly broad to the extent it seeks Vapor Product Dealer Certificates issued pursuant to Tax Law

§ 1183 received by the Defendants in connection with or as an antecedent to any transaction concluded outside of New York City. Defendants further object to this Request as overly broad to the extent it seeks irrelevant documents and information not relevant to any party's claims or defenses. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents sufficient to show copies of Vapor Products Dealer Certificates for entities located in New York City, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** *All documents and communications received by You from the federal Food and Drug Administration regarding the e-cigarettes You possess, sell, distribute, or offer for sale.*

**RESPONSE NO. 3:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "[a]ll documents and communications" and to the extent it seeks irrelevant documents and information not relevant to any party's claims or defenses. Defendants further object as the City does not have standing to enforce the Federal Food, Drug, and Cosmetic Act. Defendants further object to this Request as overly broad to the extent it seeks documents and information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information.  Subject to and without waiving any objections:

Defendants will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 4:** *All documents and communications received by You from New York State regarding the e-cigarettes You possess, sell, distribute, or offer for*

*sale.*

**RESPONSE NO. 4:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "All documents and communications" and to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants further object to this Request as overly broad to the extent it seeks irrelevant documents and information not relevant to any party's claims or defenses. Defendants further object to this Request as overly broad to the extent it seeks information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** *All documents and communications received by You from New York City regarding the e-cigarettes You possess, sell, distribute, or offer for sale.*

**RESPONSE NO. 5:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "All documents and communications." Defendants further object to this Request as overly broad to the extent it seeks information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** *Documents or communications sufficient to show payment of sales taxes on e-cigarettes sold by You.*

**RESPONSE NO. 6:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks irrelevant information and documents not relevant to any party's claims or defenses and to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, sufficient to show payment of sales taxes on e-cigarettes sold to entities located in New York City, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:** *Documents or communications sufficient to show payment of sales taxes on e-cigarettes sold by Your customers.*

**RESPONSE NO. 7:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks irrelevant information and documents not relevant to any party's claims or defenses and to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants

also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, sufficient to show payment of sales tax on e-cigarettes sold to entities located in New York City that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:** *Documents or communications sufficient to show the steps taken by You to ensure that their customers pay sales taxes.*

**RESPONSE NO. 8:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks irrelevant information and documents not relevant to any party's claims or defenses and to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the term "their" as vague and ambiguous as it is unclear who is meant by "their." Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** *All documents showing the labelling on packages sold by You to any person in New York City, including any labelling noting that the package contains vapor products.*

**RESPONE NO. 9:** Defendants object to this Request for the reasons set forth in the

General Objections. Defendants further object to this Request as overly broad to the extent it seeks "all documents" and to the extent it seeks irrelevant documents and information not relevant to the party's claims or defenses to the extent it may include products other than ENDS products. Defendants further object to the terms "labelling" and "package" and "packages" as vague and ambiguous. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** *All documents or communications sufficient to show Your internal policies or procedures regarding the packaging requirements for shipments of vapor products to customers.*

**RESPONSE NO. 10:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "all documents or communications" and to the extent it seeks irrelevant information and documents not relevant to any party's claims or defenses and to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants further object to this Request to the extent the term "packaging requirements" is vague and ambiguous. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:** *All documents evidencing the weight of packages sold by You containing vapor products to any person in New York City.*

**RESPONSE NO. 11:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "all documents." Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:** *All documents or communications with foreign manufacturers of e-cigarettes and/or flavored vapor products involving manufacturing, sales, or importation of e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 12:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents or communications," and to the extent it seeks irrelevant information and documents not relevant to any party's claims or defenses and to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 13:** *Documents sufficient to show all brands of flavored e-cigarettes and/or flavored vapor products sold by You.*

**RESPONSE NO. 13:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information. Defendants further object to this Request as cumulative and duplicative of Request No. 1 of Plaintiff's First Set of Requests for Production of Documents. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:** *Documents or communications sufficient to show all entities from which You have purchased flavored e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 14:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information. Defendants further object to this Request as duplicative of Request No. 2 of Plaintiff's First Set of Requests for Production of Documents. Subject to and without waiving any objections:

Defendants will meet and confer on this request.

**REQUEST FOR PRODUCTION NO. 15:** *Documents or communications concerning sales of flavored e-cigarettes and/or flavored vapor products to any entity in New York State by*

*You.*

**RESPONSE NO. 15:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "documents and communications concerning sales" and to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the request as seeking confidential information. Defendants further object to this Request as cumulative and duplicative of Requests Nos. 3 and 5 of Plaintiff's First Set of Requests for Production of Documents.   Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents sufficient to show sales of flavored e-cigarettes and/or flavored vapor products to entities located in New York City, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:** *Documents pertaining to Article 13-F of the NYS Public Health Law received by You in connection with any transaction involving flavored e-cigarettes and/or flavored vapor products with any entity located in the State of New York.*

**RESPONSE NO. 16:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks documents or information relating to brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants further object to this Request as overly broad to the extent it seeks registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by Defendants in connection with or as an antecedent to any transaction concluded outside of New York City.

