UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
THE CITY OF NEW YORK,

                              Plaintiff,

-against-

MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, d/b/a Empire, MATTHEW J. GLAUSER, DONALD HASHAGEN, MAHANT KRUPA 56 LLC d/b/a Empire Vape Distributors, NIKUNJ PATEL, DEVANG KOYA, STAR VAPE CORP., NABIL HASSEN, DORBES, LLC, d/b/a Empirevapeofficial.com, CHRISTIAN A. SMITH,

Civil Action No. 23-5880 (LLS)

                              Defendants.
------------------------------------------------------------------ x

**DEFENDANTS MAGELLAN TECHNOLOGY, INC., ECTO WORLD, LLC, D/B/A DEMAND VAPE, AND MATTHEW J. GLAUSER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF DOCUMENT REQUESTS**

       Defendants Magellan Technology, Inc. ("Magellan"), Ecto World, LLC, d/b/a Demand Vape ("Demand"), and Matthew J. Glauser ("Glauser," and together with Magellan and Demand, "Defendants") object and respond to Plaintiff The City of New York's (the "City") Third Set of Document Requests as follows:

**GENERAL OBJECTIONS**

       1.     Defendants object to the Requests, and the instructions and definitions therein, to the extent they impose any requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure or Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and any other relevant order, stipulation, or agreements among the parties.

       2.     Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is protected from discovery by attorney-client privilege, work-product doctrine, common-interest privilege, joint defense doctrine, and/or any other

applicable privilege or immunity. Nothing contained herein or in any response is intended to be, or in any way constitutes, a waiver of any applicable privilege. Any response containing privileged information is inadvertent and any inadvertent disclosure does not constitute a waiver of any privilege or other basis for objection to discovery, nor does it constitute a waiver of Defendants' right to object to the use of any such information that is inadvertently disclosed. Any objection based on privilege or immunity does not mean that such information or documents necessarily exist.

3. Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is not within the possession, custody, or control of Defendants.

4. Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendants and Plaintiff.

5. Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information that is cumulative or duplicative of information sought by other Requests.

6. Defendants object to the Requests to the extent they seek documents relating to information or sales outside of New York City. Defendants will limit their responses and potential production of documents to information related to New York City, as appropriate.

7. Defendants object to the Requests, and the instructions and definitions therein, to the extent they are overbroad, unduly burdensome, vague, ambiguous, and/or oppressive (e.g., to the extent they are unbounded as to time and/or seek the disclosure of "all," "each," or "any" information without clarification or limitation).

- 3 -

8.  Defendants object to the Requests, and the instructions and definitions therein, to the extent they seek information or disclosure of information that is the sensitive personal information or confidential information of, proprietary to, or the trade secret of, a Defendant, or a third party to whom Defendants owe a duty of confidentiality or is protected from disclosure by agreements between a Defendant and third parties, or by court or administrative agency order, law, or regulation. At minimum, Defendants will require the entry of a protective order prior to disclosing such information.

9.  Defendants reserve the right to supplement, amend, modify, clarify, and/or correct their responses to these Requests at any time, up to and including the time of trial or hearing.

10. Defendants reserve the right to assert additional objections to these Requests as appropriate, to supplement objections and responses, and produce additional documents and/or information.

11. A statement that Defendants will disclose or provide certain information or documents is not a representation that any such information or documents currently exist or existed in the past, or that Defendants possess non-privileged documents or information responsive to the specific request. Rather, it means only that Defendants will disclose or provide such information or documents to the extent they currently exist, are in Defendants' possession, custody, or control, and can be located after a reasonably diligent search in locations in which they are likely to be found.

12. The specific responses provided, as stated below, are subject to the foregoing general objections. Any specific objections stated in conjunction with specific responses are in addition to the general objections stated above.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** *All deposition transcripts received by You in the proceeding before the International Trade Commission entitled Certain Disposable Vaporizer Devices and Components and Packaging Thereof, Inv. No. 337-TA-1381, filed October 13, 2023 by R.J. Reynolds Tobacco Company and R.J. Reynolds Vapor Company of Winston-Salem, North Carolina (hereafter, the ITC Action").*

**RESPONSE NO. 1:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and irrelevant to any party's claims or defenses to the extent it seeks "[a]ll deposition transcripts" and to the extent it seeks deposition transcripts relating to parties to the subject ITC Action other than Defendants. Defendants also object to this request as seeking confidential business, trade secret, and proprietary information of Magellan, Demand, and third parties that is subject to a protective order issued by the International Trade Commission (Order No. 1 in the ITC Action) and the Commission's rules, including 19 C.F.R. § 210.5, that prohibit disclosure of such transcripts both to Defendants and by counsel for Defendants in the ITC Action to any other person, whether in this or in any other action, other than to persons subscribed to the protective order exclusively for purposes of the ITC Action. Defendants further object to this Request as overly broad, unduly burdensome, and not relevant to any party's claims or defenses to the extent it seeks deposition testimony or information relating to products sold by Defendants to customers located outside of New York City or any other information unrelated to sales by Defendants to customers located in New York City.

