

ATLANTA | CHICAGO | CINCINNATI | CLEVELAND
COLUMBUS | DAYTON | LOS ANGELES | MINNEAPOLIS
NEW YORK | SILICON VALLEY | WASHINGTON, D.C.

February 5, 2026

<u>**VIA CM/ECF**</u>

The Honorable Louis L. Stanton
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *The City of New York v. Magellan Technology, et al.*
              **No. 1:23-cv-05880 (LLS)**

      Magellan Technology, Inc. ("Magellan") and Ectoworld, LLC d/b/a Demand Vape ("Demand Vape" or "Demand") (collectively, "Defendants"), respectfully submit this opposition to Plaintiff the City of New York's ("the City") motion, ECF No. 172, seeking to compel documents and electronically stored information ("ESI") in response to certain of the City's Requests for Production.

      As a threshold matter, while Defendants dispute their relevance, and believe the City is engaged in an improper effort to enforce the FDCA, Defendants will produce communications they received from the FDA. Similarly, Defendants will also produce communications received from New York State and the documents they produced to the State in response to the State's subpoena.

      This leaves three remaining areas of dispute: (1) communications concerning sales of flavored e-cigarettes; (2) communications with foreign manufacturers and suppliers; and (3) documents from the International Trade Commission investigation captioned *Certain Disposable Vaporizer Devices and Components and Packaging Thereof*, Inv. No. 337-TA-1381. The documents sought within these categories are (i) generally irrelevant to the claims in this case and/or (ii) the requests are not proportional to the needs of the case, taking into account their limited relevance and the documents and information already produced by Defendants, as well as the burden placed on Defendants to collect and produce such documents and ESI.[1]

      Defendants have participated in discovery in good faith, having made multiple productions of documents showing their sales, shipments, purchases, customers, suppliers, products sold or

---

[1] The City cites to two other cases to suggest that Magellan and Demand Vape are taking the same position in other cases; however, neither Defendant is a party to those cases. Even if they were parties, the consistency of that position would suggest that they are asserting a good faith view as to the relevance, proportionality, and burden of such requests in light of the claims in those cases, documents being produced, and scope of such requests.

Joe.Smith@thompsonhine.com   Fax: 202.331.8330   Phone: 202.263.4145

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W., Suite 700
Washington, D.C. 20036

www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330



The Honorable Louis L. Stanton
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 5, 2026
Page 2

purchased, and the quantity of products sold or purchased. This includes spreadsheets and invoices generated directly from Defendants' enterprise resource-planning ("ERP") system that contain transaction-level data the City needs to calculate sales volumes, distribution channels, and shipment destinations. Likewise, Defendants have produced spreadsheets and purchase orders from which the City can determine the suppliers, products ordered, prices of products, and quantities of products ordered. Defendants have continued to update these productions to the extent additional transactions have occurred or have been identified to ensure that the City has complete records.

The City has also already twice deposed Demand Vape's corporate representative, and thus has been provided ample opportunity to obtain information on Demand Vape's sales, shipping, and suppliers. The City has also had opportunity to investigate Demand Vape's method of verifying whether, in Demand Vape's view, a customer is lawfully operating, which is whether or not the customer has the license required by its jurisdiction for its particular type of vapor product business. Demand Vape also has produced the licenses and registrations its customers have uploaded to Demand Vape's system as proof of their lawful operation.

In light of these productions, and for the reasons further detailed below, the City's motion to compel should be denied.

### A. Communications Concerning Sales of Flavored E-Cigarettes and with Foreign Manufacturers and Suppliers

The City's requests for communications concerning sales of flavored e-cigarettes and the City's stated grounds for relevance are addressed by documents already produced by Defendants. Demand Vape has already produced its sales and shipping records for New York City evidencing its customers, products sold, quantity of products sold, price of the products sold, and shipping methods. Likewise, Magellan, as Demand's sole supplier, has produced its purchase records from which the City can identify the suppliers of flavored e-cigarettes, the products purchased, the quantity of products purchased, and cost of such products. The City has also twice deposed Demand Vape's corporate witness, and had opportunity to depose Magellan's corporate representative while discovery was open—more than adequate opportunity to further investigate the areas that it claims make communications so relevant and necessary to warrant Defendants undertaking the unduly burdensome task of searching numerous employees' email accounts to produce information the City already possesses.

As to the City's requests for documents or communications with foreign manufacturers and distributors, Magellan has already produced purchase records from which the City can identify the



The Honorable Louis L. Stanton
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 5, 2026
Page 3

suppliers and vendors of any e-cigarettes purchased by Magellan, the products purchased, and the amount of e-cigarettes purchased. The City continues to fail to explain what information it expects to obtain from emails that it does not already have, or how any such other information would be relevant to its claims in this case, and how a company-wide search of emails would not be unduly burdensome or proportional given the needs of the case.[2]

Further, unlike the requests issued by Defendants, which were primarily targeted at communications with certain recipients, or limited to a particular topic such as the named Defendants, the City has issued generic requests, particularly the request for communications with foreign suppliers, that are overbroad on their face and could encompass any and every communication Defendants have ever had with a manufacturer or distributor.

