

# THE CITY OF NEW YORK
# LAW DEPARTMENT

**STEVEN BANKS**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

March 31, 2026

**By ECF**
The Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***The City of New York v. Magellan Technology, et al.*, Case No. 23-5880 (LLS)**

Dear Judge Stanton:

This office represents plaintiff the City of New York (the "City") in the above-referenced matter. Recently discovered material provides the City with a significant basis to supplement the briefing that addresses the City's motion to compel discovery from defendant Ecto World LLC, d/b/a/, Demand Vape ("Demand Vape") (*Dkt. No*s. 172, 173, 174).

Demand Vape has asserted its "good faith" participation in discovery. *Dkt. No*. 173 (Aug. 25, 2025 Ltr. Response). In fact, the opposite is true. Last week the City discovered a highly relevant document that Demand Vape has not produced to the City, in the form of an April 2024 presentation created by one Perry@DemandVape.com (the "Demand Vape Presentation") publicly posted on the "Prezi" internet website.[1] *See* Ex. A at p.28 (analyzing activity at https://demandvape.com/). The Demand Vape Presentation confirms that Demand Vape's assertions of "burden" or "lack of proportionality" as bases for the company to resist document production are completely spurious. The City requested production of the Presentation and related documents to which Demand Vape did not respond.

---

[1] Prezi is a website and software platform for making graphic presentations. Prezi's platform helps in the creation of presentations, pitch decks, reports, lessons, and other visual presentations for work, school, or personal use.

Demand Vape's failure to produce the Demand Vape Presentation demonstrates Demand Vape's flouting of its discovery obligations, not "good faith." Moreover, the information in the presentation itself thoroughly undercuts Demand Vape's "burden" assertions for resisting the City's discovery demands, which seek production of email communications between Demand Vape, its customers and its suppliers that are highly relevant, in particular to the City's public nuisance claim. Demand Vape has not produced even a single email, instead complaining of the "burden" of doing so (*Dkt. No.* 173 at 1) and asserting that he City seeks a "company-wide email harvest," (*Dkt. No.* 173 at 3) which in fact is what all email searches accomplish, through key-word searches. As already explained, Demand Vape has incorrectly characterized the specificity of the City's requests, *see Dkt. No.* 174 at 3, but the Demand Vape Presentation further establishes Demand Vape's claim of "burden" to be disingenuous.

The Presentation describes a sophisticated technology platform that organizes Demand Vape's business data providing "full visibility into account management," (*Ex.* A at 9), "Knowledge of accounts as it relates to core products and company," *id.*, "Transactional Sales data on accounts" (*Ex.* A at 11), a telephone system that "captures every inbound and outbound call," *id.*, "Company & Account Sales Tracking," "Previous Communications at fingertips," Email Performance Metrics," (*Ex.* A at 13), "Customer Relationship Data," including "Transactions" (*Ex.* A at 15), and "full visibility into account management, strategy and planning," (*Ex.* A at 19), including the ability to "Track Calls, Emails, SMS…" (*Ex.* A at 25). The presentation concludes by exhorting the reader to "Take this with you," emphasizing the public nature of the posting.

The Demand Vape Presentation also presents total sales and profit figures for Demand Vape, presumably as of April 2024, in the amount of $218,290,841 in sales, and $47,861,126 in profit, figures that represent increases of 55% and 63% respectively over the prior year to date. Demand Vape can easily afford the purported "burden" of pushing buttons needed to print out the discovery sought by the City which is already in Demand Vape's hands in organized form. The capabilities of Demand Vape's technologies articulated in Exhibit A, as well as the company's profits, make apparent that the issue of "burden" is a complete fabrication.

Given the lack of burden, and relevance of the documents sought, the City respectfully requests that its motion to compel be granted.

Thank you for your attention to this matter.

Respectfully submitted,

Eric Proshansky
Aatif Iqbal
Elizabeth Slater
Assistant Corporation Counsel