

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

<table>
<tr><td>**STEVEN BANKS**<br>*Corporation Counsel*</td><td>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007</td><td>**Eric Proshansky**<br>Assistant Corporation Counsel<br>212.356.2032<br>eproshan@law.nyc.gov</td></tr>
</table>

June 26, 2026

**By ECF**
The Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***The City of New York v. Magellan Technology, et al.*, Case No. 23-cv-5880 (LLS)**

Dear Judge Stanton:

This office represents plaintiff the City of New York (the "City") in the above-referenced matter. We write to update the Court on recent developments in the case *New York v. Puff Bar*, *et al.*, 25-cv-1445 (S.D.N.Y.), which are relevant to the City's pending motion to compel Defendants to produce discovery. *See* Dkt. Nos. 172, 173, 174.[1]

In *Puff Bar*, the State brought, *inter alia*, PACT Act and public nuisance claims against several vape distributors, including Demand Vape.[2] As has the City in this action, the State sought electronic communications from Demand Vape, including with "supply chain manufacturers, importers, customs brokers, trademark holders, delivery carriers and other distributors." *See* Mar. 30, 2026 Ltr., *New York v. Puff Bar*, 25-cv-1445 (S.D.N.Y. Mar. 30, 2026), Dkt. No. 131. On April 27, 2026, the Court ordered that all the defendants in that litigation "provide Plaintiffs with proposed search terms, custodians, and, as helpful, information about how their clients maintain documents." April 27, 2026 Order, *New York v. Puff Bar*, 25-cv-1445 (S.D.N.Y. April 4, 2026),

---

[1] The City submitted its motion on January 29, 2026, *see* Dkt. No. 172, and the motion was fully briefed on February 11, 2026, *see* Dkt. No. 174.

[2] The City brought a similar action against several of the same defendants, and Judge Garnett ordered that discovery be coordinated in the two actions. *See* Order, *City v. Puff Bar*, *et al.*, 25-cv-2950 (S.D.N.Y. Aug. 29, 2025), Dkt. No. 61.

Dkt. No. 155. To the City's knowledge, Demand Vape has provided the State with custodian names and search terms and intends to produce emails and text messages.

Accordingly, at least one court has found Demand Vape's arguments as to the relevance of e-mail and text message communication and the alleged burden in producing such communication wholly unpersuasive. Demand Vape's required production of custodian names and search terms to the State in *Puff Bar*, and its obligation to review ESI and produce communications should require it to perform the same process in this case.

Thank you for your attention to this matter.

Respectfully submitted,


*/s/ Eric Proshansky*
Eric Proshansky
Assistant Corporation Counsel

2