Defendants also object to the request as seeking confidential information. Defendants further object to this Request to the extent it is cumulative and duplicative of Request No. 7 of Plaintiff's First Set of Requests for Production of Documents.  Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**  *All documents showing ownership of Magellan Technology, Inc. by any person.*

**RESPONSE NO. 17:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and to the extent it seeks irrelevant information and documents and information not relevant to the party's claims or defenses. Defendants further object to this Request as overly broad to the extent it seeks information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff. Defendants also object to the request as seeking confidential information. Defendants further object to this Request as cumulative and duplicative of Request No. 4 of Plaintiff's First Set of Requests for Production of Documents. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents sufficient to identify the owners of Magellan Technology, Inc., to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**  *All documents showing ownership of Ecto World, LLC, d/b/a Demand Vape by any person.*

**RESPONSE NO. 18:** Defendants object to this Request for the reasons set forth in the

General Objections. Defendants further object to this Request as overly broad and to the extent it seeks irrelevant information and documents and information not relevant to the party's claims or defenses. Defendants also object to the request as seeking confidential information. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents sufficient to identify the owners of Ecto World, LLC d/b/a Demand Vape, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:** *Documents sufficient to show the business relationship between Magellan Technology, Inc. and Ecto World, LLC, d/b/a Demand Vape.*

**RESPONSE NO. 19:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and to the extent it seeks irrelevant information and documents and information not relevant to the party's claims or defenses. Defendants further object to this Request as overly broad to the extent it seeks information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff. Defendants also object to the request as seeking confidential information. Defendants further object to this Request as duplicative of Request No. 8 of Plaintiff's First Set of Requests for Production of Documents. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:** *All documents showing ownership of Mahant*

*Krupa 56 LLC d/b/a Empire Vape Distributors by any person.*

**RESPONSE NO. 20:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants object to this Request to the extent it is included in the Requests to these Defendants as the Request specifically seeks documents related to the Empire Defendants. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:** *All documents showing any ownership interest by Mahant Krupa 56 LLC d/b/a Empire Vape Distributors, Nikunj Patel, and/or Devang Koya in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 21:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and to the extent it seeks irrelevant information and documents and information not relevant to the party's claims or defenses. Defendants also object to this Request to the extent it is included in the Requests to these Defendants as the Request specifically seeks documents related to the Empire Defendants. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:** *All documents showing any ownership interest by Matthew J. Glauser in any entity importing, selling, manufacturing, or distributing*

*flavored e-cigarettes and/or flavored vapor products.*

**RESPONSE NO. 22:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and to the extent it seeks irrelevant information and documents and information not relevant to the party's claims or defenses. Defendants further object to this Request to the extent it seeks documents or information relating to sales or brands of flavored e-cigarettes and/or flavored vapor products sold by the Defendants to customers located outside of New York City. Defendants also object to the Request as seeking confidential information. Defendants further object to this Request as cumulative and duplicative of Request No. 12 of Plaintiff's First Set of Requests for Production of Documents. Subject to and without waiving any objections:

Defendants will produce responsive, non-privileged documents sufficient to show any ownership interest by Matthew J. Glauser in any entity importing, selling, manufacturing, or distributing flavored e-cigarettes and/or flavored vapor products, to the extent that documents and things exist, that are within Defendants' possession, custody, or control, and are located after a reasonable search.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THOMPSON HINE LLP |
| Dated: September 18, 2024 | By:      /s/ Eric N. Heyer         |

Eric N. Heyer (admitted *pro hac vice*)
Joseph A. Smith (admitted *pro hac vice*)
James C. Fraser
Anna Stressenger (admitted *pro hac vice*)
1919 M Street, N.W., Suite 700
Washington, DC 20036
Phone: 202.331.8800
Fax: 202.331.8330
eric.heyer@thompsonhine.com
joe.smith@thompsonhine.com
anna.stressenger@thompsonhine.com


Richard De Palma
300 Madison Avenue
27th Floor
New York, NY 10017
Phone: 212.908.3969
Fax: 212.344.6101
richard.depalma@thompsonhine.com

*Counsel for Defendants Magellan Technology Inc. and Ecto World LLC d/b/a Demand Vape*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I served the forgoing Responses to Plaintiff's Second Requests for Production of Documents via email upon the following counsel of record:

Eric Proshansky, Esquire
Aatif Iqbal, Esquire
Alexandra Jung, Esquire
Elizabeth M. Slater, Esquire
Krista Ann Friedrich, Esquire
New York City Law Department
100 Church Street, Room 3-212
New York, New York 10007
aiqbal@law.nyc.gov
aljung@law.nyc.gov
eslater@law.nyc.gov
kfriedri@law.nyc.gov
eproshan@law.nyc.gov
*Attorneys for Plaintiff City of New York*

Mark Nelson Parry, Esquire
Barry S Zone, Esquire
Paul Madison Eckles, Esquire
Philippe Alain Zimmerman, Esquire
Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174-1299
mparry@mosessinger.com
bzone@mosessinger.com
peckles@mosessinger.com
pzimmerman@mosessinger.com
*Attorneys for Defendants Mahant Krupa 56 LLC, Devang Koya, and Nikunj Patel*

                                                  /s/ Eric N. Heyer
                                                  Eric N. Heyer