Defendants will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 2:** *All briefs, legal memoranda or other documents filed in the above-cited proceeding that contain Your legal argument or describing*

*Your contentions of law.*

**RESPONSE NO. 2:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad and irrelevant to any party's claims or defenses to the extent it seeks "[a]ll briefs, legal memoranda or other documents" and to the extent it seeks documents relating to, submitted by, or submitted by any Defendant in the ITC Action jointly with, other parties to the subject ITC Action. Defendants also object to this request as seeking confidential business, trade secret, and proprietary information of Magellan, Demand, and third parties that is subject to a protective order issued by the International Trade Commission (Order No. 1 in the ITC Action) and the Commission's rules, including 19 C.F.R. § 210.5, that prohibit disclosure of such documents both to Defendants and by counsel for Defendants in the ITC Action to any other person, whether in this or in any other action, other than to persons subscribed to the protective order exclusively for purposes of the ITC Action. Defendants further object to this Request as overly broad, unduly burdensome, and not relevant to any party's claims or defenses to the extent it seeks information relating to products sold by Defendants to customers located outside of New York City or any other information unrelated to sales by Defendants to customers located in New York City.

Defendants will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 3:** *All responses to discovery provided by You in the ITC Action, including all documents produced by You.*

**RESPONSE NO. 3:** Defendants object to this Request for the reasons set forth in the General Objections. Defendants further object to this Request as overly broad to the extent it seeks "[a]ll responses to discovery provided by You in the ITC Action, including all documents produced by You," and to the extent it seeks documents relating to, served by, or served by any Defendant

in the ITC Action jointly with, other parties to the subject ITC Action. Defendants also object to this request as seeking confidential business, trade secret, and proprietary information of Magellan, Demand, and third parties that is subject to a protective order issued by the International Trade Commission (Order No. 1 in the ITC Action) and the Commission's rules, including 19 C.F.R. § 210.5, that prohibit disclosure of such documents both to Defendants and by counsel for Defendants in the ITC Action to any other person, whether in this or in any other action, other than to persons subscribed to the protective order exclusively for purposes of the ITC Action. Defendants further object to this Request as overly broad, unduly burdensome, and not relevant to any party's claims or defenses to the extent it seeks information relating to products sold by Defendants to customers located outside of New York City or any other information unrelated to sales by Defendants to customers located in New York City.

      Defendants will meet and confer on this Request.

      Respectfully submitted,

      THOMPSON HINE LLP

Dated: January 9, 2025      By:      /s/ Eric N. Heyer
      Eric N. Heyer (admitted *pro hac vice*)
      Joseph A. Smith (admitted *pro hac vice*)
      James C. Fraser
      Krupa A. Patel
      1919 M Street, N.W., Suite 700
      Washington, DC 20036
      Phone: 202.331.8800
      Fax: 202.331.8330
      eric.heyer@thompsonhine.com
      joe.smith@thompsonhine.com
      Krupa.Patel@thompsonhine.com

Richard De Palma
300 Madison Avenue
27th Floor
New York, NY 10017
Phone: 212.908.3969
Fax: 212.344.6101
richard.depalma@thompsonhine.com

*Counsel for Defendants Magellan Technology Inc., Ecto World LLC d/b/a Demand Vape, and Matthew J. Glauser*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I served the forgoing Responses to Plaintiff's Second Requests for Production of Documents via email upon the following counsel of record:

    Eric Proshansky, Esquire
    Aatif Iqbal, Esquire
    Alexandra Jung, Esquire
    Elizabeth M. Slater, Esquire
    Krista Ann Friedrich, Esquire
    New York City Law Department
    100 Church Street, Room 3-212
    New York, New York 10007
    aiqbal@law.nyc.gov
    aljung@law.nyc.gov
    eslater@law.nyc.gov
    kfriedri@law.nyc.gov
    eproshan@law.nyc.gov
    *Attorneys for Plaintiff City of New York*

    Mark Nelson Parry, Esquire
    Barry S Zone, Esquire
    Paul Madison Eckles, Esquire
    Philippe Alain Zimmerman, Esquire
    Moses & Singer LLP
    405 Lexington Avenue
    New York, New York 10174-1299
    mparry@mosessinger.com
    bzone@mosessinger.com
    peckles@mosessinger.com
    pzimmerman@mosessinger.com
    *Attorneys for Defendants Mahant Krupa 56 LLC,*
    *Devang Koya, and Nikunj Patel*

                                                  /s/ Eric N. Heyer
                                                  Eric N. Heyer