The City essentially seeks to have Defendants conduct a "company-wide" email harvest without proposing search terms, custodians, or date limits. A producing party is not required to embark on an unguided, burden-heavy search; instead the requesting party must cooperate in defining a reasonable search protocol. *See* Fed. R. Civ. P. 26(b)(1) & 34(b)(2)(B). The request, as drafted, would encompass every communication, regardless of subject matter, relevance, or time period between Defendants and their overseas suppliers, including routine logistical, technical, and administrative correspondence unrelated to the City's claims or even the City of New York.

To date, the City has failed to offer a single suggested search term, or even identify what additional information it would expect to obtain from emails that it does not already possess, and the terms from the requests are so generic that it essentially seeks the entirety of any communications Defendants may have had with any foreign manufacturer without any limitation on scope as to relevance or topic. Given the nature of the City's requests, its generic demand for communications without identified custodians, or even search terms, a search of emails would result in tens or hundreds of thousands of irrelevant emails such as communications outside of and unrelated to New York City, routine customer inquiries, marketing newsletters, and spam.

Accordingly, the City's motion to compel communications generally, and specifically as to foreign suppliers and manufacturers, should be denied.

---

[2] While the City suggests emails may shed light on the knowledge of the alleged public nuisance Defendants and their suppliers "were creating" this is appears to be the first time this argument has been advanced by the City. It is unclear what relevance a supplier's knowledge has to claims against Demand and Magellan. Further, the City had two depositions to investigate any knowledge Demand Vape had as to any alleged public nuisance.



The Honorable Louis L. Stanton
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 5, 2026
Page 4

### B.  Documents and Transcripts Produced in *Certain Disposable Vaporizer Devices and Components and Packaging Thereof*, Inv. 337-TA-1381

As to the City's request for deposition transcripts and documents filed or produced in the *Certain Disposable Vaporizer Devices*, Inv. No. 337-TA-138 investigation before the International Trade Commission ("ITC"), the City has not explained the relevance of those documents to this case beyond conclusory assertions and hyper-attenuated theories of liability. Unlike this case, which relates to claims arising from Demand Vape's sales to businesses in New York City, the ITC matter related to alleged PACT Act violations nationally—meaning almost all of the discovery related to States and jurisdictions outside of New York City and the State of New York. This is particularly obvious given that Demand Vape did not file PACT Act registrations or reports with New York or New York City, as it has made clear in its briefings before this Court. It is unclear what, if any, relevance documents related to sales, shipments, or the PACT Act outside of New York and New York City have to the City's allegations. Further, Magellan has produced its purchase records that show its purchases from suppliers nationwide. Moreover, given that Defendants produced more than 45,000 documents in the ITC investigation, again the vast majority of which are unrelated to New York City or the State of New York, the City's demand that they produce all of these irrelevant and unrelated documents is not proportional to the needs of this case.

Moreover, to the extent the City is seeking documents produced by other parties, the Protective Order entered in the ITC investigation prohibits Defendants from disclosing such information absent written consent from all participating parties. This extends to not only discovery documents but also confidential filings. As the ITC groups respondents in an investigation as a single party, almost every filing with the ITC was a joint filing, including certain discovery responses, with information, input, and argument from other parties, including confidential information for other parties. The public versions of any filings--from which confidential information has been redacted--are publicly available and thus equally available to the City and Defendants. Violations of the Protective Order, attached as Exhibit A, are not taken lightly by the ITC, exposing Defendants to potential significant and serious sanctions, including criminal charges.

Accordingly, the City's motion to compel documents, filings, and deposition transcripts from the ITC investigation should be denied.



The Honorable Louis L. Stanton
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 5, 2026
Page 5

    Respectfully submitted,

    */s/ Joseph A. Smith*
    Eric N. Heyer (*admitted pro hac vice*)
    Joseph A. Smith (*admitted pro hac vice*)
    Anna Stressenger (*admitted pro hac vice*)
    Ryan D. Callinan
    THOMPSON HINE LLP
    1919 M Street, NW, Suite 700
    Washington, DC 20036
    Phone: 202.331.8800

    Richard De Palma
    THOMPSON HINE LLP
    300 Madison Avenue, 27th Floor
    New York, New York 10017
    Phone: 212.908.3969

    *Counsel for Magellan Technology, Inc. and Ectoworld, LLC d/b/a Demand Vape*



The Honorable Louis L. Stanton
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 5, 2026
Page 6

## CERTIFICATE OF SERVICE

    I hereby certify that on February 5, 2026, I caused to be served on counsel of record, electronically via the ECF, a true and correct copy of the foregoing Opposition.

                                                                                                                                                   /s/   Joseph A. Smith
                                                                                                                                                     Joseph A. Smith

cc:      All counsel of record (via ECF)